1 | DAVIS WRIGHT TREMAINE LLP
ALONZO WICKERS IV (State Bar No. 169454)
2 | alonzowickers@dwt.com
865 South Figueroa Street, 24th Floor
3 | Los Angeles, California 90017-2566
Telephone: (213) 633-6800/Fax: (213) 633-6899
4 |
DAVIS WRIGHT TREMAINE LLP
5 | ELIZABETH A. McNAMARA (*Of Counsel*)
elizabethmcnamara@dwt.com
6 | KEVAN CHOSET (*Of Counsel*)
kevanchoset@dwt.com
7 | 1633 Broadway, 27th Floor
New York, New York 10019
8 | Telephone: (212) 489-8230/Fax: (212) 489-8340

9 | Attorneys for Defendants
BAUER PUBLISHING COMPANY, L.P., BAUER
10 | MAGAZINE L.P., BAUER MEDIA GROUP, INC.,
BAUER, INC., HEINRICH BAUER NORTH
11 | AMERICA, INC. and MICHELLE LEE

FILED
CLERK, U.S. DISTRICT COURT

OCT 2 2 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DAVID V. BECKHAM, an individual, | Case No. **CV10-7980** (SS*) |
| Plaintiff, | |
| vs. | |
| BAUER PUBLISHING COMPANY, L.P., a Delaware limited partnership; BAUER MAGAZINE L.P., a Delaware limited partnership; BAUER MEDIA GROUP, INC., a Delaware corporation; BAUER, INC., a Delaware corporation; BAUER NORTH AMERICA, INC., a Delaware corporation; MICHELLE LEE, an individual; IRMA NICI, an individual; and DOES 1 through 50, inclusive, | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY)** |
| Defendants. | |
| IRMA NICI, an individual, | |
| Cross-Complainant, | |
| v. | |
| DAVID V. BECKHAM, an individual, | |
| Cross-Defendant. | |

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendants Bauer Publishing Company, L.P., Bauer Magazine L.P., Bauer Media Group, Inc., Bauer, Inc., and Heinrich Bauer North America, Inc.[1] (collectively "Bauer") and Michelle Lee ("Lee," with Bauer, collectively "the Bauer Defendants") hereby remove to this Court the state court action described below. Defendant Irma Nici consents to the removal.

In support of this Notice of Removal, the Bauer Defendants allege as follows:

1.     On or about September 24, 2010, plaintiff David V. Beckham ("Plaintiff") filed the above-entitled action as Civil Case No. SC109756 in the Superior Court of the State of California, County of Los Angeles ("State Court Action"). The Complaint alleges claims for libel, slander, and intentional infliction of emotional distress. A true and correct copy of the Complaint in the State Court Action is attached as Exhibit A.

2.     The Bauer Defendants were served with a copy of the Summons and Complaint in the State Court Action on September 27, 2010.

3.     Ms. Nici also has been served with a copy of the Summons and Complaint in the State Court Action. Through her counsel of record, Paul Rolf Jensen, Ms. Nici expressly has consented to this removal.

4.     The Bauer Defendants are not aware of the existence of or service of any "Doe" defendant; consequently, no further consent to removal is required. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984).

5.     On October 21, 2010, the Bauer Defendants filed an Answer to the Complaint in the State Court Action, a true and correct copy of which is attached hereto as Exhibit D.

---

[1] Heinrich Bauer North America, Inc. was incorrectly named in the Complaint as "Bauer North America, Inc."

NOTICE OF REMOVAL OF ACTION
DWT 15735278v3 0069628-000028

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

6.      This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a), and is one which may be removed to this Court under 28 U.S.C. § 1441(a), in that it is a civil action between citizens of different states and the matter in controversy is alleged to exceed the sum or value of $75,000, exclusive of interest and costs.  Because the State Court Action is pending in the Los Angeles County Superior Court, removal of the State Court Action to this District Court is proper under 28 U.S.C. §§ 1441(a), 1446(a).

## DIVERSITY OF CITIZENSHIP

7.      Plaintiff was at the time of filing of this action, and is now, a citizen of the State of California, residing in Los Angeles, California.  (*See* Ex. A [Complaint] at ¶ 2.)

8.      For purposes of determining citizenship of a corporation, a corporation is deemed a citizen of any state in which it has been incorporated and the state where it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).  Defendant Bauer Publishing Company, L.P. was at the time of the filing of this action, and still is, a limited liability partnership organized under the laws of the State of New Jersey.  Defendant Bauer Magazine L.P. was at the time of the filing of this action, and still is, a limited liability partnership organized under the laws of the State of Delaware.  Defendant Bauer Media Group, Inc. was at the time of the filing of this action, and still is, a corporation incorporated under the laws of the State of Delaware.  Defendant Bauer, Inc. was at the time of the filing of this action, and still is, a corporation incorporated under the laws of the State of Delaware.  Defendant Heinrich Bauer North America, Inc. was at the time of the filing of this action, and still is, a corporation incorporated under the laws of the State of Delaware.  As the Supreme Court has recently held, a corporation's principal place of business is where "the corporation's high level officers direct, control, and coordinate the corporation's activities.  Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' ... [T]he 'nerve

NOTICE OF REMOVAL OF ACTION
DWT 15735278v3 0069628-000028

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

center' will typically be found at a corporation's headquarters." *The Hertz Corp. v. Friend*, 559 U.S. ---, 130 S. Ct. 1181, 1186 (Feb. 23, 2010) (internal citations omitted). Bauer maintains its principal offices in the State of New Jersey, and Bauer's high-level officers direct, control and coordinate the operations of Bauer primarily from Bauer's offices in New Jersey. Accordingly, for purposes of jurisdiction under 28 U.S. § 1332(a), Bauer may be considered a citizen of Delaware and New Jersey. Bauer is not now nor was it at the time of filing a citizen of the State of California; Bauer's high level officers do not direct, control and coordinate the operations of Defendant from California.

9.  Defendant Lee was at the time of filing of this action, and is now, a citizen of the State of New Jersey, residing in Tenafly, New Jersey.

10.  Defendant Nici was at the time of filing of this action, and is now, a citizen of the State of New York, residing in New York, New York.

11.  For the reasons set forth above, there is complete diversity between the parties for purposes of removal.

## AMOUNT IN CONTROVERSY

12.  With respect to the amount in controversy, the threshold amount is satisfied in this action. In measuring the amount in controversy for purposes of diversity jurisdiction, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quotations omitted). In addition, the Court should aggregate damages in determining whether the amount in controversy exceeds $75,000. *See Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F. 2d 489, 491 (9th Cir. 1972) ("aggregation is permitted when a single plaintiff seeks to aggregate two or more of his own claims against a single defendant") (internal quotations omitted).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

13.     Certain allegations, separately and together, sufficiently satisfy the amount in controversy requirement and confirm that Plaintiff is seeking in excess of $75,000.

14.     The Complaint prays for more than $25,000,000 in compensatory damages. (*See* Ex. A [Complaint] at Prayer, ¶ 1.) This allegation alone is more than sufficient to satisfy the amount-in-controversy requirement. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 590 (1938) (the amount in controversy is determined from the allegations or prayer of the complaint). Plaintiff also seeks to recover punitive damages. (*See* Ex. A [Complaint] at ¶¶ 35, 42, and 48, and Prayer at ¶ 3.) "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

15.     Thus, based on the nature of Plaintiff's allegations and the relief sought by Plaintiff in the Complaint – including damages "not less than $25 million" – it is apparent that the amount in controversy exceeds $75,000.

### VENUE

16.     Venue is proper in this District under 28 U.S.C. § 1391(a)(2) because Plaintiff is a resident of this District and because Plaintiff alleges that the injuries that he purportedly suffered were intended to be inflicted, and were inflicted, in this District. (*See* Ex. A [Complaint] at ¶ 11.)

### STATE COURT FILE

17.     The following constitutes all of the processes, pleadings, or orders served upon or by the Bauer Defendants at the time of the filing of this removal.[2] True and correct copies of the following documents are attached to this Notice:

---

[2] The state court file was not made available by the court in a timely manner in order for the Bauer Defendants to be able to provide all processes, pleadings, or orders contained in the file. Accordingly, the Bauer Defendants are only able to provide the Court with the processes, pleadings, or orders which have been served upon them or by them at the time of this filing pursuant to 28 U.S.C. § 1446(a).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

NOTICE OF REMOVAL OF ACTION
DWT 15735278v3 0069628-000028

1    Ex. A.      Complaint

2    Ex. B.      Summons

3    Ex. C.      Civil Case Cover Sheet, and Civil Case Cover Sheet

4                Addendum and Statement of Location

5    Ex. D.      Answer to Complaint filed by Bauer Defendants

6        18.    Concurrently with the filing of this Notice, the Bauer Defendants have

7    provided written notice of removal to all adverse parties and have filed a copy of

8    this Notice of Removal with the Clerk of the Los Angeles County Superior Court.

9        Based on the foregoing, the Bauer Defendants, with the consent of Ms. Nici,

10   hereby remove this action from the Los Angeles County Superior Court to this

11   Court, and request that further proceedings be conducted in this Court as provided

12   by law.

13

14   DATED:  October 22, 2010         DAVIS WRIGHT TREMAINE LLP
                                      ALONZO WICKERS IV
15
                                      ELIZABETH A. McNAMARA (*Of Counsel*)
16                                    KEVAN CHOSET (*Of Counsel*)

17

18                                    By: _____
                                          Alonzo Wickers IV
19

20                                    Attorneys for Defendants
                                      BAUER PUBLISHING COMPANY, L.P.,
21                                    BAUER MAGAZINE L.P., BAUER MEDIA
                                      GROUP, INC., BAUER, INC., HEINRICH
22                                    BAUER NORTH AMERICA, INC. and
                                      MICHELLE LEE
23

24

25

26

27

28

---

NOTICE OF REMOVAL OF ACTION
DWT 15735278v3 0069628-000028

5

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT A

Bert H. Deixler, State Bar No. 070614
2049 Century Park East
Suite 3200
Los Angeles, California 90067-3206
Telephone:     (310) 284-5663
Facsimile:     (310) 557-2193

Attorney for Plaintiff
David V. Beckham

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

SEP 2 4 2010

John A. Clarke, Executive Officer/Clerk
By  A. WILLIAMS
DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| DAVID V. BECKHAM, an individual, | Case No.  SC109756 |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | 1. **LIBEL** |
| BAUER PUBLISHING COMPANY, L.P., a Delaware limited partnership; BAUER MAGAZINE L.P., a Delaware limited partnership; BAUER MEDIA GROUP, INC., a Delaware corporation; BAUER, INC., a Delaware corporation; BAUER NORTH AMERICA, INC., a Delaware corporation; MICHELLE LEE, an individual; IRMA NICI, an individual; and DOES 1 through 50, inclusive, | 2. **SLANDER** |
| | 3. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |
| | **JURY TRIAL DEMANDED** |
| Defendants. | |

CASE MANAGEMENT CONFERENCE

JAN 1 5 2011
Date

John H. Reid    Dept. F  830am

COMPLAINT

EXHIBIT A

Plaintiff David V. Beckham ("Beckham") alleges:

## SUMMARY OF ALLEGATIONS

1.    This case arises from defendants' publication of lies to make money for themselves and to embarrass and inflict emotional distress upon Beckham, a world-famous athlete. The Bauer defendants and defendant Michelle Lee were expressly told in advance that the story they proposed to run in the celebrity gossip magazine *In Touch Weekly* was false. Nevertheless, they ran the story, deciding to worry later about the size of the damages award a jury will impose. A copy of the letter from Beckham's counsel to the Editor of *In Touch Weekly* is attached hereto as Exhibit A. The time has now come for these defendants to answer in court for their lies.

## PARTIES, JURISDICTION AND VENUE

2.    Beckham is, and at all relevant times was, an individual residing in the County of Los Angeles, California.

3.    Upon information and belief, defendant Bauer Publishing Company, L.P. is, and at all relevant times was, a Delaware limited partnership with its principal place of business in Englewood Cliffs, New Jersey, and engaged in business in the County of Los Angeles, California.

4.    Upon information and belief, defendant Bauer Magazine, L.P. is, and at all relevant times was, a Delaware limited partnership with its principal place of business in Englewood Cliffs, New Jersey, and engaged in business in the County of Los Angeles, California.

5.    Upon information and belief, Bauer Media Group, Inc. is, and at all relevant times was, a Delaware corporation with its principal place of business in New York, New York. Bauer Media Group, Inc. also maintains an office and does business in the County of Los Angeles, California.

6.    Upon information and belief, defendant Bauer, Inc. is, and at all relevant times was, Delaware corporation with its principal place of business in Englewood Cliffs, New Jersey, and engaged in business in the County of Los Angeles, California.

7.    Upon information and belief, defendant Heinrich Bauer North America, Inc. is, and at all relevant times was, a Delaware corporation with its principal place of business in New York, New York, and engaged in business in the County of Los Angeles, California.

1
COMPLAINT

8.      The Bauer defendants own, control, and/or publish *In Touch Weekly* and caused it to be distributed in Los Angeles County.  Copies of the offending Article were offered for purchase and purchased in the Western District of the Los Angeles County Superior Court.

9.      Defendant Michelle Lee ("Lee") is, upon information and belief, an individual residing in the State of New York.  Upon information and belief, Lee is, at all times mentioned herein was, employed as Executive Editor of *In Touch Weekly*.

10.     Defendant Irma Nici ("Nici") is, upon information and belief, an individual residing in the State of New York.  Upon information and belief, the Bauer defendants paid Nici for her false statements.

11.     Venue is proper in the Western District of the Los Angeles County Superior Court because the injuries alleged herein were intended to be inflicted, and were inflicted, in that district.

12.     Also sued as Does 1 through 50 are the writers, photographers, editors, distributors, retailers and other involved in the publication and distribution of the Article.  Plaintiff is ignorant of the true names and capacity of defendants sued as Does 1-50, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

13.     Plaintiff is informed and believes that each defendant is, and at all relevant times was, the agent of the other defendants in performing the acts alleged herein.  Plaintiff is further informed and believes that each defendant has pursued a common course of conduct and aided and abetted one another to accomplish the acts alleged and each therefore is legally responsible for the acts of the other.

## FACTS COMMON TO ALL CAUSES OF ACTION

14.     On or before September 23, 2010, an article entitled "David's Dangerous Betrayal" (the "Article") was published in *In Touch Weekly*'s October 4, 2010 issue.  A copy of the Article is attached hereto as Exhibit B.

15.     The Article described in graphic detail a series of lies attributed to Nici, a self-described former prostitute, including that she had an affair with Beckham in 2007.  The Article purports to state as fact Nici's false and unprivileged statement that Beckham committed adultery

<div align="center">2</div>
<div align="center">COMPLAINT</div>

1    with her by paying for sex with her and another alleged prostitute.

2       16.    The Article contains the following false and defamatory statements of and

3    concerning Beckham including; among others:

4          David is yet another high-profile star to be caught cheating on his

5          wife .... Irma Nici, a former high class call girl, claims she's slept

6          with the world's most famous soccer star five time and spills every

7          dirty detail of their affair.

8          ...

9          Irma claims that after agreeing on a price for several hours of sex,

10         David gave Irma $5,000 in cash, which he retrieved from an

11         envelope in the hotel room safe.  Then, at David's request, Irma took

12         a shower ....  She changed into black lingerie and they began to

13         make out "passionately" on the bed, Irma reveals.

14         ...

15         The two spent the next hour engaged in steamy foreplay. ... After

16         approximately an hour, Irma says she "whipped out" a condom and

17         the two had sex for 15 minutes ....

18         ...

19         Irma ordered room service and suggested that they invite another

20         escort to join them.  David agreed ....

21         ...

22         When the brunette arrived, Irma told her to take a shower and then

23         the two engaged in a girl-on-girl show for David.

24         ...

25         After the other girl left, David asked Irma to stay the night and after

26         agreeing on a total price of $10,000, they took a bath together. ...

27         [T]hey slept together one more time.

28         ...

<div align="center">3<br>COMPLAINT</div>

1     David and Irma met up again at the Claridge's hotel in London

2     about a month later .... Irma claims he paid her about $5,000 for 90

3     minutes of what she characterizes as "stress reliever stress."

4     17.     The Article refers to Beckham by name throughout, was made of and concerning

5 Beckham, and was so understood by those who read the Article.

6     18.     The statements about Beckham were falsely, maliciously, and intentionally

7 published by defendants and were known by defendants to be false at the time they were made.

8 Defendants published the statements with actual malice and with the intent to profit by causing

9 harm to Beckham.

10     19.     Defendant Nici has attempted to capitalize on the publicity her lies have

11 engendered by establishing her own Web site at http://irmanici.com/home. A screen shot of her

12 Web site is attached hereto as Exhibit C.

13     20.     Nici makes false and defamatory statements of and concerning Beckham on her

14 Web site, including that "she had worked as an escort seeing David Beckham. Outed by a former

15 friend, Irma decided to come clean about her past and tell her story – her way."

16     21.     Nici's malicious intent to profit from spreading lies about Beckham is clear from

17 the face of her Web page: "If your [sic] a media outlet and interested in purchasing Irma's photos

18 please e-mail us at contact@irmanici.com."

19     22.     The Article and Nici's Web site are publicly available. The defamatory statements

20 have been viewed by and communicated to, and were intended to be communicated to, an

21 unknown number of people, including in the Western District of the Los Angeles County Superior

22 Court and throughout the United States and the world.

23     23.     The defamatory statements, including that Beckham committed adultery and the

24 crime of soliciting prostitution, have been reproduced in numerous other publications and Web

25 sites. Defendants have actively encouraged this republication of the Article, in whole or in part,

26 and the false and defamatory statements contained therein.

27     24.     The defamatory statements about Beckham are libelous and slanderous on their

28 face. These statements falsely accuse Beckham of criminal and adulterous activity. The

<div align="center">4</div>
<div align="center">COMPLAINT</div>

1   defamatory statements expose Beckham to hatred, contempt, ridicule and obloquy because they

2   inaccurately portray Beckham as an unfaithful husband who put his and his wife's health at risk by

3   engaging in sexual acts with prostitutes.

4       25.    The defamatory statements about Beckham have caused him great mental anguish

5   and emotional distress.

6       26.    The defamatory statements about Beckham have damaged his reputation and

7   caused him additional damage in the form of the cost of responding to the defamatory statements

8   and protecting his reputation from further damage.

9       27.    The defamatory statements about Beckham have adversely affected him in his

10   professional life as a professional athlete, endorser, and charity spokesperson. Upon information

11   and belief, Beckham has suffered a loss of future earning capacity due to the damage to his

12   reputation and a loss of future opportunity for high-profile charitable work.

13                        **FIRST CAUSE OF ACTION**

14                               **FOR LIBEL**

15             **(Against All Defendants Including Does 1-50)**

16       28.    Plaintiff incorporates by reference herein paragraphs 1 through 27, inclusive, as

17   though set forth in full.

18       29.    Defendants are responsible for making defamatory statements in writing

19   concerning Beckham in the Article and on the Internet in various forms, including Nici's personal

20   Web site.

21       30.    The Article and Nici's Web site contain defamatory statements falsely portraying

22   Beckham as having engaged in immoral and criminal acts by soliciting prostitutes for extramarital

23   affairs.

24       31.    Defendants made the defamatory statements available in print and on the Internet to

25   millions of people worldwide, including in the State of California. Defendants encouraged the

26   republication of the defamatory statements, in whole or in part, by additional third party media

27   outlets.

28

<div align="center">5</div>
<div align="center">COMPLAINT</div>

1    32.    Defendants published the defamatory statements with knowledge of their falsity.

2  Defendants acted with the malicious intent to profit by causing Beckham harm and at all times

3  acted with reckless disregard for the truth.

4    33.    Defendants' actions have caused Beckham emotional distress, mental anguish, and

5  economic harm, including damage to his reputation and professional life.

6    34.    As a proximate result of defendants' conduct, Beckham has been damaged in an

7  amount to be proved at trial, but not less than $25 million.

8    35.    In doing the acts alleged herein, defendants acted with oppression, fraud, and

9  malice, and Beckham is entitled to exemplary damages.

10                    **SECOND CAUSE OF ACTION**

11                        **FOR SLANDER**

12                **(Against Defendant Nici and Does 1-50)**

13   36.    Plaintiff incorporates by reference herein paragraphs 1 through 35, inclusive, as

14  though set forth in full.

15   37.    Nici made defamatory oral statements specifically identifying Beckham. Those

16  statements are the subject of the Article.

17   38.    Nici's defamatory statements falsely portray Beckham as having engaged in

18  immoral and criminal acts by soliciting prostitutes for extramarital affairs.

19   39.    Nici made her defamatory statements to representatives of *In Touch Weekly* with

20  the intent that they be republished in the Article and made available to millions of people

21  worldwide in print and over the Internet. Nici has encouraged the republication of her defamatory

22  statements, including through the launch of her personal Web site.

23   40.    Nici made her defamatory statements with knowledge of their falsity and with the

24  malicious intent to profit by causing harm to Beckham.

25   41.    As a proximate result of Nici's conduct, Beckham has suffered damage to his

26  reputation, emotional distress, and other economic harm in an amount to be proved at trial, but not

27  less than $25 million.

28

---

6

COMPLAINT

1    42.   In doing the acts alleged herein, Nici acted with oppression, fraud, and malice, and

2    Beckham is entitled to exemplary damages.

3    **THIRD CAUSE OF ACTION**

4    **FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

5    **(Against All Defendants Including Does 1-50)**

6    43.   Plaintiff incorporates by reference herein paragraphs 1 through 42, inclusive, as

7    though set forth in full.

8    44.   Defendants made and distributed the defamatory statements about Beckham,

9    including that he committed adultery and the crime of soliciting prostitutes, and caused them to be

10   published and distributed in print and on the Internet to millions of people worldwide.

11   45.   Defendants made the defamatory statements with knowledge of their falsity and

12   with the intent to profit from causing Beckham economic and emotional harm and with a reckless

13   disregard for the truth.

14   46.   Defendants' graphic depiction of fictitious events in the Article exceeds the bounds

15   of decency.

16   47.   Defendants' worldwide publication of the defamatory statements has damaged

17   Beckham's reputation and caused him additional economic harm.  Defendants' actions have also

18   caused Beckham to suffer severe mental anguish and emotional distress.

19   48.   In doing the acts alleged herein, defendants acted with oppression, fraud, and

20   malice, and Beckham is entitled to exemplary damages.

21   WHEREFORE, Beckham prays judgment against Defendants, and each of them, as

22   follows:

23   1.   For damages in an amount to be determined at trial, but not less than $25 million;

24   2.   For a preliminary and permanent injunction prohibiting defendants from

25   distributing the Article and publishing the defamatory statements contained therein;

26   3.   For exemplary and punitive damages;

27   4.   For attorneys' fees and costs incurred herein; and

28

7

COMPLAINT

5.      For such other and further relief as this Court deems just and proper.

Dated:  September 24, 2010



_____
                                   Bert H. Deixler

Attorney for Plaintiff
David V. Beckham

7642/56274-001
Current/20517812

8
COMPLAINT

# EXHIBIT A

**Proskauer»** Proskauer Rose LLP  2049 Century Park East, 32nd Floor  Los Angeles, CA 90067-3206

September 20, 2010

Bert H. Deixler
Member of the Firm
d 310.284.5963
f 310.557.2193
bdeixler@proskauer.com
www.proskauer.com

The Editor
In Touch Magazine
Bauer Publishing Group
270 Sylvan Avenue
Englewood Cliffs, N.J. 07632

Dear Madam:

We are California litigation counsel for David Beckham. We have been engaged in connection with your most recent threat to publish knowingly false allegations about Mr. Beckham. That this most recent foray into publication of falsity follows so closely upon your July 2010 threat to publish a different lie about Mr. Beckham alone will establish constitutional and punitive damages malice under California law.

Let me make it clear. The story you propose to run about Mr. Beckham and a prostitute is a lie. The allegations are unequivocally denied and if published will lead to a round of international libel litigation which will end in an enormous damages award against In Touch magazine, its publisher and the author of the libel.

Once again I urge you in the strongest possible terms not to bring these lawsuits upon yourself. Mr. Beckham is prepared to take swift and sure legal action to obtain redress. All rights, worldwide, are herby reserved.

Very truly yours,

Bert H. Deixler

BHD:ldf

# EXHIBIT B



cover story

"He wanted the GFE — Girlfriend Experience. It's more intimate."
— David's escort, Irma Nici

# David
# dangerous

**David Beckham acts like a loving family man, but he's hiding a secret life of hookers and unsafe sex**

O n the surface, their marriage seems picture-perfect. In a steamy new ad for their latest his-and-hers fragrances — called Intimately Yours by David and Victoria Beckham — the couple known as Posh and Becks are seen making out in an elevator, looking as in love with each other as ever. The couple may appear to be passionate, but their 11-year marriage has not always been so smooth.

In fact, *In Touch* can now report that, like Jesse James and Tiger Woods, David, 35, is yet another high-profile star to be caught cheating on his wife. In a worldwide exclusive interview with *In Touch*, Irma Nici, a former high-class

26 IN TOUCH OCTOBER 4, 2010



*Exclusive* interview

**BOSNIAN BOMBSHELL**
Based in New York and London, Irma, a former high-class callgirl, first hooked up with David at Midtown NYC hotel Le Parker Meridien.

# betrayal

**THEY MET SECRETLY**
David's junior suite was "nothing special. I mean I even sure it was his room because I didn't see his clothes or personal things there," Irma says

call girl, claims she's slept with the world's most famous soccer star five times and spills every dirty detail of their affair. "It was a high," Irma, 26, tells *In Touch*. "All of these women dream of being with him, and I got to hook up with him. It was very exciting."

David's rep vehemently denies these claims, calling this story a complete

fabrication and a total pack of lies. Irma, whose professional name was "Aubrey," claims that after being set up through a mutual friend who is a stylist, David called her in August 2007 — when he was playing a soccer game in New York. "As soon as he said his name was David, it occurred to me that it might be David Beckham

because he has a very squeaky voice, like Mickey Mouse." Irma says she agreed to meet him at Manhattan's Le Parker Meridien hotel, and as soon as he opened the door of his suite — dressed in jeans and a tank top, his hair still damp from the shower — she recognized him immediately. "David is a very big deal in the ▶

OCTOBER 4, 2010 IN TOUCH 27

19



cover story

**DAVID IN ACTION**
David played the New York Red Bulls on August 18, 2007.

**SHE SAW THE SPICE GIRLS**
Irma caught their reunion show in England with some pals on December 17, 2007.

# The call girl harbors no hard feelings

Only a few nights after their New York meeting, Irma attended David's soccer game, against the New York Red Bulls, in the company of another client. Several months after their second meeting,

she went to see the Spice Girls' reunion at London's O2 arena with her boyfriend, his friend and a girlfriend. "I love the Spice Girls, but I liked Ginger Spice best," she says. "She was hot." Though Irma

has nothing against Posh, 36, she does believe after talking to David that Victoria "pressured" him to move to the U.S. "He said he didn't like playing with amateurs." Irma tells *In Touch*.

U.K., where I grew up," says Irma. "They are crazy about soccer."

Even though David is not her "type," Irma says she was "nervous" and he was "shy." To put each other at ease, David put on a movie and they spent the first 90 minutes making small talk — Victoria even came up in the conversation. "He didn't seem upbeat," Irma reveals. "I don't think he enjoyed his first few months in the United States." David and Victoria had left London earlier that year so that he could play for the LA Galaxy and she could pursue her dreams of stardom in the U.S. But her television special, *Victoria Beckham: Coming to America*, had debuted to dismal ratings in July, only one month before. "I think he felt pressured by Victoria to move here," Irma recalls. "I can see why he'd be unhappy."

**A steamy threesome**

Irma claims that after agreeing on a price for several hours of sex, David gave Irma $5,000 in cash, which he

retrieved from an envelope in the hotel room safe. Then, at David's request, Irma took a shower: "He's a little weird, a little OCD — he even put the TV's remote controls in order." She changed into black lingerie and they

> *"David wasn't pushy. He was a gentleman."*
> — Irma Nici

began to make out "passionately" on the bed, Irma reveals. "I normally don't kiss, but I thought, 'Why not?' In my mind, I was like, 'Oh my God, I am kissing David Beckham.' I couldn't wait to text my friends."

The two spent the next hour engaged in steamy foreplay. "I gave him oral with no condom, which I usually don't do, but he was very clean

and groomed. Then he did it to me. I was having fun." After approximately an hour, Irma says she "whipped out" a condom and the two had sex for 15 minutes, but it was "nothing freaky," she remembers. "He was very gentle and kind." On a scale of 1 to 10, Irma rates David a 7½ as a lover. "He knew what he was doing," she admits, "but I faked my orgasms."

After their first sexual encounter, they both showered again. But their time together, Irma claims, was nowhere near done. Instead, Irma ordered room service and suggested that they invite another escort to join them. David agreed, and Irma called former "Manhattan Madam" Kristin Davis to request an "all-natural brunette." When approached by *In Touch*, Kristin — a current New York gubernatorial candidate who became famous in 2008 thanks to her involvement with ex-New York Gov. Eliot Spitzer's scandal — confirmed Irma's account. "Irma called me and asked if I could supply one ▶



**FALSE ADVERTISING**
Irma suspects that David's privates are Photoshopped, though the six-pack is real.

# "I WASN'T IMPRESSED"

Irma admired David's lean body — "He doesn't have an ounce of fat" — but wasn't overwhelmed when he took it all off. "I have seen a lot and I've seen bigger," she says. "It was still nice, though, and he knew how to use it. But he is hornier in the morning than at night." Shockingly, Irma thinks another soccer star is hotter. "David is very lean — but he is no [Cristiano] Ronaldo," she tells *In Touch* about the sexy Brazilian.

**SHE HAS CHANGED**
In 1997, Posh had meat on her bones, but she looked thinner this year on September 10.

# He misses Victoria's curves

*Buxom Irma thinks David liked his wife's body better when she was a Spice Girl*

She's become progressively thinner since she first found fame as Posh Spice, and Irma says that David told her he preferred the Victoria's old body. "He was saying that he liked her body more before," she says. David also revealed to Irma that he is "more of a butt man than a breast man." But Irma doesn't prefer David's body, either, and has her eyes on another famous man. "I keep dreaming about [President Barack] Obama! He is just so smooth."

OCTOBER 4, 2010  IN TOUCH  29

CLOCKWISE FROM TOP LEFT: FILOPRESS/LANDOV; JASON SQUIRES/WIREIMAGE; WENN; FACTO/PRESS BY GROSH/AKM; GETTY IMAGES; JOHN SPELLMAN/RETNA LTD.



*cover story*

# He told me he wants more kids

*three may not be enough for the soccer star*

David already has three adorable sons with Victoria: Brooklyn, 11, Cruz, 5, and Romeo, 8, are cute, but David confided to Irma that he'd like to have even more. "He really loves kids. He asked me if I had children, too," she says.

of my girls for a threesome," she says in a statement. "Per her request, I sent a 'brunette with curves' at the rate of $2,400 cash. The next time we spoke, she informed me that the client was David Beckham."

When the brunette arrived, Irma told her to take a shower and then the two engaged in a girl-on-girl show for

not wish to be named, tells *In Touch*. "I was a nervous wreck, and Irma is very outgoing and very bubbly." After the other girl left, David asked Irma to stay the night and after agreeing on a total price of $10,000, they took a bath together. Later — after another sex session — she fell asleep with her head on his chest. "I felt very

experience was brief and less intimate. "He seemed sad — his dad was sick or something, and he was very upset." (David's father had a heart attack in late September 2007.) Irma claims he paid her about $5,000 for 90 minutes of what she characterizes as "stress-reliever sex. It was blasé." Irma says David called her one more time, in October, but as she was in London and he was in New York, they didn't hook up. Then she changed her phone number, so they never spoke again.

Irma, who's out of the prostitution business, doesn't feel guilty about sleeping with Victoria's husband. "It's a business," she says. "Then I'd have to feel bad for all of the wives." But she has a special place in her heart for David. "We had great chemistry. I've seen quite a few high-profile people. He isn't full of himself. He's a really nice guy." But after cheating on his wife and putting her in danger, will Victoria ever be able to forgive him?

## "I could tell he wanted me to leave when it was over."

*—Irma Nici*

David. "He asked if we had sex toys," Irma says, "but we didn't. So I took a banana from the fruit bowl and masturbated with that while the other girl was touching me." Irma recalls that David used lotion from the hotel bathroom to pleasure himself. "It was perfumed, so it kind of burned him!"

David really wasn't into the brunette and only had sex with her for three or four minutes before turning back to Irma. "He felt more comfortable with Irma," the brunette, who does

comfortable with him," Irma admits. When they awoke, David was "frisky," and they slept together one more time. "The sex in the morning was the best," she says. After a messenger arrived with another $5,000, they kissed goodbye. "I was happy, and he was happy."

They had a real "connection" David and Irma met up again at the Claridge's hotel in London about a month later, but she admits that the

COVER PHOTOGRAPHY BY: SARA DE BOER/RETNA LTD; COVER INSETS FROM TOP: JACKSON LEE/SPLASH NEWS; KEVIN MCCOY/WIREIMAGE FOR SAMSUNG; JOHN RUSSO; HAIR & MAKEUP LILY ZAMBIANI; ANDREW REID PHOTOGRAPHY.



## REBECCA WAS SMITTEN

His former assistant, left, was charmed after becoming David's personal aide.

# IS POSH IN DENIAL?

*This may not have been the first time David has strayed — but Victoria has always stood by him in the past*

In 2004, the Beckhams were plagued by rumors that David had slept with a beautician named Danielle Heath; the same year, news of David's alleged dalliance with his former assistant Rebecca Loos broke worldwide. But David has consistently denied the affairs, and Victoria's faith in her husband seems unshakable. "There have been bumps in the road," she's said, "but the fact is that we've come out of everything we've been through stronger and happier." With these new claims, it may finally be Victoria's breaking point.

# The Madam speaks out



Former "Manhattan Madam" Kristin Davis, who is running for governor of New York, went to jail for her part in former New York Gov. Eliot Spitzer's dalliance with prostitute Ashley Dupre. But Kristin tells *In Touch* in a statement, "Since my arrest, I have not disclosed any of my client details, and I continue to be dedicated to confidentiality, with the exception of Eliot Spitzer. I no longer have any connection whatsoever to this industry. I am dedicating myself to being an advocate for the decriminalization of prostitution so we can drive the sex traffickers and those who exploit women out of business. But this is Irma's story, and it is hers to tell."



WHAT WILL THE
# CO-HOSTS
## SAY ABOUT
# THIS?

# THE VIEW

## Weekdays
## 11a/10a pt/c

abc

abc.com/theview

# EXHIBIT C

site map     contact



## Welcome to the website of Irma Nici

 Irma Nici exploded into the mainstream in September 2010 when In Touch exposed that she had worked as an escort seeing David Beckham. Outed by a former friend, Irma decided to come clean about her past and tell her story- her way.

Irma was one of the top girls for Manhattan Madam, Kristin Davis, who is rumored to have the biggest black book in history, and has seen an A-list roster of clients including many celebrities and political figures.

Sorry we are currently having issues with our system. If your a media outlet and interested in purchasing Irma's photos please email us at contact@irmanici.com

CONTACT US:
XSquared Management
Click Here to Contact Irma's Management

25

CASE NO. _____ SC109756 _____

## *NOTICE OF CASE ASSIGNMENT TO INDIVIDUAL CALENDAR COURT*

TO PLAINTIFFS AND PLAINTIFFS' ATTORNEYS OF RECORD or PLAINTIFFS IN PRO PER:

IT IS HEREBY ORDERED AND YOU ARE HEREBY NOTIFIED that this action shall be assigned to a Judge for all purposes, including trial, as follows:

_____ John H. Reid _____          Department: ____ F ____

☒    Santa Monica Courthouse          ☐    Judge Richard A. Stone
      1725 Main Street                          Beverly Hills Courthouse
      Santa Monica, CA 90401                   Department WE-X
                                               9355 Burton Way
                                               Beverly Hills, CA 90210

IT IS FURTHER ORDERED THAT PLAINTIFF OR COUNSEL FOR PLAINTIFF SHALL GIVE NOTICE OF THIS ALL-PURPOSE CASE ASSIGNMENT by serving a copy of this Notice on all parties to this action at the time the Summons and Complaint are served, or, if not a served party, then when such party (including any cross-defendant or complainant-in-intervention) appears in the action.

CASE MANAGEMENT REVIEW AND CONFERENCE: Upon the filing of the Complaint, a Case Management Review and Conference will be calendared for hearing in the Court to which the case is assigned. The hearing date will be stamped upon the face of the Complaint. Plaintiff shall give notice of the Case Management Review and Conference to all named parties in conjunction with service of the Summons and Complaint and include any later appearing party such as a cross-defendant or complainant-in-intervention served within this time period. Proof of service must be brought to the hearing if not previously filed. Failure to timely file proof of service of Summons and Complaint within 60 days after filing the Complaint (CRC 3.110) may result in an Order to Show Cause re sanctions being issued. (CRC 3.110(f).)

If a case is assigned to Department X, located in the Beverly Hills Courthouse, all documents, pleadings, motions, and papers filed subsequent to the original Complaint shall be filed directly in the courtroom stamped upon the Complaint.

-1-

**TIME STANDARDS:**  Cases will be subject to processing under the following time standards:

**COMPLAINTS:**  All Complaints shall be served on all named defendants and proof of service filed within 60 days after the filing of the Complaint. The Court may set an OSC re failure to file proof of service of Summons and Complaint if not timely filed. (CRC 3.110(b).)

**CROSS-COMPLAINTS:** No Cross-Complaint may be filed by any party after its answer is filed without first obtaining leave of court. Cross-Complaints shall be served and proof of service filed within 30 days of the filing date, unless a party has appeared in the action. (CRC 3.110(c).)

**APPLICABLE RULES:**  Counsel as well as self-represented parties are directed to familiarize themselves with the Local Rules for the County of Los Angeles, particularly Chapter 7 (Trial Court Delay Reduction), Chapter 8 (Civil Trial Procedure), Chapter 9 (Civil Law and Motion), and California Rules of Court relating to civil case management. These Rules apply to all general civil cases and shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE:**  A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment of the Judge, or if a party has not yet appeared, within 15 days of the first appearance of that party.  (Government Code Section 68616, subdivision (i); Local Rule 7.5.)

**PREPARATION AND PROCEDURES FOR CASE MANAGEMENT REVIEW AND CONFERENCE:** Pursuant to CRC 3.724, no later than 30 calendar days before the date set for the Case Management Conference, the parties must meet and confer, in person or by telephone, to consider each of the issues identified in Rule 3.727 and, in addition, to consider the following:

(1) Resolving any discovery disputes and setting a discovery schedule;

(2) Identifying and, if possible, informally resolving any anticipated motions;

(3) Identifying the facts and issues in the case that are uncontested and may be the subject of stipulation;

(4) Identifying the facts and issues in the case that are in dispute;

(5) Determining whether the issues in the case can be narrowed by eliminating any claims or defenses by means of a motion or otherwise;

(6) Determining whether settlement is possible;

(7) Identifying the dates on which all parties and their attorneys are available or not available for trial, including the reasons for unavailability; and

(8) Other relevant matters.

-2-

Pursuant to CRC 3.725, no later than 15 calendar days before the date set for the Case Management Conference or Review, each party must file a Case Management Statement and serve it on all other parties in the case. In lieu of each party's filing a separate Case Management Statement, any two or more parties may file a joint Statement.

The subjects to be considered at the Case Management Conference shall include the following (CRC Rule 3.727):

(1)   Whether there are any related cases;

(2)   Whether all parties named in the Complaint or Cross-Complaint have been served, have appeared, or have been dismissed;

(3)   Whether any additional parties may be added or the pleadings may be amended;

(4)   Whether, if the case is a limited civil case, the economic litigation procedures under Code of Civil Procedure Section 90 et seq. will apply to it or the party intends to bring a motion to exempt the case from these procedures;

(5)   Whether any other matters (e.g., the bankruptcy of a party) may affect the Court's jurisdiction or processing of the case;

(6)   Whether the parties have stipulated to, or the case should be referred to, judicial arbitration in courts having a judicial arbitration program or to any other form of alternative dispute resolution (ADR) process and, if so, the date by which the judicial arbitration or other ADR process must be completed;

(7)   Whether an early settlement conference should be scheduled and, if so, on what date;

(8)   Whether discovery has been completed and, if not, the date by which it will be completed;

(9)   What discovery issues are anticipated;

(10)   Whether the case should be bifurcated or a hearing should be set for a motion to bifurcate under Code of Civil Procedure Section 598;

(11)   Whether there are any Cross-Complaints that are not ready to be set for trial and, if so, whether they should be severed;

(12)   Whether the case is entitled to any statutory preference and, if so, the statute granting the preference;

(13)   Whether a jury trial is demanded and, if so, the identity of each party requesting a jury trial;

-3-

(14)   If the trial date has not been previously set, the date by which the case will be ready for trial and the available trial dates;

(15)   The estimated length of trial;

(16)   The nature of the injuries;

(17)   The amount of damages, including any special or punitive damages;

(18)   Any additional relief sought;

(19)   Whether there are any insurance coverage issues that may affect the resolution of the case; and

(20)   Any other matters that should be considered by the Court or addressed in its Case Management Order.

SANCTIONS:  The Court has authority to impose appropriate sanctions for the failure or refusal to comply with provisions of the California Rules of Court and Local Rules governing time standards and case management conference requirements or deadlines.  Such sanctions may be imposed upon counsel, a party, or both, as permitted by rule, statute, or law.

**This is not a complete representation of the applicable Local Rules or California Rules of Court, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under the Trial Court Delay Reduction Rules.  Careful reading and compliance with the Local Rules and California Rules of Court are absolutely imperative.**

GERALD ROSENBERG, Supervising Judge
Los Angeles Superior Court, West District

ADMIN/LM - 12/1/09

-4-

29

| NAME, ADDRESS AND PHONE NUMBER OF ATTORNEYS | FILE STAMP |
|---|---|
| Attorney(s) for: | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | CASE NUMBER |
|---|---|
| PLAINTIFF(S). | |
| vs. | STIPULATION AND ORDER RE BINDING ARBITRATION |
| DEFENDANT(S). | Status Conference Date: At_____ a.m. in Department_____ . |

**THE PARTIES SHOULD CONSIDER BINDING ARBITRATION. BINDING ARBITRATION PROVIDES FINALITY AND ELIMINATES COURT APPEARANCES. THE ARBITRATION IS PROVIDED AT NO COST TO THE PARTIES. IF THIS STIPULATION IS SIGNED AND FILED DIRECTLY IN THE ABOVE DEPARTMENT, FIVE COURT DAYS PRIOR TO THE DATE SET FOR THE STATUS CONFERENCE, NO APPEARANCE IS REQUIRED AT THE STATUS CONFERENCE.**

The parties and their attorneys, hereby stipulate as follows:

1. The matter shall be submitted to binding arbitration and the parties waive their right to a trial de novo as provided in California Code of Civil Procedure, Section 1141.20.

2. _____, a member of The Superior Court Arbitration panel, shall serve as arbitrator.

3. All cross complaints have been filed.

4. All fictitious and named defendants/cross-defendants who have not filed an answer are dismissed.

5. The court retains jurisdiction over motions to enforce the arbitration award and other post-arbitration motions.

Executed this_____ day of_____ , 20__ .

_____          _____
Plaintiff                        Attorney for Plaintiff

_____          _____
Defendant                        Attorney for Defendant

### ORDER

It is so ordered:

DATE:_____          JUDGE_____

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate**
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate**
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding arbitration* means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate**
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate**
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate**
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate**
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (05-09)
LASC Approved

Page 1 of 2

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:

- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):

- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:

- **Mediation**
- **Settlement Conference**

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

| | |
|---|---|
| **Party Select Panel** | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Random Select Panel** | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Private Neutral** | The market rate for private neutrals can range from $300-$1,000 per hour. |

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8585 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)668-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-8130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7328 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program

A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office.

LAADR 005 (05-09)
LASC Approved

Page 2 of 2

32

# EXHIBIT B

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

SEP 2 4 2010

John A. Clarke, Executive Officer/Clerk

By A. WILLIAMS
DEPUTY

**NOTICE TO DEFENDANT:** BAUER PUBLISHING COMPANY, LP, a
*(AVISO AL DEMANDADO):* Delaware limited partnership;
BAUER MAGAZINE LP, a Delaware limited partnership;
BAUER MEDIA GROUP, INC., a Delaware corporation;
BAUER, INC., a Delaware corporation; BAUER NORTH
AMERICA, INC., a Delaware corporation; MICHELLE LEE,
an individual; IRMA NICI, an individual; and DOES 1
through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** DAVID V. BECKHAM, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Los Angeles County Superior Court<br>1725 Main St.<br>Santa Monica, CA 90401 | CASE NUMBER:<br>*(Número del Caso):*<br>**SC109756** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Bert H. Deixler (SBN 70614)      310-284-5663      310-557-2193
2049 Century Park East
Suite 3200
Los Angeles, CA 90067-3208

DATE: SEP 2 4 2010 JOHN A. CLARKE      Clerk, by A. William, Deputy
*(Fecha)*      *(Secretario)*      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)      [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership)      [ ] CCP 416.90 (authorized person)
       [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

COPY

EXHIBIT B

33

# EXHIBIT C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|

Bert H. Deixler
State Bar No. 70614
2049 Century Park East
Suite 3200
Los Angeles, CA 90067-3206
TELEPHONE NO.: 310-284-5663    FAX NO.: 310-557-2193
ATTORNEY FOR (Name): Plaintiff David V. Beckham

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

SEP 24 2010

John A. Clarke, Executive Officer/Clerk
By A. WILLIAMS, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 1725 Main St.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Monica, CA 90401
BRANCH NAME: West - Santa Monica

CASE NAME: BECKHAM v. BAUER PUBLISHING

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: SC109756 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: John H. Reid DEPT: |

Items 1–5 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[X] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence           f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): Libel, Slander, Intentional Infliction of Emotional Distress
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date:

Bert H. Deixler
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration

Legal Solutions
Plus

COPY

EXHIBIT C

34

| SHORT TITLE: BECKHAM v. BAUER PUBLISHING | CASE NUMBER SC109756 |
|---|---|

SC109756

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES   CLASS ACTION? [ ] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL [ ] HOURS/ [5] DAYS

**Item II.** Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (See Column C below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | [ ] A6070 Asbestos Property Damage | 2. |
| | | [ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | [ ] A7240 Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | [ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | [ ] A7270 Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | [ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | [ ] A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | [ ] A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | [X] A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] A6013 Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**



LASC, rule 2.0
Page 1 of 4
LA-481

COPY

| SHORT TITLE: BECKHAM v. BAUER PUBLISHING | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels ______ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer | Unlawful Detainer - Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer - Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer - Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

| SHORT TITLE: BECKHAM v. BAUER PUBLISHING | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ / Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 9. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 8. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

| SHORT TITLE: BECKHAM v. BAUER PUBLISHING | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: |
|---|---|
| ☐1. ☐2. ☒3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | Beverly Hills, CA 90210 |

| CITY:<br>Beverly Hills | STATE:<br>CA | ZIP CODE:<br>90210 | |
|---|---|---|---|

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Los Angeles County Superior</u> courthouse in the <u>West</u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>September 24, 2010</u>

(SIGNATURE OF ATTORNEY/FILING PARTY)

Bert H. Deixler

### PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)  
LASC Approved 03-04

### CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

LASC, rule 2.0  
Page 4 of 4

# EXHIBIT D

1  DAVIS WRIGHT TREMAINE LLP
   ALONZO WICKERS IV (State Bar No. 169454)
2  alonzowickers@dwt.com
   865 South Figueroa Street, 24th Floor
3  Los Angeles, California 90017-2566
   Telephone: (213) 633-6800/Fax: (213) 633-6899
4
   DAVIS WRIGHT TREMAINE LLP
5  ELIZABETH A. McNAMARA (*Of Counsel*)
   elizabethmcnamara@dwt.com
6  KEVAN CHOSET (*Of Counsel*)
   kevanchoset@dwt.com
7  1633 Broadway, 27th Floor
   New York, New York 10019
8  Telephone: (212) 489-8230/Fax: (212) 489-8340
9  Attorneys for Defendants
   BAUER PUBLISHING COMPANY, L.P., BAUER MAGAZINE
10 L.P., BAUER MEDIA GROUP, INC., BAUER, INC., HEINRICH
   BAUER NORTH AMERICA, INC. and MICHELLE LEE
11

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 21 2010

John A. Clarke, Executive Officer/Clerk

By Jennifer Denham, Deputy

12            SUPERIOR COURT OF THE STATE OF CALIFORNIA

13            FOR THE COUNTY OF LOS ANGELES – WEST DISTRICT

14 DAVID V. BECKHAM, an individual,        ) Case No. SC109756
                                           ) Assigned to the Hon. John H. Reid,
15            Plaintiff,                    ) Dept. F
                                           )
16      vs.                                 ) **THE BAUER DEFENDANTS' ANSWER**
                                           ) **TO PLAINTIFF'S UNVERIFIED**
17 BAUER PUBLISHING COMPANY, L.P.,          ) **COMPLAINT**
   a Delaware limited partnership; BAUER    )
18 MAGAZINE L.P., a Delaware limited        ) Action Filed: September 24, 2010
   partnership; BAUER MEDIA GROUP, INC.,    )
19 a Delaware corporation; BAUER, INC., a   )
   Delaware corporation; BAUER NORTH        )
20 AMERICA, INC., a Delaware corporation;   )
   MICHELLE LEE, an individual; IRMA NICI,  )
21 an individual; and DOES 1 through 50,    )
   inclusive,                               )
22                                          )
              Defendants.                   )
23 _____  )
   IRMA NICI, an individual,                )
24                                          )
              Cross-Complainant,            )
25                                          )
        v.                                  )
26                                          )
   DAVID V. BECKHAM, an individual,         )
27                                          )
              Cross-Defendant.              )
28 _____  )

                                    EXHIBIT D

ANSWER TO COMPLAINT
DWT 15826551v2 0069628-000028

1    Defendants Bauer Publishing Company, L.P., Bauer Magazine L.P., Bauer Media Group,

2    Inc., Bauer, Inc., Heinrich Bauer North America, Inc.[1] and Michelle Lee (the "Bauer

3    Defendants") hereby respond to the unverified Complaint of plaintiff and cross-defendant David

4    V. Beckham ("Plaintiff"):

5                                          **GENERAL DENIAL**

6         Pursuant to Code of Civil Procedure § 431.30(d), the Bauer Defendants, on behalf of

7    themselves and no others, generally deny each and every allegation contained in the Complaint,

8    and further deny that Plaintiff is entitled to any equitable or legal relief against the Bauer

9    Defendants on any ground whatsoever.

10                       **SEPARATE AND ADDITIONAL DEFENSES**

11        The Bauer Defendants allege the following separate and additional defenses.  By alleging

12   these separate and additional defenses, the Bauer Defendants are not in any way conceding that

13   they bear the burden of proof or persuasion on any of these issues.  The Bauer Defendants reserve

14   the right to supplement, amend, or modify these separate and additional defenses, as appropriate,

15   based on information obtained during the course of this litigation.

16                     **FIRST SEPARATE AND ADDITIONAL DEFENSE**

17        1.    The Complaint fails to state facts sufficient to constitute a cause of action against

18   the Bauer Defendants.

19                    **SECOND SEPARATE AND ADDITIONAL DEFENSE**

20        2.    Plaintiff's claims against the Bauer Defendants arise from the Bauer Defendants'

21   acts in furtherance of their free speech rights in connection with a public issue or an issue of

22   public interest, and thus fall within the scope of Code of Civil Procedure § 425.16.  Because

23   Plaintiff cannot present competent and admissible evidence establishing a probability that he will

24   prevail on any of his causes of action, those causes of action must be stricken pursuant to Section

25

26

27        [1] In his Complaint, Plaintiff incorrectly refers to defendant Heinrich Bauer North America,

28   Inc. as "Bauer North America Inc."

---

ANSWER TO COMPLAINT
DWT 15826551v2 0069628-000028

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

425.16, and the Bauer Defendants must be awarded their attorneys' fees and costs incurred in defending this action.

### THIRD SEPARATE AND ADDITIONAL DEFENSE

3. Plaintiff's claims for relief against the Bauer Defendants are barred by the First and Fourteenth Amendments to the United States Constitution and Article I, Section 2 of the California Constitution.

### FOURTH SEPARATE AND ADDITIONAL DEFENSE

4. The allegedly defamatory statements in the Bauer Defendants' article are true or substantially true, and thus cannot give rise to any claim against the Bauer Defendants.

### FIFTH SEPARATE AND ADDITIONAL DEFENSE

5. Some or all of the allegedly defamatory statements complained of by Plaintiff do not assert verifiably false facts, and/or constitute rhetorical hyperbole or subjective statements of opinion, and thus cannot give rise to any claim against the Bauer Defendants.

### SIXTH SEPARATE AND ADDITIONAL DEFENSE

6. Plaintiff's causes of action are barred in whole or in part by the incremental harm doctrine.

### SEVENTH SEPARATE AND ADDITIONAL DEFENSE

7. Plaintiff's causes of action are barred in whole or in part by the libel-proof plaintiff doctrine.

### EIGHTH SEPARATE AND ADDITIONAL DEFENSE

8. The allegedly defamatory statements in the Bauer Defendants' article were published without the degree of fault required by the First and Fourteenth Amendments to the United States Constitution and Article I, Section 2 of the California Constitution, and thus cannot give rise to any claim against the Bauer Defendants.

### NINTH SEPARATE AND ADDITIONAL DEFENSE

9. The allegedly defamatory statements complained of by Plaintiff cannot provide a basis for any recovery by Plaintiff because he is a public figure and the Bauer Defendants did not act with actual malice.

ANSWER TO COMPLAINT
DWT 15826551v2 0069628-000028

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## TENTH SEPARATE AND ADDITIONAL DEFENSE

10. The allegedly defamatory statements complained of by Plaintiff are protected by the doctrine of fair comment, and therefore cannot provide a basis for any recovery by Plaintiff.

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

11. Plaintiff's claims for relief against the Bauer Defendants are barred by the doctrine of neutral reportage.

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE

12. Plaintiff's claims for relief against the Bauer Defendants are barred, in whole or in part, because the damages allegedly suffered by Plaintiff, if any, were not proximately caused by the Bauer Defendants.

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

13. Plaintiff's claims for relief against the Bauer Defendants are barred, in whole or in part, because of Plaintiff's failure to mitigate his alleged damages, if any.

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

14. Plaintiff's claims for relief against the Bauer Defendants are barred, in whole or in part, because any damages allegedly suffered by Plaintiff were the result, in whole or in part, of Plaintiff's own legal fault, and any recovery by Plaintiff should be reduced in proportion to Plaintiff's fault.

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

15. Plaintiff's claims for relief against the Bauer Defendants are barred, in whole or in part, because any damages allegedly suffered by Plaintiff were either wholly or in part the legal fault of persons, firms, corporations, or entities other than the Bauer Defendants, and that legal fault reduces the percentage of responsibility, if any, which is to be borne by the Bauer Defendants.

ANSWER TO COMPLAINT
DWT 15826551v2 0069628-000028

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

16.    Plaintiff's claims against the Bauer Defendants are barred, in whole or in part, because he cannot prove that he has suffered any compensable damage as a result of any actionable statement published by the Bauer Defendants.

### SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

17.    Plaintiff's claims against the Bauer Defendants are barred, in whole or in part, because any award of damages would unjustly enrich Plaintiff.

### EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

18.    Plaintiff's claims against the Bauer Defendants are barred, in whole or in part, because Plaintiff's damages, if any, are vague, uncertain, and speculative.

### NINETEENTH SEPARATE AND ADDITIONAL DEFENSE

19.    Plaintiff's claims for relief against the Bauer Defendants are barred, in whole or in part, because Plaintiff did not demand a correction in accordance with the requirements of Civil Code § 48a. Accordingly, Plaintiff is prohibited from recovering any damages against the Bauer Defendants, except special damages, as a result of the Bauer Defendants' publication of the allegedly defamatory statements at issue.

### TWENTIETH SEPARATE AND ADDITIONAL DEFENSE

20.    Plaintiff's claims for relief against the Bauer Defendants are barred, in whole or in part, because Plaintiff has not pleaded special damages with sufficient particularity.

### TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

21.    Plaintiff's claim for intentional infliction of emotional distress against the Bauer Defendants is barred because that claim is duplicative of his claim for libel.

### TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

22.    Plaintiff's claim for intentional infliction of emotional distress against the Bauer Defendants is barred by the same defenses that bar his libel claim.

ANSWER TO COMPLAINT
DWT 15826551v2 0069628-000028

4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

23. Plaintiff's claims for relief against the Bauer Defendants are barred, in whole or in part, because Plaintiff has failed to state a claim upon which punitive damages can be awarded against the Bauer Defendants.

## TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

24. Plaintiff is not entitled to recover punitive damages because the statements complained of in the Complaint involve a matter of public concern and no statement was made with actual malice.

## TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

25. The Complaint, to the extent that it seeks punitive damages against the Bauer Defendants, violates the Bauer Defendants' right to procedural and substantive due process under the Fourteenth Amendment to the United States Constitution and Article I, Section 7 of the California Constitution because, among other things, of the vagueness and uncertainty of the criteria for the imposition of punitive damages and the lack of fair notice of what conduct will result in the imposition of such damages. Therefore, Plaintiff cannot recover punitive damages against the Bauer Defendants in this case.

## TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

26. The Complaint, to the extent that it seeks punitive damages against the Bauer Defendants, violates the Bauer Defendants' right to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the California Constitution because, among other things, there is no legitimate state interest in punishing the Bauer Defendants' allegedly unlawful conduct at issue here, or in deterring its possible repetition. Therefore, Plaintiff cannot recover punitive damages against the Bauer Defendants in this case.

## TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

27. The Complaint, to the extent that it seeks punitive damages against the Bauer Defendants, violates the Bauer Defendants' right to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of

ANSWER TO COMPLAINT
DWT 15826551v2 0069628-000028

5

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

—44—

1 the California Constitution because, among other things, the alleged wrongful conduct at issue

2 here is not sufficiently reprehensible to warrant any punitive damage recovery. Therefore,

3 Plaintiff cannot recover punitive damages against the Bauer Defendants in this case.

### TWENTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE

5     28.     The Complaint, to the extent that it seeks punitive damages against the Bauer

6 Defendants, violates the Bauer Defendants' right to procedural and substantive due process under

7 the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of

8 the California Constitution because, among other things, any punitive damage award would be

9 grossly out of proportion to the alleged wrongful conduct at issue. Therefore, Plaintiff cannot

10 recover punitive damages against the Bauer Defendants in this case.

### TWENTY-NINTH SEPARATE AND ADDITIONAL DEFENSE

12     29.     To the extent that the Complaint seeks punitive damages against the Bauer

13 Defendants, it violates the Bauer Defendants' right to protection from "excessive fines" under

14 Article I, Section 17 of the California Constitution, and it violates the Bauer Defendants' right to

15 substantive due process as provided in the Fifth and Fourteenth Amendments to the United States

16 Constitution and Article I, Section 7 of the California Constitution. To the extent that the

17 Complaint seeks punitive damages authorized under Civil Code § 3294 or any other California

18 law, no punitive damages may constitutionally be awarded because that statute is unconstitutional

19 under the Fifth and Fourteenth Amendments to the United States Constitution and Article I,

20 Section 7 and Article IV, Section 16 of the California Constitution because neither it, nor any

21 other law of California, establishes the maximum punitive damages award which may be imposed

22 in this case. Therefore, Plaintiff cannot recover punitive damages against the Bauer Defendants in

23 this case.

### THIRTIETH SEPARATE AND ADDITIONAL DEFENSE

25     30.     The imposition of punitive damages against the Bauer Defendants would deny

26 equal protection of the laws, in violation of the Fifth and Fourteenth Amendments to the United

27 States Constitution and Article I, Section 7 and Article IV, Section 16 of the California

28 Constitution. Therefore, Plaintiff cannot recover punitive damages against the Bauer Defendants.

---

ANSWER TO COMPLAINT
DWT 15826551v2 0069628-000028

6

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

-45-

## THIRTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

31. Plaintiff's claims against the Bauer Defendants are barred, in whole or in part, by the doctrine of waiver.

## THIRTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

32. Plaintiff's claims against the Bauer Defendants are barred, in whole or in part, by the doctrine of estoppel.

## THIRTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

33. Plaintiff's claims against the Bauer Defendants are barred, in whole or in part, by the doctrine of unclean hands.

THEREFORE, the Bauer Defendants pray for judgment as follows:

1. That Plaintiff take nothing by this action;

2. That judgment be entered in favor of the Bauer Defendants and against Plaintiff;

3. That the Bauer Defendants recovers their costs and attorneys' fees in this action; and

4. For such other relief as the Court deems just and proper.

DATED: October 21, 2010

DAVIS WRIGHT TREMAINE LLP
ALONZO WICKERS IV

ELIZABETH A. McNAMARA (Of Counsel)
KEVAN CHOSET (Of Counsel)

By: _Alonzo Wickers IV_
      Alonzo Wickers IV

Attorneys for Defendants
BAUER PUBLISHING COMPANY, L.P.,
BAUER MAGAZINE L.P., BAUER MEDIA
GROUP, INC., BAUER, INC., HEINRICH
BAUER NORTH AMERICA, INC. and
MICHELLE LEE

ANSWER TO COMPLAINT
DWT 15826551v2 0069628-000028

7

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

-46-

## PROOF OF SERVICE BY MAIL

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On October 21, 2010, I served the foregoing document(s) described as:

- **THE BAUER DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

| | |
|---|---|
| Bert H. Deixler, Esq.<br>Proskauer<br>2049 Century Park East, Suite 3200<br>Los Angeles, CA 90067-3206<br>Tel: (310) 284-5663; Fax: (310) 557-2193 | Attorney for Plaintiff and Cross-Defendant David V. Beckham |
| Richard B. Kendall, Esq.<br>Philip M. Kelly, Esq.<br>Joshua Y. Karp, Esq.<br>Kendall Brill & Klieger, LLP<br>10100 Santa Monica Blvd., Suite 1725<br>Los Angeles, CA 90067<br>Tel: (310) 556-2700; Fax: (310) 556-2705 | Attorneys for Plaintiff and Cross-Defendant David V. Beckham |
| Paul Rolf Jensen, Esq.<br>Jensen & Associate, APC<br>650 Town Center Drive, Twelfth Floor<br>Costa Mesa, CA 92626<br>Tel: (714) 662-5527; Fax: (714) 708-2321 | Attorneys for Defendant/Cross-Complainant Irma Nici |

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on October 21, 2010, at Los Angeles, California.

☑   State   I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

CAROLINA P. SOLANO
Print Name

*Carolina Solano*
Signature

PROOF OF SERVICE
DWT 15830261v1 0069628-000028

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (215) 633-6899

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Manuel Real and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV10- 7980 R (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

Unless otherwise ordered, the United States District Judge assigned to this case will hear and determine all discovery related motions.

===================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐ ) | DEFENDANTS |
|---|---|
| David V. Beckham | Bauer Publishing Company, L.P., Bauer Magazine L.P., Bauer Media Group, Inc., Bauer, Inc., Bauer North America, et al. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| See Attachment 1 | Alonzo Wickers IV (SBN 169454) Davis Wright Tremaine LLP 865 S. Figueroa Street, Ste. 2400 Los Angeles, CA 90017 (213) 633-2800 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No     ☐ **MONEY DEMANDED IN COMPLAINT: $** > $75,000.

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Libel, slander, and intentional infliction of emotional distress.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: CV10-7980

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

| CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|
| | | CCD-JS44 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No [ ] Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)    [ ] A. Arise from the same or closely related transactions, happenings, or events; or

                                 [ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

                                 [ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

                                 [ ] D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| See Attachment 2 | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.

Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Each claim arose in Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** *Alonzo Wickers IV*      Date October 22, 2010

                                     Alonzo Wickers IV

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# CIVIL COVER SHEET

## ATTACHMENT 1

1 (b). PLAINTIFFS ATTORNEY(S):

Richard B. Kendall, Esq.
Kendall Brill Klieger LLP
10100 Santa Monica Boulevard, Suite 1725
Los Angeles, California 90067

Bert H. Deixler, Esq.
Proskauer Rose LLP
2049 Century Park East, Suite 3200
Los Angeles, California 90067

## ATTACHMENT 2

IX (b). VENUE:

Bauer Publishing Company, L.P. - State of New Jersey
Bauer Magazine L.P. - State of Delaware.
Bauer Media Group, Inc. - State of Delaware.
Bauer, Inc. - State of Delaware
Bauer North America, Inc. - State of Delaware
Michelle Lee – State of New Jersey
Irma Nici - State of New York