DAVIS WRIGHT TREMAINE LLP
ALONZO WICKERS IV (State Bar No. 169454)
 alonzowickers@dwt.com
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800/Fax: (213) 633-6899

DAVIS WRIGHT TREMAINE LLP
ELIZABETH A. McNAMARA
 lizmcnamara@dwt.com
KEVAN CHOSET
 kevanchoset@dwt.com
1633 Broadway, 27th Floor
New York, New York 10019
Telephone: (212) 489-8230/Fax: (212) 489-8340

Attorneys for Defendants
BAUER PUBLISHING COMPANY, L.P., BAUER
MAGAZINE L.P., BAUER MEDIA GROUP, INC.,
BAUER, INC., HEINRICH BAUER NORTH AMERICA,
INC. and MICHELLE LEE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DAVID V. BECKHAM, an individual,

Plaintiff,

vs.

BAUER PUBLISHING COMPANY, L.P., a Delaware limited partnership; BAUER MAGAZINE L.P., a Delaware limited partnership; BAUER MEDIA GROUP, INC., a Delaware corporation; BAUER, INC., a Delaware corporation; BAUER NORTH AMERICA, INC., a Delaware corporation; MICHELLE LEE, an individual; IRMA NICI, an individual; and DOES 1 through 50, inclusive,

Defendants.

IRMA NICI, an individual,

Cross-Complainant,

v.

DAVID V. BECKHAM, an individual,

Cross-Defendant.

Case No. **CV10-7980-R (SSx)**

**DEFENDANTS BAUER PUBLISHING COMPANY, L.P., BAUER MAGAZINE L.P., BAUER MEDIA GROUP, INC., BAUER INC., HEINRICH BAUER NORTH AMERICA, INC. AND MICHELLE LEE'S NOTICE OF MOTION AND MOTION TO RECOVER ATTORNEYS' FEES AND COSTS OF $279,606.53; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF GREGORY WELCH, JAMES GROSSBERG, AND KEVAN CHOSET WITH EXHIBITS A-F**

Date: April 4, 2011
Time: 10:00 a.m.
Assigned to the Hon. Manuel L. Real
Courtroom: 8

BAUER'S MOTION TO RECOVER ATTORNEYS' FEES AND COSTS

DWT 16578226v1 0069628-000028

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 4, 2011, at 10:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 8 of the above-entitled Court, located at 312 N. Spring St., Los Angeles, California 90012, defendants Bauer Publishing Company, L.P., Bauer Magazine L.P., Bauer Media Group, Inc., Bauer Inc., Heinrich Bauer North America, Inc. and Michelle Lee (collectively "Bauer") will and hereby do move this Court, pursuant to California Code of Civil Procedure § 425.16(c) and United States District Court for the Central District of California Local Rule of Court ("L.R.") 54-12, for an order compelling plaintiff David V. Beckham to reimburse Bauer for the attorneys' fees and costs that it has incurred to defend against his meritless claims and to prepare this fee motion.  This amount will include $256,386.95 in attorneys' fees, $15,506.61 of computerized legal research, and $7,712.97 in costs.

This Motion is made on the grounds that Bauer is the "prevailing defendant" under Code of Civil Procedure § 425.16(c), which mandates that "a prevailing defendant on a special motion to strike *shall* be entitled to recover his or her attorneys' fees and costs."  Cal. Civ. Proc. Code § 425.16(c) (emphasis added).  On February 14, 2011, this Court granted Bauer's special motion to strike and dismissed plaintiff's claims against Bauer with prejudice.  *See* Declaration of Kevan Choset ("Choset Decl.") at ¶ 8, Ex. A.  Accordingly, Bauer is a prevailing defendant, and is entitled to recover the fees and costs sought in this Motion, which were incurred as a consequence of being forced to defend against plaintiff's lawsuit.

These grounds are amplified and explained in the attached Memorandum of Points and Authorities.  This Motion also is based on the attached Declarations of Gregory Welch, James Grossberg, and Kevan Choset with Exhibits A-F; on all pleadings, papers, records, and files in this case; and on such other argument as may be presented to the Court at the hearing on this Motion.

BAUER'S MOTION TO RECOVER ATTORNEYS' FEES AND COSTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  This Motion is made following a conference of counsel pursuant to L.R. 7-3,
2  which took place on February 24 and 25, 2011.  *See* Choset Decl. at ¶ 11.
3  Bauer, therefore, respectfully requests that the Court grant this Motion and
4  award Bauer $279,606.53 in attorneys' fees and costs, as well as any subsequent fees
5  incurred in connection with this Motion.

6  DATED: February 28, 2011        DAVIS WRIGHT TREMAINE LLP
7                         ELIZABETH A. MCNAMARA
                          ALONZO WICKERS IV
8                         KEVAN CHOSET

10                  By: _____s/Alonzo Wickers IV_____
11                         Alonzo Wickers IV

12                  Attorneys for Defendants
                    BAUER PUBLISHING COMPANY,
13                  L.P., BAUER MAGAZINE L.P., BAUER
14                  MEDIA GROUP, INC., BAUER, INC.,
                    HEINRICH BAUER NORTH
15                  AMERICA, INC. and MICHELLE LEE

16
17
18
19
20
21
22
23
24
25
26
27
28

BAUER'S MOTION TO RECOVER ATTORNEYS' FEES AND COSTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................... ii

**MEMORANDUM OF POINTS AND AUTHORITIES** ........................................ 1

    1.     SUMMARY OF ARGUMENT ........................................................ 1

    2.     PROCEDURAL HISTORY ................................................. 1

    3.     FEE SHIFTING IS MANDATORY IN THIS CASE ........................ 3

    4.     BAUER'S FEES AND COSTS ARE REASONABLE AND SHOULD BE AWARDED IN FULL ................................ 6

    5.     CONCLUSION ............................................................ 10

i

BAUER'S MOTION TO RECOVER ATTORNEYS' FEES AND COSTS

DWT 16578226v1 0069628-000028

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Academia Semillas v. McIntyre*,
    Los Angeles Superior Court Case No. BC369626 (May 30, 2008) ................... 8

*Braun v. Chronicle Publ'g Co.*,
    52 Cal. App. 4th 1036, 61 Cal. Rptr. 2d 58 (1997) ...................................... 3, 10

*Buzayan v. City of Davis*,
    2008 WL 4532511 (E.D. Cal. Oct. 8, 2008) ...................................................... 4

*Church of Scientology v. Wollersheim*,
    42 Cal. App. 4th 628, 49 Cal. Rptr. 2d 620 (1996)........................................ 6, 7

*Equilon Enters. v. Consumer Cause, Inc.*,
    29 Cal.4th 53, 124 Cal. Rptr. 2d 507 (2002) ...................................................... 6

*Espinoza v. City of Imperial*,
    2008 WL 2397430 (S.D. Cal. June 10, 2008).................................................... 4

*Four Navy SEALS v. Associated Press*,
    413 F. Supp. 2d 1136 (S.D. Cal. 2005)............................................................... 4

*Ketchum v. Moses*,
    24 Cal.4th 1122, 104 Cal. Rptr. 2d 377 (2001) ........................................ *passim*

*Metabolife Int'l Inc. v. Wornick*,
    213 F. Supp. 2d 1220 (S.D. Cal. 2002)............................................................. 10

*New.Net, Inc. v. Lavasoft*,
    356 F. Supp. 2d 1090 (C.D. Cal. 2004) .............................................................. 4

*PLCM Group, Inc. v. Drexler*,
    22 Cal.4th 1084, 95 Cal. Rptr. 2d 198 (2000) .................................................... 9

*Premier Medical Mgmt. Sys., Inc. v. California Ins. Guarantee Ass'n*,
    163 Cal. App. 4th 550, 77 Cal. Rptr. 3d 695 (2008) ........................................ 10

*Serrano v. Unruh*,
    32 Cal.3d 621, 186 Cal. Rptr. 754 (1982)........................................................... 5

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Soka University v. Shogakukuan*,
    C.D. Cal. No. SACV 05-953-JVS (May 1, 2007) ............................................. 10

*Streisand v. Adelman*,
    Los Angeles Superior Court Case No. SC077257 (May 10, 2004).................... 8

*Thomas v. Fry's Electronics, Inc.*,
    400 F.3d 1206 (9th Cir. 2005) ............................................................. 3

*Trustees of Const. Industry & Laborers Health & Welfare Trust v. Redland Ins. Co.*,
    460 F.3d 1253 (9th Cir. 2006) ............................................................. 8

*United States ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*,
    190 F.3d 963 (9th Cir. 1999) ............................................................. 4

*Wilkerson v. Sullivan*,
    99 Cal. App. 4th 443, 121 Cal. Rptr. 2d 275 (2002) ........................................ 4

**STATUTES**

Cal. Civ. Proc. Code § 425.16......................................................... 3, 5, 6

Cal. Civ. Proc. Code § 425.16(a) .......................................................... 5

Cal. Civ. Proc. Code § 425.16(c) ................................................... *passim*

Cal. Civ. Code § 1717(a)........................................................... 9

BAUER'S MOTION TO RECOVER ATTORNEYS' FEES AND COSTS

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DWT 16578226v1 0069628-000028

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.

### SUMMARY OF ARGUMENT

On February 14, 2011, this Court granted Bauer's special motion to strike plaintiff David Beckham's claims for defamation and intentional infliction of emotional distress under California's anti-SLAPP statute. Ex. A. Consequently, there is no dispute that Bauer is the "prevailing defendant on [the] special motion to strike," and that Bauer "shall be entitled to recover [its] attorneys' fees and costs" from plaintiff. Cal. Civ. Proc. Code § 425.16(c). As the California Supreme Court has made clear, such an award is "*mandatory*" when a court grants a defendant's anti-SLAPP motion. *Ketchum v. Moses*, 24 Cal.4th 1122, 1131-1132, 104 Cal. Rptr. 2d 377 (2001) (emphasis added).

By this Motion, Bauer seeks an award of $279,606.53 in attorneys' fees and costs that it incurred in defending against plaintiff's meritless lawsuit, plus any additional fees that Bauer incurs in connection with this Motion. These fees are reasonable. Plaintiff filed an unmeritorious complaint and a baseless motion for leave to conduct discovery, all of which Bauer successfully opposed. Moreover, Bauer's fees and costs are amply substantiated by its counsel's detailed billing statements, which break down the amount of time expended for each task performed by counsel to the tenth of an hour. Ex. B. And the fee request is well within the range of – and in many cases substantially less than – the fees awarded in other anti-SLAPP cases. Bauer, therefore, respectfully requests that the Court grant this Motion, and award the fees and costs in full.

### 2.

### PROCEDURAL HISTORY

Plaintiff David Beckham is a world-famous athlete whose marriage and family life have garnered years of public and press attention. Beckham has brought this attention on himself and capitalized on it, cultivating his sex symbol status for a

BAUER'S MOTION TO RECOVER ATTORNEYS' FEES AND COSTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

series of lucrative endorsements. The media attention to his personal life has resulted in a string of stories about his extra-marital affairs with various women.

Against this background, the editors at *In Touch Weekly* learned of no fewer than four different leads about separate women sleeping with Beckham. One of those women, Irma Nici, agreed to speak with *In Touch Weekly* on the record, and in a three-hour taped interview told her detailed story, including two sexual encounters with Beckham, one in New York and one in London, in 2007. The editors at *In Touch Weekly* spoke with another woman who participated in a "threesome" with Beckham and Nici, and also with Kristin Davis, the famed madam who arranged for the second prostitute's presence. The magazine confirmed Beckham's location in each city on the dates in question, and confirmed other corroborating details of Nici's story. Everything the editors learned, including more details about Beckham's history of infidelity, gave them more confidence in their own story. Finally, when the magazine contacted Beckham's representatives for comment, they offered nothing more than a blanket denial. Indeed, the sourcing for the article was evident on its face and even the most basic analysis of actual malice law should have made it plain that the action had no merit.

Without presenting any evidence of the falsity of Bauer's story, or any reason to believe that the Bauer editors should have doubted their story, Beckham filed a defamation suit designed to chill Bauer's free speech. Beckham's complaint – and Bauer's research – made it clear that Beckham would have no ability to show that Bauer acted with the constitutionally required actual malice: the editors did not know the story was false when they published it (and indeed still do not believe it to be false) and did not recklessly disregard the truth. Accordingly, Bauer immediately filed a motion to strike the complaint under California's anti-SLAPP statute, a law designed precisely to prevent this type of meritless litigation and abuse of the courts. Waiting more than five weeks after Bauer filed its anti-SLAPP motion, as the hearing date for that motion approached, Beckham belatedly filed a motion seeking

2

BAUER'S MOTION TO RECOVER ATTORNEYS' FEES AND COSTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DWT 16578226v1 0069628-000028

discovery.  Notably, that motion did not identify a single fact that Bauer's editors should have discovered to give question to their story.  Rather, the discovery motion was a mere fishing expedition, and thus a further waste of court resources.  Bauer opposed that motion, and the Court denied it in its entirety, but not before Beckham's filing of an *ex parte* motion (caused by his own delay in filing his discovery motion) resulted in more unnecessary litigation.

Once Beckham's discovery motion was denied, Beckham filed his opposition to Bauer's anti-SLAPP motion.  In that opposition, Beckham still provided not a single piece of evidence to the Court that Bauer should have doubted its story when it published.  As the Court found, "[N]one of the evidence that Beckham puts forth demonstrates whether the Bauer Defendants had any doubt as to the truthfulness of the Article."  That Beckham had no such evidence, yet still brought a speech-chilling defamation suit that he knew he could not win, is precisely what the anti-SLAPP statute is designed to avoid.  On February 14, 2011, this Court granted Bauer's motion, and dismissed Beckham's claims against Bauer in their entirety.

### 3.

### FEE SHIFTING IS MANDATORY IN THIS CASE

When it enacted Section 425.16, the California Legislature mandated that "a prevailing defendant on a special motion to strike *shall be entitled to recover his or her attorneys' fees and costs*."  Cal. Civ. Proc. Code § 425.16(c) (emphasis added).  The California Supreme Court subsequently affirmed that "any SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees." *Ketchum*, 24 Cal.4th at 1131.  This rule applies even where the plaintiff is an individual and the prevailing defendant is a media entity.  *Braun v. Chronicle Publ'g Co.*, 52 Cal. App. 4th 1036, 1052-1053, 61 Cal. Rptr. 2d 58 (1997).

The Ninth Circuit has held that Section 425.16(c)'s mandatory fee-shifting provision applies in federal diversity cases, like this one.  For example, in *Thomas v. Fry's Electronics, Inc.*, 400 F.3d 1206, 1206 (9th Cir. 2005), the court unequivocally

3

BAUER'S MOTION TO RECOVER ATTORNEYS' FEES AND COSTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DWT 16578226v1 0069628-000028

declared that "California anti-SLAPP motions to strike and entitlement to fees and costs are available to litigants proceeding in federal court."  Earlier, in *United States ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 971-973 (9th Cir. 1999), the Ninth Circuit concluded that a federal district court erred in refusing to apply Section 425.16(c) in a diversity action.[1]

Under the anti-SLAPP statute, a court should award the prevailing defendant *all* fees reasonably incurred in the litigation.  In *Ketchum*, the California Supreme Court explained that the statute's mandatory fee award is designed to discourage meritless lawsuits, like plaintiff's, "by imposing the litigation costs on the party seeking to 'chill the valid exercise of the constitutional right[] of freedom of speech[.]'" 24 Cal. 4th at 1131 (quoting Cal. Civ. Proc. Code § 425.16(a).  "[T]he legislative aim in including the attorney fee provision was apparently to strengthen enforcement of certain constitutional rights, including freedom of speech …, by placing the financial burden of defending against so-called SLAPP actions on the party abusing the judicial system."  *Id.* at 1136.  The Supreme Court expressly noted "the absence of *any* indication by the Legislature of the intent to specially limit attorney fees in anti-SLAPP actions."  *Id.* at 1139 (emphasis added).

In *Wilkerson v. Sullivan*, 99 Cal. App. 4th 443, 446, 121 Cal. Rptr. 2d 275 (2002), the Court of Appeal explained that this interpretation of Section 425.16(c) is supported by the statute's legislative history.  There, the court instructed that the statute's fee-shifting provision must be "broadly construed so as to effectuate the

---

[1] *See also Four Navy SEALS v. Associated Press*, 413 F. Supp. 2d 1136, 1149 (S.D. Cal. 2005) (attorneys' fees and costs provision of anti-SLAPP statute apply in federal court); *New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1090, 1115 (C.D. Cal. 2004) ("defendant who prevails on an anti-SLAPP motion to strike is entitled to recover his or her attorney fees"); *Buzayan v. City of Davis*, 2008 WL 4532511, at *1 (E.D. Cal. Oct. 8, 2008) ("The prevailing defendant on a special motion to strike a claim arising from the defendant's exercise of free speech on a public issue … is entitled to recoup his or her attorney's fees and costs."); *Espinoza v. City of Imperial*, 2008 WL 2397430, at *6 (S.D. Cal. June 10, 2008) ("A party prevailing on a Motion To Strike under California's Anti-SLAPP statute is entitled to recover its attorneys' fees and costs.").

4

BAUER'S MOTION TO RECOVER ATTORNEYS' FEES AND COSTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

legislative purpose of reimbursing the prevailing defendant for expenses incurred in extricating herself from a baseless lawsuit." *Id.*  That purpose is made clear by the California State Senate's report on the bill that created the anti-SLAPP statute.  The Senate Judiciary Committee recognized that fee shifting was "both necessary and justified … to '*make whole*' the defendant of a frivolous SLAPP suit, and to deter actions to chill the exercise of First Amendment rights."  Cal. Civ. Proc. Code § 425.16, Historical and Statutory Notes.  To that end, the bill contemplated that plaintiffs who file SLAPP suits "should be required to pay the target defendant's *cost of defense*." *Id.* (emphasis added).

Requiring a SLAPP plaintiff to reimburse the prevailing defendant for all of its fees and costs also is supported by the Legislature's 1997 amendment to the anti-SLAPP statute.  In that year, the Legislature added a sentence mandating that the anti-SLAPP statute "shall be construed broadly."  Cal. Civ. Proc. Code § 425.16(a). Given the absence of any limitation on a prevailing defendant's fee recovery, and the Legislature's demonstrated intent to accord expansive protection for free-speech rights, Section 425.16 must be construed to entitle a prevailing defendant to an award of all of its reasonable fees and costs.

That result is warranted.  The anti-SLAPP statute is fifteen years old, and plaintiffs (and their counsel) should be aware of the economic consequences of prosecuting a lawsuit that targets the exercise of free-speech rights.[2]

---

[2] In addition, a prevailing defendant's award must include "the fees incurred in enforcing the right to mandatory fees under Code of Civil Procedure section 425.16." *Ketchum*, 24 Cal.4th at 1141.  *Accord Serrano v. Unruh*, 32 Cal.3d 621, 639, 186 Cal. Rptr. 754 (1982) (recoverable fees "include compensation for all hours reasonably spent, including those necessary to establish and defend the fee claim").

5

BAUER'S MOTION TO RECOVER ATTORNEYS' FEES AND COSTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DWT 16578226v1 0069628-000028

## 4.

## BAUER'S FEES AND COSTS ARE REASONABLE AND SHOULD BE AWARDED IN FULL

Because Section 425.16(c) requires fee shifting, the issue before the Court is the amount of Bauer's fee award. *Church of Scientology v. Wollersheim*, 42 Cal. App. 4th 628, 658-659, 49 Cal. Rptr. 2d 620 (1996), *disapproved on other grounds*, *Equilon Enters. v. Consumer Cause, Inc.*, 29 Cal.4th 53, 68 n.5, 124 Cal. Rptr. 2d 507 (2002). As the California Supreme Court has explained, calculating the amount to be awarded under Section 425.16 begins by deciding the "lodestar," defined as the "number of hours reasonably expended multiplied by the reasonable hourly rate." *Ketchum*, 24 Cal.4th at 1134.

When deciding whether attorneys' fees requested under Section 425.16 are "reasonable," a court "may and should consider 'the nature of the litigation, its difficulty, the amount involved, the skill required and the skill employed in handling the litigation, the attention given, the success of the attorney's efforts, his learning, his age, and his experience in the particular type of work demanded … ; the intricacies and importance of the litigation, the labor and necessity for skilled legal training and ability in trying the case, and the time consumed.'" *Church of Scientology*, 42 Cal. App. 4th at 659 (ellipses in original; citations omitted). Applying these criteria, Bauer's requested fees and costs are entirely reasonable, and should be awarded in full.

<u>First</u>, Bauer's fee request is reasonable because of the "importance of the litigation." *Id.* By prevailing on their special motion to strike, Bauer vindicated its First Amendment right to inform the public about a matter of "widespread public interest." Ex. A. For a company engaged in the dissemination of information, this outcome was essential.

<u>Second</u>, Bauer's motion was completely successful. By filing their anti-SLAPP motion, Bauer secured an order dismissing plaintiff's claims with prejudice.

6

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*See id.* The motion also prevented Bauer from having to respond to burdensome and intrusive discovery, and from incurring additional litigation costs.

Third, the amount of Bauer's fee request reflects the manner in which plaintiff's counsel chose to litigate this action. In *Ketchum*, the California Supreme Court observed that "[t]he amount of litigation … typically lies in the plaintiff's hands: having litigated the matter tenaciously," a plaintiff "cannot be heard to complain about the time necessarily spent by the defendant in response." 24 Cal.4th at 1141 (internal quotation marks and ellipses omitted). Here, plaintiff filed a motion for leave to conduct discovery (after great delay) and then an *ex parte* motion to shorten the time on his own motion. Plaintiff's discovery motion was denied by the Court in its entirety, but it and the *ex parte* motion required Bauer to incur significant additional fees.

Fourth, Bauer's defense was managed efficiently and economically. To aid this Court's evaluation of this fee request, Bauer has submitted its counsel's detailed billing statements, which identify each task that their attorneys performed, with time entries broken down for each task to the tenth of an hour. *See* Ex. B. As these billing statements reflect, the greatest amount of attorney time spent on Bauer's defense was billed by an associate, Kevan Choset, who spent approximately 278.50 hours drafting an answer; performing legal and factual research; reviewing plaintiff's and co-defendant's briefs; drafting the special motion to strike, detailed supporting declarations and reply brief; drafting the opposition to plaintiff's request to conduct discovery; and handling other day-to-day aspects of the case. Choset Decl. at ¶ 2; Ex. B. Mr. Choset's time including approximately 10 hours spent researching and drafting this motion for fees, including reviewing and compiling the billing statements and drafting declarations. *See id.* Davis Wright Tremaine partners Elizabeth McNamara and Alonzo Wickers spent approximately 192.70 and 62.10 hours, respectively, editing Mr. Choset's briefs and other pleadings; communicating

BAUER'S MOTION TO RECOVER ATTORNEYS' FEES AND COSTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

with the clients and with other counsel; and formulating Bauer's litigation strategy. *See id.* at ¶¶ 3, 4; Ex. B.

Between Ms. McNamara, Mr. Wickers, and Mr. Choset, Bauer's counsel devoted approximately 560 hours to this matter over the last six months.  This amount of time is reasonable.  In *Streisand v. Adelman*, Los Angeles Superior Court Case No. SC077257 (May 10, 2004), the court concluded that attorneys from Irell & Manella reasonably spent 417.60 hours for a successful anti-SLAPP motion in an invasion-of-privacy lawsuit.  Choset Decl. at ¶ 14, Ex. F.  Notably, the defense attorney who defended that case, and succeeded in obtaining his fees on an anti-SLAPP motion was Richard Kendall, the same attorney who is representing plaintiff Beckham in the current action.  Thus, Beckham's own attorney has spent a similar amount of time as Bauer litigating an anti-SLAPP motion.  More recently, in *Academia Semillas v. McIntyre*, Los Angeles Superior Court Case No. BC369626 (May 30, 2008), the court held that defense counsel reasonably spent more than 540 hours for a successful anti-SLAPP motion in a defamation lawsuit.  Choset Decl. at ¶ 12, Ex. D.  While each case involves its own facts and circumstances, *Streisand* and *Academia Semillas* demonstrate the reasonableness of the time expended by Bauer's attorneys in successfully defending this action.[3]

Fifth, Ms. McNamara's, Mr. Wickers's, and Mr. Choset's rates are reasonable, and are equal to or less than the market rates for media litigators of their tenure in the Southern California market.  *See* Decl. of James Grossberg ("Grossberg Decl.") at ¶ 5.  Over the course of this litigation, Ms. McNamara's hourly billing rate was $555.75; Mr. Wickers's hourly rate was $484.50; and Mr. Choset's billing rate

---

[3] Bauer's request includes approximately $15,099.30 in paralegal fees (78.1 hours of paralegal time billed at rates ranging from $95 to $213.75 per hour); and $15,506.61 in computerized legal research.  *See* Choset Decl. at ¶ 6; Ex. B; *Trustees of Const. Industry & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1258-1259 (9th Cir. 2006) ("[R]easonable charges for computerized research may be recovered as 'attorney's fees' … if separate billing for such expenses 'is the prevailing practice in the local community.'" (citation omitted)).

8

BAUER'S MOTION TO RECOVER ATTORNEYS' FEES AND COSTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

ranged from $361 to $394.25. *See* Choset Decl. at ¶¶ 2, 3, 4. In comparison, the rates deemed to be reasonable in the *Streisand* case – *seven years ago* – were $575 for a senior partner, $425 for a partner, and $275 for an associate. Choset Decl. at ¶ 14, Ex. F. That is, seven years ago, Mr. Beckham's own lawyer was awarded $575 per hour for his anti-SLAPP defense work. Today, when legal hourly rates have risen considerably from their 2004 levels, Bauer's most senior lawyer bills at a lower rate than Mr. Beckham's lawyer did then. The reasonableness of Davis Wright Tremaine's fees is underscored by the declaration of Bauer's in-house counsel, Gregory Welch, who confirms that Bauer viewed the rates as well within the market, and paid the fees in full. Decl. of Gregory Welch ("Welch Decl.") at ¶ 3.

Sixth, Bauer's attorneys have extensive experience in anti-SLAPP and defamation litigation, which contributed to their efficiency in handling this matter. Choset Decl. at ¶¶ 2, 3, 4. Ms. McNamara has practiced media law almost exclusively for 27 years and has litigated dozens of defamation cases, including numerous anti-SLAPP motions. She is the chairperson of the New York City Bar Association Communications & Media Law Committee. Choset Decl. at ¶ 3. Mr. Wickers has practiced media law almost exclusively for 14 years, and also has litigated numerous anti-SLAPP motions, while Mr. Choset has worked on more than half a dozen defamation cases during his five years with Davis Wright. *Id.* at ¶¶ 2, 4. These attorneys' experience meant that they did not have to "reinvent the wheel," thus saving Bauer – and now plaintiff – money.

Seventh, Bauer's request does not include fees for time incurred by their in-house counsel, although he actively participated in the defense of this matter. *See*, *e.g.*, *PLCM Group, Inc. v. Drexler*, 22 Cal.4th 1084, 1094, 95 Cal. Rptr. 2d 198 (2000) (in-house counsel fees recoverable under Civil Code § 1717(a), even though entity had not paid those fees; "[w]e discern no basis for discriminating between counsel working for a corporation in-house and private counsel engaged with respect to a specific matter or retainer").

9

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DWT 16578226v1 0069628-000028

**Eighth**, courts regularly have awarded fees in the same range as – and in some cases significantly higher than – Bauer's request. Such awards include:

- *Metabolife Int'l Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1228 (S.D. Cal. 2002) ($318,000);

- *Soka University v. Shogakukuan*, C.D. Cal. No. SACV 05-953-JVS (Anx) (May 1, 2007) ($490,000);[4]

- *Academia Semillas*, Los Angeles Superior Court Case No. BC369626 (May 30, 2008) ($193,000);[5]

- *Streisand*, Los Angeles Superior Court Case No. SC077257 (May 10, 2004) ($177,000);[6] and

- *Premier Medical Mgmt. Sys., Inc. v. California Ins. Guarantee Ass'n*, 163 Cal. App. 4th 550, 564, 77 Cal. Rptr. 3d 695 (2008) ($275,000).

For each of these reasons, Bauer's attorneys' fees and costs are reasonable, and should be awarded in their entirety.

## 5.

## CONCLUSION

Requiring plaintiff to reimburse Bauer for all of its reasonable fees and costs is consistent with the policy behind the anti-SLAPP statute; namely, to discourage meritless litigation that threatens to chill the exercise of free speech rights about issues of public interest. *Braun*, 52 Cal. App. 4th at 1042. Bauer, therefore, respectfully request that this Court grant this Motion and award Bauer $279,606.53 in attorneys' fees and costs incurred to date in this lawsuit, as well as any fees incurred in connection with additional briefing and oral argument on this Motion.

---

[4] *See* Choset Decl. at ¶ 13 and Ex. E.

[5] *See* Choset Decl. at ¶ 12 and Ex. D.

[6] *See* Choset Decl. at ¶ 14 and Ex. F.

10

BAUER'S MOTION TO RECOVER ATTORNEYS' FEES AND COSTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  DATED: February 28, 2011

2

3

DAVIS WRIGHT TREMAINE LLP
ELIZABETH A. MCNAMARA
ALONZO WICKERS IV
KEVAN CHOSET

4

5

By: _____s/Alonzo Wickers IV_____
          Alonzo Wickers IV

6

7

8

9

Attorneys for Defendants
BAUER PUBLISHING COMPANY,
L.P., BAUER MAGAZINE L.P., BAUER
MEDIA GROUP, INC., BAUER, INC.,
HEINRICH BAUER NORTH
AMERICA, INC. and MICHELLE LEE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DWT 16578226v1 0069628-000028

## DECLARATION OF GREGORY WELCH

I, Gregory Welch, declare:

1.     I am a resident of New York, and am over the age of eighteen.  I have personal knowledge of the facts stated in this declaration and, if sworn as a witness, could and would competently testify to these facts.

2.     I am General Counsel of Bauer Publishing Group ("Bauer").  I have held that position for almost six years.  Bauer is a publisher of multiple magazines, including *In Touch Weekly* and *Life & Style*.

3.     In my position as General Counsel, I am responsible for overseeing litigation for Bauer.  My job responsibilities include the hiring of outside litigation counsel for Bauer's legal matters, like defamation and anti-SLAPP cases, in California and across the country.  In that capacity, I am familiar with the rates charged by law firms that handle media work in Los Angeles and across the country. I regularly evaluate the reasonableness of fees charged by our outside counsel, both in terms of their hourly billing rates and the number of hours that they expend performing various litigation-related tasks.  Davis Wright Tremaine LLP ("DWT") has an excellent reputation in the media defense litigation bar.  In my experience, the firm's billing practices are ethical and efficient, and it consistently has provided high-quality representation in this case and other cases where it has represented Bauer entities and/or employees.  Based on that experience and my review of the billing statements and briefing in this matter, I believe that DWT's fees in this matter are reasonable, both in terms of the hourly rate charged and the number of hours worked.

4.     Bauer did not dispute any of DWT's bills in this matter, and paid them in full (or intends to pay them in full with respect to recently billed hours that have not yet come due for payment), with the understanding that those fees were reasonable and justified.

WELCH DECLARATION

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DWT 16621316v1 0069628-000028

This declaration was executed on February 28, 2011, at Englewood Cliffs, New Jersey.  I declare under penalty of perjury under the laws of the State of California, the State of New Jersey, and the United States that the foregoing is true and correct.

_____
Gregory Welch

WELCH DECLARATION

DWT 16621316v1 0069628-000028

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# DECLARATION OF JAMES GROSSBERG

I, James Grossberg, declare:

1. I am over eighteen years of age, and am not a party to this case. I am admitted to practice before this Court and before all courts of the State of California. I am a partner in the law firm of Levine Sullivan Koch & Schulz L.L.P. ("LSKS"), and have personal knowledge of the facts set forth in this Declaration.

2. I am a member of the State Bar of California and the District of Columbia Bar, and am an associate member of the Virginia State Bar. I was graduated from the University of Virginia Law School in 1983, and clerked for the Honorable William Garwood on the United States Fifth Circuit Court of Appeals. From 1991 to 1996, I was a partner in the Washington, D.C. and Irvine, California offices of Ross, Dixon & Masback L.L.P. Since 1996, I have been a partner at LSKS (formerly Levine Sullivan & Koch L.L.P), practicing both in Washington, D.C. and in Orange County during that period. My practice focuses on representing media organizations in a variety of matters, including litigation under the anti-SLAPP statute, C.C.P. § 425.16. I have represented news organizations, including The Orange County Register, in connection with numerous defamation claims.

3. Since approximately 1994, I also have served as the principal outside attorney overseeing media law litigation for The Register. In that capacity, I routinely have reviewed legal bills from other private law firms that represent The Register. In addition, I have reviewed bills from other law firms that represent media entities in my capacity as legal counsel to several insurers of media entities.

4. For more than 20 years, I have been actively involved in several media bar organizations, including serving as President of the Defense Counsel Section of the Media Law Resource Center (formerly the Libel Defense Resource Center), which is the nation's preeminent association composed exclusively of media counsel, and co-chairing the Subcommittee on First Amendment, Media Access and the Reporters' Privilege of the Litigation Section of the American Bar Association.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Based on my experience, I am familiar with the range of billing rates charged by law firms in Southern California that specialize in media litigation.

5. I have reviewed the billing rates charged in this matter by the Davis Wright Tremaine ("DWT") lawyers who represented Bauer Publishing Company, L.P., Bauer Magazine L.P., Bauer Media Group, Inc., Bauer Inc., Heinrich Bauer North America, Inc. and Michelle Lee (collectively, the "Bauer Defendants"): Elizabeth McNamara ($555.75 per hour from 2010-2011); Alonzo Wickers ($484.50 per hour from 2010-2011); and Kevan Choset ($361 – $394.25 per hour from 2010-2011). I am informed and believe that these rates represent a discount from the standard rates charged by these attorneys. These rates are reasonable. Ms. McNamara and Mr. Wickers have extensive experience representing media organizations, and their billing rates are easily within the range charged by media lawyers with similar experience at other private firms in Southern California. Mr. Choset's rates are also easily within the range that such firms typically charge for associates in this market.

6. I also have reviewed DWT's billing statements for this matter, as well as its anti-SLAPP motion and related court filings, and have evaluated the amount of time spent and the total fees incurred by the DWT attorneys who defended the Bauer Defendants. Given the issues raised in the complaint, the factual investigation undertaken by DWT, the defenses asserted in the anti-SLAPP motion, the discovery dispute and subsequent briefing, and the anti-SLAPP motion's complete success, the amount of time and the total fees are reasonable.

7. I am familiar with fee awards to prevailing defendants in other anti-SLAPP cases that in some cases are higher than the amount sought by DWT here, including: *Metabolife Int'l Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1228 (S.D. Cal. 2002) (awarding fees and costs of more than $300,000); *Soka University v. Shogakukuan, et al.*, C.D. Cal. No. SACV 05-953-JVS (Anx) (May 1, 2007) (after independent review, court awarded fees and costs of more than $490,000 to

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

successful defendant on anti-SLAPP motion); and *Taus v. Loftus*, Solano County Superior Court No. FCS021557 (Nov. 27, 2007) (awarding fees and costs of more than $240,000 to remaining defendants following successful anti-SLAPP motion).

This declaration was executed on February 2 5, 2011, at Laguna Beach, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct

James Grossberg

GROSSBERG DECLARATION

DWT 16615649v1 0069628-000028

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## DECLARATION OF KEVAN CHOSET

I, Kevan Choset, declare:

1.     I am an attorney licensed to practice law before all the courts of the State of New York and have been admitted *pro hac vice* to practice before this Court in the present matter. I am an associate in the law firm of Davis Wright Tremaine LLP, counsel of record for defendants Bauer Publishing Company, L.P., Bauer Magazine L.P., Bauer Media Group, Inc., Bauer, Inc., Heinrich Bauer North America, Inc. and Michelle Lee (collectively "Bauer"). The matters stated below are true of my own personal knowledge, and, if called to testify, I could and would competently testify to these matters.

2.     I am one of the attorneys at Davis Wright Tremaine who is primarily responsible for this case. I have five years of experience in media and entertainment litigation. My standard hourly billing rate for this type of case was $380 in 2010 and $415 in 2011. However, because of an agreed-upon discount with Bauer, my effective hourly billing rate for this particular matter ranged between $361 and $394.25. As reflected in the billing statements, I spent approximately 278.50 hours on legal and factual research; reviewing plaintiff's and co-defendants' briefs; drafting the motion to strike, detailed supporting declarations and reply brief; drafting the opposition to plaintiff's motions to conduct discovery; and handling other day-to-day aspects of the case. This number includes the approximately 10 hours I spent preparing this motion for attorneys' fees, including reviewing and compiling the billing statements and drafting declarations.

3.     Davis Wright Tremaine senior partner Elizabeth McNamara was lead counsel in the defense effort. Her standard hourly rate for this type of case was $585 during this action. However, because the agreed-upon discount with Bauer, Ms. McNamara's effective hourly billing rate for this particular matter was $555.75. She has more than 27 years experience in media litigation, and also has litigated numerous anti-SLAPP motions. She is the chairperson of the New York City Bar

CHOSET DECLARATION

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Association Communications & Media Law Committee. As reflected in the billing statements attached as Exhibit B, she spent approximately 192.70 hours on this matter, conducting factual investigation, editing the special motion to strike, reply brief, supporting declarations, and related pleadings; reviewing plaintiff and co-defendant's briefs; editing the brief opposing plaintiff's discovery motion; helping to formulate defense strategy; and preparing for and appearing at hearings before this Court.

4.    Davis Wright Tremaine partner Alonzo Wickers IV edited briefs and other pleadings; communicated with clients and with other counsel; and helped formulate Bauer's litigation strategy. His standard hourly rate for this type of case was $510 during the pendency of this case. However, because of the agreed-upon discount, Mr. Wickers's effective hourly billing rate for this particular matter was $484.50. He has 18 years experience in litigation, the last 14 practicing almost exclusively media litigation, and has litigated numerous anti-SLAPP motions. As reflected in the billing statements attached as Exhibit B, he spent approximately 62.10 hours on this matter.

5.    Bauer incurred approximately $15,506.61 in fees for computerized legal research. Bauer also incurred $1,222.65 in legal fees from another associate who provided brief support (3.9 hours at $313.50) and $15,099.30 in paralegal fees (78.1 hours of paralegal time billed at rates ranging from $95 to $213.75 per hour), which are included in its request for attorneys' fees. These fees are reflected in the billing records attached as Exhibit B.

6.    Bauer incurred approximately $7,712.97 in costs, which are reflected in the records attached as Exhibit B.

7.    Bauer is not seeking reimbursement for the time spent on the matter by its in-house counsel, although he actively participated in the defense of this matter.

2

CHOSET DECLARATION

DWT 16624661v1 0069628-000028

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

8. Attached to this Declaration as Exhibit A is a true and correct copy of the transcript of the February 14, 2011 oral argument on Bauer's Special Motion to Strike and the minute order granting that motion.

9. Attached to this Declaration as Exhibit B are true and correct copies of Davis Wright Tremaine's billing statements to Bauer for legal services rendered in this matter. The billing statements have been redacted to remove time entries for which Bauer does not seek reimbursement and to protect privileged or confidential information. Where parts of particular time entries have been removed, the number of hours spent has been revised downward to reflect the fact that Bauer does not seek reimbursement for the removed matters. Exhibit B also includes time entries for the month of February (through and including February 25, 2011), although the fees and expenses for those days would not ordinarily be billed to Bauer until March 2011. Davis Wright Tremaine will supplement this exhibit as necessary for any work performed on this matter (including on this fee application) after February 25, 2011. The total amount of fees and costs for which Bauer seeks recovery is $279,606.53. That amount includes $256,386.95 in attorneys' fees, $15,506.61 of computerized legal research, and $7,712.97 in costs.

10. Attached to this Declaration as Exhibit C is a true and correct copy of the Order Denying Plaintiff David V. Beckham's Motion to Conduct Discovery.

11. On February 24 and 25, 2011, counsel for Bauer spoke with Beckham's counsel regarding Bauer's award of attorneys' fees and costs. The parties were unable to resolve their disagreement over Bauer's right to an award of attorneys' fees and costs.

12. Attached to this Declaration collectively as Exhibit D are true and correct copies of the Ruling on Submitted Matter and Order on Attorneys' Fees in *Academia Semillas Del Pueblo v. McIntyre*, Los Angeles Superior Court Case No. BC369626.

---

3

CHOSET DECLARATION

DWT 16624661v1 0069628-000028

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

13. Attached to this Declaration collectively as Exhibit E are true and correct copies of the Order Granting in Part Defendants' Request for Attorneys' Fees and Costs and the Amended Judgment in *Soka University of America v. Shogakukuan*, United States District Court Central District of California Case No. SACV 05-953-JVS (ANx).

14. Attached as to this Declaration as Exhibit F is a true and correct copy of "Ruling on Submitted Matters: Motion to Tax Costs and Motions for Attorneys Fees," a court order entered on May 10, 2004, by Los Angeles County Superior Court Judge Allan J. Goodman in *Barbra Streisand v. Kenneth Adelman, et al.*, SC 077 257. Judge Goodman's Order found the following hourly rates for Irell & Manella counsel on media-related privacy litigation in 2003 to be reasonable: $575 for senior partner Richard Kendall (who is Beckham's attorney in the current action); $425 for partner Laura Seigle; $275 for associate attorney Chris Newman. The Court also found that 417.60 hours and $177,000 in fees reasonably were spent by Irell lawyers researching and drafting preparing the successful anti-SLAPP motion and supplemental briefing, and attending several hearings.

I declare under penalty of perjury under the laws of the State of California, the State of New York and the United States that the foregoing is true and correct, and that this declaration was executed on February 28, 2011, at New York, New York.

Kevan Choset

CHOSET DECLARATION

DWT 16624661v1 0069628-000028

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT A

1                    UNITED STATES OF AMERICA
                  UNITED STATES DISTRICT COURT
2                 CENTRAL DISTRICT OF CALIFORNIA
                        WESTERN DIVISION
3
                            - - -
4                 HONORABLE MANUEL L. REAL
           UNITED STATES DISTRICT JUDGE PRESIDING
5                            - - -

6
   DAVID V. BECKHAM,                 )
7                                    )   CERTIFIED COPY
                  PLAINTIFF,         )
8                                    )
   VS.                               )   CV 10-7980 R
9                                    )
   BAUER PUBLISHING COMPANY          )
10 LP, et al.,                       )
                                     )
11                DEFENDANTS.        )
   ──────────────────────────────────)
12

13

14

15           REPORTER'S TRANSCRIPT OF PROCEEDINGS
                 MONDAY, FEBRUARY 14, 2011
16                     A.M. SESSION
                 LOS ANGELES, CALIFORNIA
17

18

19

20

21           SHERI S. KLEEGER, CSR 10340
           FEDERAL OFFICIAL COURT REPORTER
22         312 NORTH SPRING STREET, ROOM 402
             LOS ANGELES, CALIFORNIA 90012
23               PH:  (213)894-6604

24

25

```
 1

 2
    APPEARANCES OF COUNSEL:
 3
    ON BEHALF OF PLAINTIFF:
 4         KENDALL BRILL KLIEGER
           BY:  RICHARD B. KENDALL, ESQUIRE
 5              PHILIP KELLY, ESQUIRE
                JOSHUA Y. KARP, ESQUIRE
 6              10100 SANTA MONICA BOULEVARD
                SUITE 1725
 7              LOS ANGELES, CALIFORNIA 90067

 8

 9  ON BEHALF OF DEFENDANT:
           DAVIS WRIGHT TREMAINE LLP
10         BY:  ELIZABETH McNAMARE, ATTORNEY AT LAW
                ALONZO WICKERS IV, ESQUIRE
11              865 SOUTH FIGUEROA STREET
                SUITE 2400
12              LOS ANGELES, CALIFORNIA 90017

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1        LOS ANGELES, CALIFORNIA; MONDAY, FEBRUARY 14, 2011

 2                        A.M. SESSION

 3                          - - -

 4

 5             THE CLERK:  Item No. 8:  CV-10-7980, David

 6   V. Beckham vs. Bauer Publishing Company, LP, et al.

 7             Counsel, please state your appearances.

 8             MR. JENSEN:  Good morning, Your Honor.

 9             Paul Jensen on behalf of the defendant and

10   cross-complainant Irwin Nici.

11             MR. KENDALL:  Good morning, Your Honor.

12             Appearing on behalf of plaintiff

13   Mr. Beckham, Richard Kendall, with my partner Philip

14   Kelly.

15             MS. MCNAMARA:  Good morning, Your Honor.

16             Elizabeth McNamara on behalf of the Bauer

17   defendants and individual defendant Michelle Lee.  And I

18   am here with my partner Alonzo Wickers.

19             THE COURT:  Counsel have anything to add to

20   the documents which have been filed?

21             MR. KENDALL:  Your Honor, just a few points

22   in response to the reply brief, Your Honor.

23             The parties agree, it appears, on the law

24   relating to anti-SLAPP motions.  Our point of

25   disagreement is on the standard of reviewing application
```

1    of that standard of review in this case.

2              The standard of review is that Mr. Beckham

3    needs at this stage of the proceedings to establish the

4    minimal merits of his claims.  He has done that.

5              He has done that because, first of all, the

6    defendant concedes that the story they published is

7    completely false for purposes of this motion.

8              And secondly, that the evidence they have

9    submitted supporting the absence of actual malice, which

10   is an affirmative defense that they have the burden of

11   proof on does not support the argument that they wish to

12   make that Mr. Beckham's claims could have no minimal

13   merit.

14             First of all, the evidence, or at least a

15   great deal of it, that they have submitted is

16   inadmissible, as set forth in our objections to that

17   evidence.

18             Secondly, the argument that they make that

19   their investigation was other than reckless, does not

20   stand up under close examination.

21             The investigation they did prior to this

22   story was a mockery.  They admit in their papers that

23   they were on a campaign to publish a story about

24   Mr. Beckham.  And they did not stop; they did not look;

25   and they did not listen before crossing the line from

1  innuendo to outright falsehood.

2           They published on the basis of

3  bought-and-paid-for statements by two admitted criminals

4  that Mr. Beckham engaged in sex crimes.  But those

5  stories are not only completely false, but they would

6  have been very easy to determine if Bauer had only

7  bothered to check that they were false.

8           First of all, the prostitute in question

9  contended that the alleged sex crimes occurred in two

10  locations.

11           Now, it was clear from any Internet research

12  that Mr. Beckham was in New York and in London on the

13  days in question because his whereabouts are published.

14           However, it is also clear that he was not at

15  either of the two hotels in question on the days in

16  question.  And that could have been confirmed very

17  easily by the tabloid if they had only just called up

18  the hotels and asked.  But they didn't do that.

19           They also could have interviewed the

20  stylist, the hair stylist who, according to the

21  prostitute, connected the prostitute and Mr. Beckham.

22  But they never contacted that hair stylist or even asked

23  for his or her name.  And we still have no idea who this

24  alleged person is and no way to determine whether that

25  fact could have been very, very easily refuted.

1          These facts are all in the control of the

2     defendants.  We have had no discovery and so, therefore,

3     all we can do is look at the circumstantial evidence of

4     what they told the Court and ask ourselves whether they

5     actually conducted a reasonable investigation.

6          Next, Your Honor, this so-called and

7     self-described Bosnian bombshell Irma Nici, the

8     prostitute, she provided no physical proof whatsoever to

9     corroborate her story.  And her explanations, I lost it,

10    I can't find it, are just ridiculous on their face.

11         Then they claimed that they interviewed the

12    so-called other prostitute who allegedly was present for

13    one of these sex crimes.  But this is an unidentified

14    telephone voice who did nothing more than apparently

15    parrot -- although we are left to divine for ourselves

16    from the declarations exactly what she did say, because

17    there's no discussion of it whatsoever in the

18    declaration.

19         But the best we can tell, she simply

20    parroted what her friend Irma Nici, the primary

21    prostitute, said.

22         That's not investigation.  You can't just

23    call somebody up on the telephone and take their word

24    for it without even laying eyes on them.

25         And then finally, Your Honor, the basic

1   argument I think that we're met with is that there were

2   rumors in other tabloids of past extra-marital affairs.

3   And to take that as a basis for writing a false article

4   stands the First Amendment and any notion of privacy or

5   appropriate conduct by the tabloids on its head.

6          If all you need to do is make two wrongs or

7   three wrongs or four wrongs into a right simply because

8   a repetition of other falsehoods justify yet another

9   repetition, then no celebrity would have any rights

10  whatsoever.

11         That is not the law.  The law is that the

12  investigation that was done here has to stand on its

13  own.  And it doesn't, Your Honor.

14         Beckham has proved -- produced enough facts

15  here showing circumstantial evidence of reckless

16  disregard for the truth.  And given the contested issues

17  of fact, he must be permitted to move forward with the

18  case to obtain discovery and his day in Court.

19         Thank you, Your Honor.

20         MS. MCNAMARA:  If I may, Your Honor, very

21  briefly.  As everything that was argued by my adversary

22  was in his papers and has been addressed in the papers,

23  I don't want to belabor the record more than necessary.

24         I do want to point out a couple of things in

25  response to him, however.

1          What is undisputed on this record are the

2     facts surrounding Bauer's recordings.  That they relied

3     on two of the record sources, that everything that they

4     said was consistent with the facts that were

5     corroborated, and it was entirely consistent with

6     Mr. Beckham's reputation for a serial philanderer.

7     That's not on dispute on this record.

8          Nor is it in dispute that he shoulders the

9     burden of showing as he fights to emphasize minimal, but

10    he loses the last clause after that.

11         He has to produce evidence of minimal clear

12    and convincing evidence that we published this article

13    knowing it to be false or with serious doubts.  And

14    there is simply no evidence in this record to support

15    that, Your Honor.

16         And moreover, and what is telling in the

17    discussion by my adversary is that they have not cited

18    here, nor have they cited anywhere in their papers, a

19    single case on comparable facts where a court found

20    actual malice on this record.

21         And we're not -- and that's not surprising

22    that they have not cited a single case because we're not

23    aware of a single case on similar facts in this record

24    where there has been a finding of actual malice.

25         And I want to underscore, because I don't

1  want it to go without response, we have not conceded

2  that this record is false or that this article was

3  false.  And their persisting in saying that is simply

4  false.

5            What we have done solely for purposes of

6  this motion is to not put that issue in dispute.  And

7  the -- and what I thought was telling in their

8  observation is that the information, the only alleged

9  information, that supports falsity was only put in this

10 record in opposition to this motion not by Mr. Beckham

11 when he was called for comment.

12           And tellingly, all of that information was

13 exclusively within Mr. Beckham's control.  He could have

14 said to the reporter, stop.  I can get this.  My people,

15 my security service can prove this is untrue.

16           He didn't do that.  He simply provided what

17 public figures like himself often do:  a blanket denial

18 of infidelity when ultimately it's often proven to be

19 the case where it is in fact true.  And we have no

20 reason here to believe that if it were to go forward to

21 be found to be true here.

22           For all these reasons, Your Honor, and those

23 put forth in the papers, we ask that our motion be

24 granted and that the Bauer defendant and Michelle Lee be

25 dismissed from the case.

1                    Thank you very much, Your Honor.

2                    THE COURT:  An anti-SLAPP motion is

3     evaluated in two steps.  First, the defendant's activity

4     that the plaintiff is challenging must have been

5     conducted in furtherance of the defendant's exercise of

6     free speech, as defined in California Code of Civil

7     Procedure section 425.1.16(e).  If the defendant makes

8     this threshold showing, then the Court must determine if

9     plaintiff has demonstrated a probability of prevailing

10    on the merits.  Hilton vs. Hallmark Cards, 599 F.3d 894

11    Ninth Circuit 2010.

12                   First, defendant's article constitutes

13    conduct in furtherance of the exercise of free speech in

14    connection with a public issue or an issue of public

15    interest as defined by Section 425.16(e)(4).  The court

16    in Rivero vs. American Federation of State, County and

17    Municipal Employees, 105 Cal.App.4th 913 2003,

18    articulated three categories that constitute public

19    issues.  Two apply here.

20                   The statements in the article concern a

21    person in the public eye, and it concerns a topic of

22    widespread, public interest.  Plaintiff is a

23    world-renowned soccer star who is no stranger to the

24    media, and he puts himself in the public spotlight.

25                   Allegations of his alleged affairs would be

1   a topic of interest to a wide variety of people.  As

2   such, given that the courts in California interpret this

3   requirement broadly, this Court concludes that defendant

4   has made a threshold showing that the activity was

5   conducted in furtherance of defendant's exercise of free

6   speech.

7           Second, without determining whether or not

8   the statements of the alleged affair were in fact false,

9   this Court concludes that plaintiff has not

10  demonstrated a probability of prevailing on the merits.

11  Because plaintiff is in no doubt a public figure, he

12  must plead and prove by clear and convincing evidence

13  that the defendant subjectively acted with the actual

14  malice, that is, that the allegedly defamatory

15  statements were made with knowledge of their falsity or

16  with reckless disregard of the truth.  Ampex Corporation

17  vs. Cargle, 128 Cal.App.4th 1569, 1577 2005.

18          To meet this standard, the evidence must be

19  such "as to command the unhesitating assent of every

20  reasonable mind, close quote.  Ampex at 1579.

21          Although plaintiff points out potential red

22  flags that the defendant should have picked up on and

23  further investigated, a failure to investigate does not

24  in itself establish malice.  Beilenson vs. Superior

25  Court 44 Cal.App.4th 944, 1996.

1          Rather as defendant asserts, Bauer

2     interviewed the woman who claims to have had the

3     encounter with Beckham; met with firsthand witnesses who

4     confirmed that they set up the encounter and

5     participated in the encounter; verified dates, locations

6     and evidence and events that placed Beckham at certain

7     locations when the encounters allegedly occurred;

8     researched similar stories of plaintiff's alleged

9     affairs in the past and gave plaintiff the opportunity

10    to respond to such statements.

11          Moreover, none of the information that

12    plaintiff argues demonstrates whether defendant had any

13    doubt as to the truthfulness of the information.

14    Plaintiff merely points to the fact that defendant

15    should have found more corroborating evidence.

16          Plaintiff points to no information that

17    would have tipped off defendant that the information was

18    false or anything that would have made defendant

19    question the research.

20          For these reasons there is also no support

21    that the defendant purposely avoided the truth.

22          Further, plaintiff states that defendant may

23    have had ill intent or contempt toward the plaintiff.

24    These assertions do not reflect any reasonable grounds

25    to demonstrate that the defendant believed that the

1  statements were false but rather just reflects

2  defendant's alleged attitude towards plaintiff, thus not

3  meeting the actual malice requirement.  Harte-Hanks

4  Communications, Inc., vs. Connaughton, 491 U.S. 657,

5  1989.

6          It is not enough for plaintiff to show that

7  defendant's statements were inaccurate or unreasonable.

8  Rather, plaintiff is required to demonstrate by clear

9  and convincing evidence defendant's willfull falsity or

10  reckless disregard for the truth.  As such, the  motion

11  is granted in its entirety, including the claim for

12  intentional infliction of emotional distress.

13          Defendants to prepare the ruling.

14          MS. MCNAMARA:  Thank you very much, Your

15  Honor.

16          THE COURT:  We will be in recess.

17          THE CLERK:  All rise.  This Court is now in

18  recess.

19

20

21

22

23

24

25

```
 1

 2

 3

 4                CERTIFICATE OF REPORTER.

 5

 6  COUNTY OF LOS ANGELES     )

 7                            )  SS.

 8  STATE OF CALIFORNIA       )

 9

10  I, SHERI S. KLEEGER, OFFICIAL COURT REPORTER, IN AND FOR

11  THE UNITED STATES DISTRICT COURT FOR THE CENTRAL

12  DISTRICT OF CALIFORNIA, DO HEREBY CERTIFY THAT PURSUANT

13  TO SECTION 753, TITLE 28, UNITED STATES CODE, THE

14  FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF THE

15  STENOGRAPHICALLY REPORTED PROCEEDINGS HELD IN THE

16  ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE

17  FORMAT IS IN CONFORMANCE WITH THE REGULATIONS OF THE

18  JUDICIAL CONFERENCE OF THE UNITED STATES.

19

20

21  DATE:  FEBRUARY 18, 2011

22

23  _____

24  SHERI S. KLEEGER, CSR

25  FEDERAL OFFICIAL COURT REPORTER
```

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

**CASE NO.: CV-10-7980-R**                    Date: **Feb. 14, 2011**

**TITLE: DAVID V. BECKHAM V. BAUER PUBLISHING CO LP et al**
===========================================================================
**PRESENT:**

### HON. MANUEL L. REAL, JUDGE

<u>**William Horrell**</u>                              <u>**Sheri Kleeger**</u>
**Deputy Clerk**                                      **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**      **ATTORNEYS PRESENT FOR DEFENDANTS:**

   Joshua Karp                                 Alonso Wickers IV
   Philip Kelly                                Elizabeth McNamara
   Richard Kendall                             Paul Rolf Jensen


**PROCEEDINGS:** Defendant Bauer et al's motion to strike plaintiff's complaint (fld 11-18-10)




**The Court hears arguments of counsel.**

**The Court GRANTS the above-listed motion, for reasons as stated on the record.**

**Defendants Bauer et al shall submit a proposed order.**




<u>15 min</u>


**MINUTES FORM 90**                          **Initials of Deputy Clerk   <u>WH</u>**
**CIVIL -- GEN**

# EXHIBIT B

**Davis Wright Tremaine LLP**

Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045

206.622.3150 tel
206.757.7700 fax

Federal ID #91-0839480

Bauer Publishing USA
Attn: Gregory A. Welch, Esq.
270 Sylvan Avenue
Englewood Cliffs, NJ 07632

October 28, 2010
Invoice No. 5925194

OCTOBER INVOICE FOR
STATEMENT OF
SERVICES AND DISBURSEMENTS

Matter No.:          0069628-000028
David Beckham v. Bauer Publishing

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|--------------|------|-------------------------|
| 09/22/10 | E. McNamara | 0.0 | REDACTED |
| 09/22/10 | L. Steinman | 0.0 | REDACTED |
| 09/23/10 | E. McNamara | 0.0 | REDACTED |
| 09/25/10 | E. McNamara | 1.40 | Numerous responses to e-mails regarding negotiations, possible claim and related issues; telephone conference with Mr. Welch regarding same and strategy |
| 09/26/10 | E. McNamara | 0.90 | Review news story regarding claims; telephone conference with Mr. Welch regarding same and strategy; e-mails to A. Wickers regarding same and strategy |
| 09/26/10 | A. Wickers | 0.20 | Communicate with E. McNamara regarding new |

PAYMENT IS DUE WITHIN 30 DAYS OF THE DATE OF THIS INVOICE
INTEREST WILL BE CHARGED ON INVOICES WHICH ARE 45 DAYS PAST DUE
PAYMENTS RECEIVED AFTER THE DATE OF THIS INVOICE WILL BE REFLECTED ON NEXT MONTH'S BILLING

| Anchorage | New York | Seattle | |
| Bellevue | Portland | Shanghai | |
| Los Angeles | San Francisco | Washington, D.C. | www.dwt.com |

Davis Wright
Tremaine LLP

Bauer Publishing USA
Invoice No. 5925194
Page No. 2

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|--------------|------|-------------------------|
| | | | lawsuit |
| 09/27/10 | E. McNamara | 2.60 | Numerous calls with Mr. Welch regarding lawsuit and strategy regarding same; review complaint; review news stories regarding same; telephone conference with A. Wickers regarding possible removal and jurisdiction issues |
| 09/27/10 | A. Wickers | 1.80 | Telephone call with E. McNamara regarding strategy; communicate with K. Roth regarding research about Judge Reid's SLAPP cases; communicate with Courthouse News Service about obtaining complaint; review and analyze complaint and background materials; review information regarding assigned judge |
| 09/28/10 | E. McNamara | 0.70 | Review information regarding Judge Reid and removal issues; telephone conference with Mr. Welch regarding background facts and strategy for action |
| 09/28/10 | A. Wickers | 0.70 | Telephone call with Mr. Welch regarding document retention and e-discovery issues; attention to removal issues; review additional materials about assigned judge |
| 09/28/10 | L. Majer | 0.50 | Calendaring of Summons and Complaint in the Beckham action |
| 09/29/10 | E. McNamara | 0.30 | Telephone conference with Mr. Welch regarding strategy, Irma service and related issues |
| 09/30/10 | E. McNamara | 0.50 | Telephone conference with Mr. Welch regarding removal and strategy analysis; REDACTED |
| | Total Hours Worked | 9.60 | |

**TOTAL SERVICES AND DISBURSEMENTS - THIS INVOICE**

Total Current Disbursements                    0.00

----------------

Total Current Invoice

Bauer Publishing USA
Invoice No. 5925194
Page No. 3

## SUMMARY BY PROFESSIONAL

| Professional | Hours Worked | Billed Per Hour | Bill Amount |
|---|---|---|---|
| **Partner** | | | |
| McNamara, E. | 6.40 | 555.75 | 3556.80 |
| Steinman, L. | 0.00 | 0.00 | 0.00 |
| Wickers, A. | 2.70 | 508.25 | 1308.15 |
| Total | 9.10 | | |
| **Paralegal** | | | |
| Majer, L. | 0.50 | 199.50 | 99.75 |
| Total | 0.50 | | 105.00 |
| Less Courtesy Discount | | | (0.00) |
| Total All Classes | 9.60 | | 4964.70 |

## STATEMENT OF ACCOUNT

| | |
|---|---|
| Current Invoice | $4964.70 |
| Total Balance Due This Matter | $4964.70 |

Elizabeth A. McNamara

**Davis Wright Tremaine LLP**

Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045

206.622.3150 tel
206.757.7700 fax

Federal ID #91-0839480

Matter ID    0069628-000028                           October 28, 2010
                David Beckham v. Bauer Publishing        Invoice No. 5925194

Bauer Publishing USA
Attn: Gregory A. Welch, Esq.
270 Sylvan Avenue
Englewood Cliffs, NJ 07632



STATEMENT OF ACCOUNT
as of Sep 30, 2010

Current Invoice - 5925194         $4964.70

Total Balance Due This Matter     $4964.70

PLEASE REMIT WITH PAYMENT

Anchorage    New York    Seattle
Bellevue      Portland     Shanghai
Los Angeles   San Francisco  Washington, D.C.             www.dwt.com

**Davis Wright Tremaine LLP**

1201 Third Avenue
Seattle, WA 98101-3045

206.622.3150 tel
206.757.7700 fax

Federal ID #91-0839480

Bauer Publishing USA
Attn: Gregory A. Welch, Esq.
270 Sylvan Avenue
Englewood Cliffs, NJ 07632

November 30, 2010
Invoice No. 5932720

NOVEMBER INVOICE FOR
STATEMENT OF
SERVICES AND DISBURSEMENTS

Matter No.:          0069628-000028
David Beckham v. Bauer Publishing

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|-------------|------|------------------------|
| 09/27/10 | K. Roth | 0.40 | Online search regarding Beckam vs. Bauer Publishing regarding copies of complaint regarding S109756 |
| 09/28/10 | K. Roth | 0.40 | Pull judicial file regarding John Reid, perform Google search regarding same |
| 10/01/10 | E. McNamara | 1.40 | Review e-mails regarding other allegations against Beckham; receive notice regarding filing by Irma Nici; telephone conference with Mr. Welch regarding same and strategy; e-mail to R. Brodsky regarding research for Beckham and K. Davis |
| 10/01/10 | A. Wickers | 1.00 | Review information about co-defendant's counterclaims against Mr. Beckham and anti-SLAPP motion and communicate with Mr. Welch and E. McNamara regarding same; review rules regarding removal and effect of co-defendant's filing; attention to incorrect CMC date on complaint; review information about other Beckham scandal |
| 10/01/10 | R. Brodsky | 0.50 | Research regarding Mr. Beckham's previous alleged affairs |
| 10/02/10 | E. McNamara | 0.50 | Telephone conference with Mr. Welch regarding additional filings by Nici and strategy regarding same; review information |
| 10/02/10 | A. Wickers | 0.40 | Telephone call to Ms. Nici's counsel and communicate with E. McNamara regarding same; telephone calls to attempt to locate cross-complaint and anti-SLAPP |

PAYMENT IS DUE WITHIN 30 DAYS OF THE DATE OF THIS INVOICE
INTEREST WILL BE CHARGED ON INVOICES WHICH ARE 45 DAYS PAST DUE
PAYMENTS RECEIVED AFTER THE DATE OF THIS INVOICE WILL BE REFLECTED ON NEXT MONTH'S BILLING



Bauer Publishing USA
Invoice No. 5932720
Page No. 2

| **DATE** | **PROFESSIONAL** | **TIME** | **DESCRIPTION OF SERVICES** |
|---|---|---|---|
| | | | motion filed by Ms. Nici |
| 10/03/10 | E. McNamara | 0.20 | Review e-mail regarding additional filings by Irma Nici |
| 10/04/10 | E. McNamara | 0.40 | Conference with E. Miller regarding strategy and timing for anti-SLAPP motion; REDACTED |
| 10/04/10 | A. Wickers | 0.20 | Communicate with Ms. Nici's counsel regarding filing |
| 10/04/10 | R. Brodsky | 0.20 | Discuss duplication and transcription of tapes with vendor; order book for research |
| 10/05/10 | E. McNamara | 0.80 | Review issues related to anti-SLAPP motion; respond to e-mails regarding same and timing strategy; evaluate timing for removal |
| 10/05/10 | A. Wickers | 0.30 | Attention to removal issues; communicate with Ms. Nici's counsel regarding his filings and meeting |
| 10/05/10 | R. Brodsky | 4.00 | Compile options for transcription of interview tapes; research regarding Mr. Beckham's alleged previous extramarital affairs |
| 10/06/10 | E. McNamara | 0.40 | Review court papers filed by Irma and respond to e-mails regarding same and meeting with Irma's counsel |
| 10/06/10 | A. Wickers | 1.20 | Review Ms. Nici's anti-SLAPP motion and cross-complaint; telephone call with Mr. Jensen regarding case and strategy; update Mr. Welch regarding same |
| 10/06/10 | R. Brodsky | 0.50 | Research regarding Mr. Beckham's previous affairs |
| 10/07/10 | E. McNamara | 0.70 | Review e-mails regarding A. Wickers; meeting with Nici's counsel; review filings; attend to strategy and timing for removal |
| 10/07/10 | A. Wickers | 0.30 | Review and circulate materials from Ms. Nici's counsel |
| 10/07/10 | K. Choset | 2.70 | Review of case materials from client; arranging for transcription of interview tapes; revision of draft non-disclosure agreement for vendor |
| 10/07/10 | R. Brodsky | 3.70 | Research regarding Mr. Beckham's previous affairs; research regarding Kristin Davis; telephone calls with vendors regarding duplication of interview tapes |
| 10/08/10 | E. McNamara | 1.50 | Review Irma Nici anti-SLAPP statute and discovery; telephone conference with A. Wickers regarding meeting with Nici's counsel and strategy for anti-SLAPP motion; REDACTED |
| 10/08/10 | A. Wickers | 0.30 | Attention to anti-SLAPP motion, removal, answer and other issues |
| 10/08/10 | K. Choset | 2.40 | Reviewing and executing payment agreement with vendor; review of correspondence from Mr. Jenson and documents attached thereto; discussion with E. McNamara regarding fact research; discussion with R. Brodsky regarding same; purchase of Davis book; begin joint defense agreement |
| 10/08/10 | R. Brodsky | 5.50 | Negotiate non-disclosure agreement and duplication |



Bauer Publishing USA
Invoice No. 5932720
Page No. 3

| **DATE** | **PROFESSIONAL** | **TIME** | **DESCRIPTION OF SERVICES** |
|---|---|---|---|
| | | | agreement with vendor; drop off tapes; research regarding Beckham's previous affairs; research regarding Kristin Davis |
| 10/10/10 | A. Wickers | 0.20 | Attention to joint defense agreement |
| 10/11/10 | E. McNamara | 2.40 | Review transcripts of interviews, research file, newsclips regarding Beckham regarding prior reports on affairs and related issues; telephone conference with A. Wickers regarding conference with Nici's counsel; e-mail to Mr. Welch regarding same |
| 10/11/10 | A. Wickers | 0.80 | Telephone call with Mr. Jensen regarding various issues in case; attention to strategy and issues raised by Mr. Jensen |
| 10/11/10 | R. Brodsky | 1.00 | Finalize agreement with transcription service; telephone calls with service regarding same |
| 10/12/10 | E. McNamara | 1.30 | REDACTED ; review clips regarding prior affairs and related coverage; telephone conference with Mr. Welch regarding same and strategy; review e-mails regarding ex parte application; conference with Mr. Welch regarding same; further attend to response to ex parte application |
| 10/12/10 | A. Wickers | 1.10 | Review letter from Mr. Kendall regarding ex parte application; telephone calls with Mr. Jensen regarding same and other anti-SLAPP and discovery issues; attention to strategy for removal and response to complaint; communicate with Mr. Welch regarding same |
| 10/12/10 | K. Choset | 0.40 | Attention to correspondence regarding tapes and fact research; review of additional interviews from third parties |
| 10/12/10 | R. Brodsky | 1.10 | Update timeline of events; REDACTED |
| 10/13/10 | E. McNamara | 2.80 | Review letter from Beckham's counsel; attend to analysis; call with Irma Nici's counsel regarding strategy; attend to strategy regarding removal; review draft joint defense agreements; review e-mails, source notes and related documents in preparation for interviews |
| 10/13/10 | A. Wickers | 2.00 | Conference call with Mr. Jensen and E. McNamara; telephone call from Mr. Jensen; review correspondence between Mr. Jensen and Mr. Kendall; attention to joint defense agreement; review cases regarding relief from discovery under anti-SLAPP statute; pull anti-SLAPP briefs dealing with actual malice |
| 10/13/10 | K. Choset | 5.80 | Draft joint defense agreement; review of Ms. Lee's documents from Mr. Welch; draft removal papers for state and federal courts; review of correspondence |

Bauer Publishing USA
Invoice No. 5932720
Page No. 4

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|--------------|------|-------------------------|
| | | | from Mr. Jensen; revision of joint defense agreement per comments from A. Wickers and E. McNamara; preparation for meeting with editors |
| 10/13/10 | R. Brodsky | 0.70 | Receive and review certified transcriptions; discuss same with transcription service |
| 10/14/10 | E. McNamara | 2.70 | Travel to Bauer offices; interview Deb Baer and Michelle Lee regarding background facts; conference with Mr. Welch regarding same; review joint defense; e-mail to Irma Nici's counsel |
| 10/14/10 | K. Choset | 4.00 | Meeting with Ms. Baer and Mr. Welch at Bauer offices; attention to correspondence regarding withdrawal of motion; correspondence with Mr. Welch regarding fact information for papers; revision of joint defense agreement; sending same to Mr. Jensen; REDACTED |
| 10/14/10 | R. Brodsky | 0.20 | Circulate photocopies of certified transcriptions of reporter's tapes to attorneys |
| 10/15/10 | E. McNamara | 0.30 | Review materials and response regarding joint defense |
| 10/17/10 | E. McNamara | 0.50 | Review new materials regarding prior reports |
| 10/18/10 | E. McNamara | 0.30 | Review Shabini filings and related materials |
| 10/18/10 | A. Wickers | 0.80 | Review docket from family law case involving woman alleged to have had affair with Mr. Beckham and attempt to obtain copies of potentially relevant documents before hearing on sealing motion (.5); locate other related pleadings from family law case (.3) |
| 10/18/10 | K. Choset | 0.50 | Review of additional documents from Mr. Welch |
| 10/18/10 | R. Brodsky | 0.70 | Research regarding REDACTED house; review Kristin Davis' book |
| 10/18/10 | K. Roth | 0.40 | Pull docket information from Los Angeles Superior Court website |
| 10/19/10 | E. McNamara | 0.80 | Review notice of deposition regarding Michelle Lee; attend to analysis of timing; telephone conference with Mr. Welch regarding same; review documents regarding substantiation |
| 10/19/10 | A. Wickers | 0.80 | Review deposition notice and relevant rules regarding timing (.3); attention to timing of deposition notice, removal, and related issues (.2); attention to answer (.3) |
| 10/19/10 | K. Choset | 3.10 | Correspondence regarding discovery notices; draft answer; draft further removal documents and send same to A. Wickers for review |
| 10/19/10 | R. Brodsky | 1.30 | Review memoir by Kristin Davis |
| 10/20/10 | E. McNamara | 0.80 | Telephone conference with Mr. Welch regarding noticed deposition and strategy; conference with K. Choset regarding same, removal and related issues |
| 10/20/10 | A. Wickers | 2.40 | Telephone calls from Mr. Jensen regarding ex parte application noticed by Mr. Kendall and other issues |



Bauer Publishing USA
Invoice No. 5932720
Page No. 5

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|--------------|------|-------------------------|
| | | | (.6); attention to same (.2); edit draft of answer (1.0); attention to removal issues (.6) |
| 10/20/10 | K. Choset | 3.30 | Correspondence with Mr. Welch regarding fact questions; review of documents in preparation for meetings with editors; draft additional removal papers; sending all removal papers to A. Wickers and E. McNamara for review |
| 10/21/10 | E. McNamara | 5.30 | Review e-mails and related documents; attend to notices for depositions; review and revise removal papers; travel to Bauer; interview Michelle Lee and Annette Deinzer regarding background facts; conference with Mr. Welch regarding same |
| 10/21/10 | A. Wickers | 2.30 | Attention to answer and removal papers (1.9); brief research regarding removal standards in Ninth Circuit (.4) |
| 10/21/10 | A. Buono | 0.40 | Confer with A. Wickers regarding removal plan (.2); review and format removal documents (.2) |
| 10/21/10 | K. Choset | 8.20 | Revision of answer per comments from E. McNamara; correspondence with A. Wickers regarding removal papers and answer; correspondence with Mr. Jensen regarding joint defense agreement; further revision of removal papers; sending same to A. Wickers; meeting with Ms. Lee, Ms. Deinzer and Mr. Welch at Bauer offices; finalizing answer for filing; finalizing all removal papers for next day filing |
| 10/21/10 | C. Gilbertson | 0.30 | Retrieve documents from SC10956 for A. Wickers |
| 10/22/10 | E. McNamara | 4.20 | Numerous e-mails regarding removal strategy and final analysis; review revised removal papers; telephone conference with A. Wickers regarding same; attend to issues surrounding removal; long telephone conference with Beckham's counsel regarding discovery and background facts regarding litigation; telephone conference with Mr. Welch regarding same |
| 10/22/10 | A. Wickers | 0.70 | Attention to removal issues |
| 10/22/10 | A. Buono | 3.30 | Confer with K. Choset, E. McNamara and A. Wickers regarding removal filing (.9); revise removal documents and oversee filings and service (2.4) |
| 10/22/10 | K. Choset | 2.70 | Working with A. Buono to file and serve all removal papers; telephone conferences with A. Wickers regarding same; discussions with E. McNamara regarding same |
| 10/23/10 | E. McNamara | 1.20 | Review articles regarding Roger Stone and possible relation to Irma Nici; review substantiation and e-mails regarding articles |
| 10/25/10 | E. McNamara | 0.30 | Review final removal papers; REDACTED |
| 10/25/10 | A. Buono | 0.20 | Circulate removal filings and oversee filing of |

Davis Wright
Tremaine LLP

Bauer Publishing USA
Invoice No. 5932720
Page No. 6

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|-------------|------|------------------------|
| | | | certificate of service (.2) |
| 10/25/10 | K. Choset | 0.70 | Review of correspondence and review of Roger Stone information |
| 10/25/10 | R. Brodsky | 0.40 | Research regarding Mr. Beckham's alleged previous affairs |
| 10/26/10 | E. McNamara | 0.50 | Telephone conference with Dick Kendall, Esq. regarding Rule 26(f) status conference; attend to scheduling same and anti-SLAPP motion |
| 10/26/10 | K. Choset | 1.30 | Research regarding timing rules; further attention to Stone correspondence |
| 10/27/10 | E. McNamara | 1.20 | Telephone conference with A. Wickers regarding Judge Real and strategy; attend to analysis of timing for SLAPP motion and related issues; telephone conference with Mr. Welch regarding Roger Stone and related issues; further review J. Real's rules and notice demand |
| 10/27/10 | A. Wickers | 1.70 | Attention to anti-SLAPP and discovery issues (.4); telephone call with Mr. Kendall regarding status of case and discovery (.3); review order from Judge Real (.3); attention to Rule 26(f) issues (.2); pull samples of joint reports and initial disclosures from Central District of California and review Judge Real's rules regarding same (.5) |
| 10/27/10 | K. Choset | 2.40 | Further procedural research regarding timing of case and motion; review of judge's rules; legal research regarding stay in federal court; transcribing notes from editor interviews |
| 10/27/10 | R. Brodsky | 0.20 | Research regarding Mr. Beckham, Gawker and Ms. Davis |
| 10/28/10 | E. McNamara | 1.10 | Telephone conference with Mr. Welch regarding status; telephone conference with David Kendall, Esq. regarding Rule 26(f) conference; telephone conference with A. Wickers regarding structure for conference and Initial Disclosures; conference with K. Choset regarding outline |
| 10/28/10 | A. Wickers | 0.80 | Prepare notice of Judge Real's order to counsel (.2); review Roger Stone articles mentioned by Mr. Beckham's counsel (.6) |
| 10/28/10 | K. Choset | 1.40 | Further research regarding 26(f) conference; discussion of same with E. McNamara; coordination with A. Wickers of service of notice of rules; attention to correspondence |
| 10/28/10 | R. Brodsky | 0.70 | Research regarding Mr. Beckham's previous alleged affairs; email to K. Choset regarding case status |
| 10/29/10 | E. McNamara | 0.70 | REDACTED ; telephone conference with Mr. Welch regarding documents to |



Bauer Publishing USA
Invoice No. 5932720
Page No. 7

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|--------------|------|-------------------------|
| | | | exchange and legal analysis (.3); telephone conference with A. Wickers regarding discovery (.4) |
| 10/29/10 | A. Wickers | 0.40 | Review Mr. Beckham's answer to cross-complaint and related pleadings (.2); attention to early meeting of counsel (.2) |
| 10/29/10 | K. Choset | 0.30 | Review of documents filed by Beckham |
| | Total Hours Worked | 115.30 | |

### DISBURSEMENT DETAIL

| DESCRIPTION | QUANTITY | AMOUNT |
|-------------|----------|--------|
| Photocopy Charges | 2,051 | 307.65 |
| Duplicating expense - - LEGAL LANGUAGE SERVICES - 10/08/10, per R. Brodsky | 1 | 106.25 |
| Miscellaneous Expense -- Kevan Choset 10/08/2010 amazon.com book re case | 1 | 14.14 |
| West Publishing (billed at cost) computerized legal research 10/21/10 per A. Wickers | 1 | 62.30 |
| Total Current Disbursements | | $490.34 |

### TOTAL SERVICES AND DISBURSEMENTS - THIS INVOICE

| | |
|---|---|
| Total Current Services | $45,998.53 |
| Total Current Disbursements | 490.34 |
| | ---------------- |
| Total Current Invoice | $46,488.87 |

### SUMMARY BY PROFESSIONAL

| Professional | Hours Worked | Billed Per Hour | Bill Amount |
|--------------|--------------|-----------------|-------------|
| **Partner** | | | |
| McNamara, E. | 32.30 | 555.75 | 17,950.73 |
| Wickers, A. | 17.70 | 484.50 | 8,575.65 |
| | ------------ | | --------------- |
| Total | 50.00 | | 26,526.38 |

**Davis Wright Tremaine** LLP

Bauer Publishing USA
Invoice No. 5932720
Page No. 8

| **Associate** | | | |
|---|---:|---:|---:|
| Buono, A. | 3.90 | 313.50 | 1,222.65 |
| Choset, K. | 39.20 | 361.00 | 14,151.20 |
| | ------------ | | -------------- |
| Total | 43.10 | | 15,373.85 |
| **Paralegal** | | | |
| Brodsky, R. | 20.70 | 190.00 | 3,933.00 |
| Roth, K. | 1.20 | 114.00 | 136.80 |
| | ------------ | | -------------- |
| Total | 21.90 | | 4,069.80 |
| **Other** | | | |
| Gilbertson, C. | 0.30 | 95.00 | 28.50 |
| | ------------ | | -------------- |
| Total | 0.30 | | 28.50 |
| Less Courtesy Discount | | | (0.00) |
| | ------------ | | -------------- |
| Total All Classes | 115.30 | | $45,998.53 |

## STATEMENT OF ACCOUNT

| | |
|---|---:|
| Balance from Previous Statement | $4,964.70 |
| Current Invoice | $45,998.53 |
| | --------------------- |
| Total Balance Due This Matter | $50,963.23 |

Elizabeth A. McNamara

**Davis Wright Tremaine LLP**

Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045

206.622.3150 tel
206.757.7700 fax

Federal ID #91-0839480

Matter ID          0069628-000028                            November 30, 2010
                   David Beckham v. Bauer Publishing          Invoice No. 5932720

Bauer Publishing USA
Attn: Gregory A. Welch, Esq.
270 Sylvan Avenue
Englewood Cliffs, NJ 07632

STATEMENT OF ACCOUNT
as of Oct 31, 2010

Current Invoice - 5932720                    $45,998.53

Total Balance Due This Matter                $50,963.23

PLEASE REMIT WITH PAYMENT

Anchorage      New York       Seattle
Bellevue       Portland       Shanghai
Los Angeles    San Francisco  Washington, D.C.                 www.dwt.com

# Davis Wright
# Tremaine LLP

Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045

206.622.3150 tel
206.757.7700 fax

Federal ID #91-0839480

Bauer Publishing USA
Attn: Gregory A. Welch, Esq.
270 Sylvan Avenue
Englewood Cliffs, NJ 07632

December 16, 2010
Invoice No. 5938978

DECEMBER INVOICE FOR
STATEMENT OF
SERVICES AND DISBURSEMENTS

Matter No.:          0069628-000028
David Beckham v. Bauer Publishing

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|-------------|------|------------------------|
| 11/01/10 | E. McNamara | 0.30 | Telephone conference with A. Wickers regarding Rule 26(f) conference and efforts to contact Jensen; telephone conference with Mr. Welch regarding same |
| 11/02/10 | E. McNamara | 0.40 | REDACTED ; telephone conference with A. Wickers regarding Rule 26(f) conference and attempts to contact Irma Nici's counsel |
| 11/02/10 | K. Choset | 0.50 | Correspondence with E. McNamara regarding logistics for anti-SLAPP motion and timing thereof |
| 11/03/10 | E. McNamara | 0.30 | REDACTED ; e-mail to Mr. Kendall regarding Rule 26(f) conference |
| 11/03/10 | A. Wickers | 0.60 | Attention to Rule 26(f) issues; draft letter to Mr. Jensen; telephone call with Mr. Jensen |
| 11/03/10 | K. Choset | 0.40 | Correspondence regarding fact collection from Ms. Davis; correspondence regarding Ms. Nici's lawyer; attention to logistics for 26(f) conference |
| 11/04/10 | E. McNamara | 0.30 | REDACTED ; review new Beckham appearances |
| 11/04/10 | A. Wickers | 1.20 | Telephone call with Mr. Jensen regarding early meeting of counsel and related issues; communicate |

PAYMENT IS DUE WITHIN 30 DAYS OF THE DATE OF THIS INVOICE
INTEREST WILL BE CHARGED ON INVOICES WHICH ARE 45 DAYS PAST DUE
PAYMENTS RECEIVED AFTER THE DATE OF THIS INVOICE WILL BE REFLECTED ON NEXT MONTH'S BILLING

| Anchorage | New York | Seattle | |
| Bellevue | Portland | Shanghai | |
| Los Angeles | San Francisco | Washington, D.C. | www.dwt.com |

Davis Wright
Tremaine LLP

Bauer Publishing USA
Invoice No. 5938978
Page No. 2

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|--------------|------|-------------------------|
| | | | with Mr. Kendall regarding same; prepare jury demand, including review of Rule 38; brief research regarding appealability issue discussed with Mr. Jensen |
| 11/04/10 | K. Choset | 4.20 | Fact research on Beckham's recent public activity; correspondence regarding demand for jury trial; review of answer; review of pro hac papers from C. Solano; transcribing notes of interviews of Ms. Baer, Ms. Lee and Ms. Deinzer; begin drafting Ms. Baer's declaration |
| 11/04/10 | R. Brodsky | 1.80 | Research regarding Mr. Beckham's Ellen appearance; collecting documents per E. McNamara; capture web clips of Ellen appearance |
| 11/05/10 | E. McNamara | 0.20 | Attend to filing of jury trial request; |
| | | | REDACTED |
| 11/05/10 | K. Choset | 5.30 | Continue drafting declaration of Ms. Baer; begin drafting declaration of Ms. Lee; begin draft of brief |
| 11/05/10 | R. Brodsky | 0.30 | Research regarding Mr. Beckham |
| 11/06/10 | K. Choset | 4.30 | Continue drafting Ms. Lee's declaration; continue rough draft of brief |
| 11/07/10 | K. Choset | 2.20 | Continue draft of overall structure and legal standards sections of brief |
| 11/08/10 | E. McNamara | 0.30 | Attend to issues surrounding affidavits in support of anti-SLAPP |
| 11/08/10 | A. Wickers | 0.50 | Attention to early meeting of counsel (.2); pull sample Ninth Circuit briefing on actual malice (.3) |
| 11/08/10 | K. Choset | 5.20 | Further fact research into Mr. Beckham's life; review of actual malice anti-SLAPP motions; draft actual malice legal section of brief; begin case research |
| 11/08/10 | R. Brodsky | 0.50 | Review articles forwarded by Google alert |
| 11/09/10 | E. McNamara | 1.80 | Review correspondence regarding discovery; attend to legal analysis regarding service; telephone conference with A. Wickers regarding discovery; review draft affidavits; review official transcript of interview |
| 11/09/10 | K. Choset | 2.70 | Preparation for 26(f) conference; review of cases cited by plaintiff's attorney in letter; correspondence with E. McNamara and A. Wickers regarding case law on discovery after anti-SLAPP motion is filed; further review of cases; correspondence regarding Ms. Nici's attorney and Ms. Nici's anti-SLAPP motion; further fact research regarding Mr. Beckham |
| 11/10/10 | E. McNamara | 2.30 | Review and revise affidavits; review materials regarding same; review case law regarding discovery cited by Kendall |
| 11/10/10 | K. Choset | 3.60 | Research on discovery post-anti-SLAPP motion in 9th Circuit; draft memo for E. McNamara listing required discussion points for 26(f) conference and required |



Bauer Publishing USA
Invoice No. 5938978
Page No. 3

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|------|------|------|
| | | | items to include in 26(f) report; revision of draft declarations of Ms. Lee and Ms. Baer; continued draft of brief |
| 11/11/10 | E. McNamara | 4.00 | Review case law regarding discovery in anti-SLAPP motion; revise declarations for motion; REDACTED ; prepare for Rule 26 Conference; telephone conference with A. Wickers regarding same; attend conference; telephone conference with Mr. Welch regarding same and strategy |
| 11/11/10 | A. Wickers | 2.60 | Prepare for and participate in early meeting of counsel; attention to anti-SLAPP motion, including other instances of celebrities who sued over true reports of sexual impropriety |
| 11/11/10 | K. Choset | 6.20 | Research regarding what type of discovery is allowed on actual malice question; preparation for 26(f) conference; court-mandated Rule 26(f) conference with E. McNamara, Mr. Kendall and Mr. Jensen; drafting notes thereabout; correspondence with R. Brodsky regarding timing of filings, potential exhibits, etc.; correspondence with A. Wickers regarding Eddie Cibrian case and facts for inclusion in declarations in this case; review of documents from Cibrian case; drafting inserts to declarations based on requests from E. McNamara |
| 11/11/10 | R. Brodsky | 0.10 | Review email from K. Choset regarding filing anti-SLAPP motion |
| 11/12/10 | E. McNamara | 2.10 | Review and revise Deb Baer declaration; review article and related documents |
| 11/12/10 | K. Choset | 6.40 | Correspondence with R. Brodsky regarding requested fact research; discussions with E. McNamara regarding revisions of declarations and further fact research for declarations; providing information to E. McNamara for declarations; correspondence with Mr. Welch regarding interview with Ms. Dillahunty; continued drafting of brief |
| 11/12/10 | R. Brodsky | 0.70 | Research regarding Beckham; retrieve documents for K. Choset |
| 11/13/10 | E. McNamara | 4.20 | Further revise Baer declaration; review official transcript of Nici interview; review draft anti-SLAPP motion |
| 11/13/10 | K. Choset | 0.20 | Correspondence with E. McNamara regarding Cibrian facts and voicemail regarding same |
| 11/14/10 | E. McNamara | 3.80 | Finalize Baer declaration and transmit to Mr. Welch; review and revise Michelle Lee declaration; transmit to Mr. Welch |



Bauer Publishing USA
Invoice No. 5938978
Page No. 4

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|-------------|------|------------------------|
| 11/14/10 | K. Choset | 2.10 | Review of E. McNamara draft of Ms. Baer's and Ms. Lee's declarations and revision of same; filling in blanks in same; research regarding procedural rules |
| 11/15/10 | E. McNamara | 3.90 | Review and revise Michelle Lee and Deb Baer declarations; review and revise memorandum of law for anti-SLAPP; review file for fact checking substantiation |
| 11/15/10 | K. Choset | 5.30 | Correspondence with Mr. Welch regarding various fact questions for papers; revision of brief per comments from E. McNamara; begin overseeing collection of exhibits with R. Brodsky; review of In Touch coverage of Loos |
| 11/16/10 | E. McNamara | 9.30 | Review and revise motion to strike; review applicable case law; review affidavits and transmit to Mr. Welch; attend to time line and documentable issues; e-mail to plaintiff's counsel regarding Rule 26 filings; review web postings regarding Beckham; further revise motion to strike and transmit to Mr. Welch |
| 11/16/10 | A. Wickers | 2.80 | Attention to Rule 26 issues; attention to anti-SLAPP motion and supporting declarations |
| 11/16/10 | K. Choset | 13.30 | Begin review of all client emails for consistency with papers; draft various inserts/revisions based on same; revision of brief and declarations per E. McNamara comments and filling in various blanks; further procedural research for C.D.Cal.; creation of list of exhibits and description of same; review correspondence from R. Brodsky with fact research; follow-up regarding same; further research on actual malice cases, particularly in federal court; review of papers from Shabani divorce case; correspondence regarding Nici declaration's lack of signature; correspondence with A. Wickers regarding potential declaration from Ms. Deinzer; continued work on exhibits; further fact research regarding Mr. Beckham and Ms. Beckham; further revision of declarations; draft declaration for Ms. Deinzer; correspondence with A. Wickers regarding various cited cases; further revision of brief |
| 11/16/10 | R. Brodsky | 6.20 | Compile exhibits to anti-SLAPP motion; research regarding same |
| 11/17/10 | E. McNamara | 5.80 | Review and revise declarations and motion to strike; attend to numerous issues regarding exhibits and related documents; telephone conference with Mr. Welch and Ashley (West Coast editor) regarding background facts |
| 11/17/10 | A. Wickers | 2.20 | Research regarding Ninth Circuit actual malice cases; attention to anti-SLAPP motion, declarations, and |



Bauer Publishing USA
Invoice No. 5938978
Page No. 5

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|--------------|------|-------------------------|
| | | | related issues |
| 11/17/10 | K. Choset | 9.30 | Overseeing cite-checking of brief; review of exhibits gathered by R. Brodsky; combination of certain exhibits and revision of list thereof; further discussion with A. Wickers regarding non-published cases; research into recent 9th Circuit actual malice cases for E. McNamara; further revision of declarations; telephone conference with Ms. Baer regarding her declaration; revision thereof based on comments from Ms. Baer; telephone conference with Ms. Dillahunty; sending exhibits to Ms. Baer; telephone conference with Mr. Welch regarding exhibit to Ms. Deinzer's declaration; discussion of same with E. McNamara and R. Brodsky; finalizing all exhibits; further revision of brief and formatting thereof; finalizing exhibit numbers and begin insertion of citations; draft declaration of A. Wickers; correspondence with E. McNamara and A. Wickers regarding use of REDACTED; collection of all references to REDACTED for review by E. McNamara; correspondence regarding California privilege for statements in judicial proceedings |
| 11/17/10 | R. Brodsky | 5.60 | Compile exhibits for anti-SLAPP motion |
| 11/17/10 | L. Majer | 5.90 | Cite and quote check brief |
| 11/18/10 | E. McNamara | 3.20 | Review and further revise declarations and motion to strike; review exhibit issues; telephone conference with Mr. Welch regarding strategy on Beckham lover issue and related issues; review filing issues |
| 11/18/10 | A. Wickers | 3.40 | Attention to anti-SLAPP motion, including editing final draft of brief and declarations and preparing for filing (3.4) |
| 11/18/10 | K. Choset | 10.70 | Correspondence with R. Eastburg regarding California privilege; review of correspondence from Ms. Lee regarding final questions in her declaration; revision of declarations and brief to remove references to Beckham lover; insertion of all citations to record; coordination with R. Brodsky of electronic versus paper filing; review of all exhibits; final revision of all papers; correspondence regarding rumors of Beckham dropping suit; overseeing filing of all papers |
| 11/18/10 | R. Brodsky | 6.20 | Finalize exhibits and declarations; forward to C. Solano for filing |
| 11/19/10 | K. Choset | 0.60 | Send all papers to Mr. Welch; correspondence with opposing counsel regarding Rule 26(f) conference report |
| 11/22/10 | E. McNamara | 0.20 | Review scheduling order from court and transmit to Mr. Welch |
| 11/23/10 | A. Wickers | 0.20 | REDACTED |



Bauer Publishing USA
Invoice No. 5938978
Page No. 6

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|--------------|------|-------------------------|
| | | | ; review order from Judge Real resetting hearing date and analyze impact of same |
| 11/23/10 | K. Choset | 1.20 | Review of draft report from Mr. Kelly; draft questions regarding same to A. Wickers; review of sua sponte order from judge regarding schedule, and correspondence regarding same |
| 11/23/10 | R. Brodsky | 0.10 | Review deadlines and judge's order changing deadlines for anti-SLAPP motion |
| 11/29/10 | E. McNamara | 0.70 | Review and revise Rule 26(f) Report; review Rule 26 disclosures; telephone conference with Mr. Welch regarding same and strategy on discovery; review press on complaint; REDACTED |
| 11/29/10 | A. Wickers | 0.80 | Review and comment on draft of joint report and initial disclosures; review and comment on draft stipulation regarding briefing schedules; attention to joint report |
| 11/29/10 | K. Choset | 3.20 | Draft revision of 26(f) report; discussion of same with A. Wickers and E. McNamara; telephone conferences with Mr. Kelly regarding report; draft initial disclosures; revision of same; collection of insurance agreement from Mr. Welch and redaction of same; preparation of initial disclosures for serving; negotiation of language in joint report with Mr. Kelly and Mr. Jensen; finalizing all papers and serving initial disclosures; review of initial disclosures from Mr. Beckham |
| 11/30/10 | E. McNamara | 0.30 | Attend to issues surrounding schedule and discovery motion; telephone conference with A. Wickers regarding same |
| 11/30/10 | A. Wickers | 0.40 | Attention to communications between counsel regarding Mr. Beckham's discovery motion and timing and format of same |
| 11/30/10 | K. Choset | 0.50 | Correspondence with Mr. Kelly and Mr. Jensen regarding discovery motion by stipulation; correspondence with A. Wickers regarding same |
| | Total Hours Worked | 172.90 | |

## DISBURSEMENT DETAIL

| DESCRIPTION | QUANTITY | AMOUNT |
|-------------|----------|--------|
| Photocopy Charges | 1,372 | 205.80 |
| Court reporting service - - LEGAL LANGUAGE SERVICES | 1 | 600.00 |
| - 10/11/10, Certified tape transcription, English to English, per | | |

Davis Wright
Tremaine LLP

Bauer Publishing USA
Invoice No. 5938978
Page No. 7

R. Brodsky

| | | |
|---|---|---|
| Court reporting service - - LEGAL LANGUAGE SERVICES - 10/11/10, Certified tape transcription from English to English, per R. Brodsky | 1 | 337.50 |
| Lexis-Nexis (billed at cost) computerized legal research 10/25/10 per R. Brodsky | 1 | 22.03 |
| Lexis-Nexis (billed at cost) computerized legal research 10/25/10 per R. Brodsky | 1 | 2.25 |
| Lexis-Nexis (billed at cost) computerized legal research 10/25/10 per R. Brodsky | 1 | 1.99 |
| Lexis-Nexis (billed at cost) computerized legal research 10/25/10 per R. Brodsky | 1 | 110.17 |
| Outside search service - - 10/18/10 LASC Online | 1 | 4.75 |
| Other - - 10/07/10, book: "Posh & Becks," per R. Brodsky | 1 | 13.04 |
| West Publishing (billed at cost) computerized legal research 10/28/10 per K. Choset | 1 | 89.07 |
| West Publishing (billed at cost) computerized legal research 11/10/10 per M. Duffy | 1 | 24.92 |
| West Publishing (billed at cost) computerized legal research 11/10/10 per M. Duffy | 1 | 74.75 |
| West Publishing (billed at cost) computerized legal research 11/10/10 per K. Choset | 1 | 471.08 |
| West Publishing (billed at cost) computerized legal research 11/11/10 per K. Choset | 1 | 143.20 |
| West Publishing (billed at cost) computerized legal research 11/12/10 per K. Choset | 1 | 742.98 |
| West Publishing (billed at cost) computerized legal research 11/14/10 per K. Choset | 1 | 53.93 |
| West Publishing (billed at cost) computerized legal research 11/15/10 per R. Brodsky | 1 | 99.69 |
| West Publishing (billed at cost) computerized legal research 11/15/10 per K. Choset | 1 | 193.67 |
| West Publishing (billed at cost) computerized legal research 11/17/10 per R. Brodsky | 1 | 149.86 |
| West Publishing (billed at cost) computerized legal research 11/17/10 per L. Majer | 1 | 27.21 |
| West Publishing (billed at cost) computerized legal research 11/17/10 per L. Majer | 1 | 17.22 |
| West Publishing (billed at cost) computerized legal research 11/17/10 per K. Choset | 1 | 496.01 |
| West Publishing (billed at cost) computerized legal research 11/18/10 per A. Wickers | 1 | 10.51 |
| West Publishing (billed at cost) computerized legal research 11/18/10 per K. Choset | 1 | 281.30 |
| Total Current Disbursements | | $4,172.93 |



Bauer Publishing USA
Invoice No. 5938978
Page No. 8

### TOTAL SERVICES AND DISBURSEMENTS - THIS INVOICE

| | |
|---|---|
| Total Current Services | 68,055.15 |
| Total Current Disbursements | 4,172.93 |
| | ---------------- |
| Total Current Invoice | $72,228.08 |

### SUMMARY BY PROFESSIONAL

| Professional | Hours Worked | Billed Per Hour | Bill Amount |
|---|---|---|---|
| **Partner** | | | |
| McNamara, E. | 43.40 | 555.75 | 24,119.55 |
| Wickers, A. | 14.70 | 484.50 | 7,122.15 |
| | ------------ | | ---------------- |
| Total | 58.10 | | 31,241.70 |
| **Associate** | | | |
| Choset, K. | 87.40 | 361.00 | 31,551.40 |
| | ------------ | | ---------------- |
| Total | 87.40 | | 31,551.40 |
| **Paralegal** | | | |
| Brodsky, R. | 21.50 | 190.00 | 4,085.00 |
| Majer, L. | 5.90 | 199.50 | 1,177.05 |
| | ------------ | | ---------------- |
| Total | 27.40 | | 5,262.05 |
| Less Courtesy Discount | | | (0.0) |
| | ------------ | | ---------------- |
| Total All Classes | 172.90 | | $68,055.15 |

Bauer Publishing USA
Invoice No. 5938978
Page No. 9

**STATEMENT OF ACCOUNT**

Balance from Previous Statement                    $50,963.23

Current Invoice                                    $68,055.15

                                                 --------------------
Total Balance Due This Matter                      $119,018.38


Elizabeth A. McNamara

**Davis Wright Tremaine LLP**

Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045

206.622.3150 tel
206.757.7700 fax

Federal ID #91-0839480

Matter ID    0069628-000028
    David Beckham v. Bauer Publishing

December 16, 2010
Invoice No. 5938978

Bauer Publishing USA
Attn: Gregory A. Welch, Esq.
270 Sylvan Avenue
Englewood Cliffs, NJ 07632

STATEMENT OF ACCOUNT
as of Nov 30, 2010

Current Invoice - 5938978      $68,055.15

Total Balance Due This Matter    $119,018.38

**PLEASE REMIT WITH PAYMENT**

Anchorage    New York    Seattle
Bellevue      Portland    Shanghai
Los Angeles   San Francisco   Washington, D.C.        www.dwt.com

**Davis Wright Tremaine** LLP

Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045

206.622.3150 tel
206.757.7700 fax

Federal ID #91-0839480

Bauer Publishing USA
Attn: Gregory A. Welch, Esq.
270 Sylvan Avenue
Englewood Cliffs, NJ 07632

January 24, 2011
Invoice No. 5945429
Revised 1/31/11

JANUARY INVOICE FOR
STATEMENT OF
SERVICES AND DISBURSEMENTS

Matter No.:          0069628-000028
David Beckham v. Bauer Publishing

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|--------------|------|-------------------------|
| 11/09/10 | A. Wickers | 0.50 | Review letter from plaintiff's counsel regarding discovery; review cases relating to discovery in anti-SLAPP cases in federal court |
| 12/01/10 | E. McNamara | 0.20 | Attend to scheduling issues for motions; REDACTED |
| 12/01/10 | A. Wickers | 0.70 | Attention to schedule of Mr. Beckham's discovery motion; telephone call concerning other alleged infidelities by Mr. Beckham |
| 12/01/10 | K. Choset | 3.20 | Attention to pro hac vice forms and correspondence with R. Brodsky regarding same; correspondence regarding Kelly voicemail and returning message of same regarding schedule; correspondence with team regarding motion vs. stipulation process; further correspondence with team regarding scheduling possibilities and correspondence with Kelly regarding same; REDACTED |
| 12/01/10 | R. Brodsky | 1.40 | Prepare pro hac vice applications for E. McNamara and K. Choset; request certificates of good standing for same |
| 12/02/10 | A. Wickers | 0.80 | Telephone calls with Mr. Jensen and Mr. Kelly regarding discovery and related issues |
| 12/02/10 | K. Choset | 0.20 | Telephone conference with Mr. Kelly regarding proposed new schedule |

PAYMENT IS DUE WITHIN 30 DAYS OF THE DATE OF THIS INVOICE
INTEREST WILL BE CHARGED ON INVOICES WHICH ARE 45 DAYS PAST DUE
PAYMENTS RECEIVED AFTER THE DATE OF THIS INVOICE WILL BE REFLECTED ON NEXT MONTH'S BILLING

| Anchorage | New York | Seattle | |
| Bellevue | Portland | Shanghai | |
| Los Angeles | San Francisco | Washington, D.C. | www.dwt.com |

Davis Wright
Tremaine LLP

Bauer Publishing USA
Invoice No. 5945429
Page No. 2

| **DATE** | **PROFESSIONAL** | **TIME** | **DESCRIPTION OF SERVICES** |
|---|---|---|---|
| 12/02/10 | R. Brodsky | 0.10 | Review Shabani divorce documents |
| 12/03/10 | A. Wickers | 0.40 | Communicate with Mr. Kelly and Mr. Jensen regarding stipulation regarding briefing schedules and hearing dates and attention to same |
| 12/03/10 | K. Choset | 1.20 | Review of proposed stipulation and execution of same; correspondence with A. Wickers regarding Mr. Jensen; correspondence with opposing counsel regarding scheduling and stipulation |
| 12/06/10 | E. McNamara | 0.0 | |
| 12/06/10 | K. Choset | 0.80 | Review of insurance policy per request from E. McNamara; review of stipulation filed by Mr. Kelly; further attention to pro hac vice papers |
| 12/06/10 | R. Brodsky | 0.90 | Prepare pro hac vice applications for E. McNamara and K. Choset |
| 12/07/10 | E. McNamara | 0.40 | Review court notice regarding filing of motion and related documents; telephone conference with A. Wickers regarding same; e-mail to Mr. Welch regarding same |
| 12/07/10 | A. Wickers | 0.20 | Review court's order denying request for briefing schedule and assess impact of same; REDACTED |
| 12/07/10 | K. Choset | 0.40 | Review of Judge's order denying stipulation |
| 12/07/10 | R. Brodsky | 0.70 | Revise pro hac vice applications for E. McNamara and K. Choset |
| 12/08/10 | E. McNamara | 0.30 | Attend to scheduling issues regarding anti-SLAPP motion and strategy regarding same |
| 12/08/10 | A. Wickers | 0.40 | Attention to opposition to anticipated motion for relief from stay on discovery |
| 12/08/10 | K. Choset | 2.20 | Attention to pro hac vice papers and finalizing same; correspondence with team regarding new schedule; telephone call to court's clerk regarding briefing schedule; review of sample discovery motion oppositions from A. Wickers; review of relevant case law |
| 12/08/10 | R. Brodsky | 0.90 | Finalize pro hac vice applications and forward to A. Wickers for filing |
| 12/09/10 | E. McNamara | 0.60 | REDACTED ; telephone conference with Mr. Kendall regarding motion for discovery; attend to issues regarding possible production of tapes; REDACTED |
| 12/09/10 | A. Wickers | 1.30 | Attention to Court's order regarding hearing date and plaintiff's anticipated discovery requests and motion; review local rules regarding timing of possible discovery motion; telephone conference with Mr. |



Bauer Publishing USA
Invoice No. 5945429
Page No. 3

| **DATE** | **PROFESSIONAL** | **TIME** | **DESCRIPTION OF SERVICES** |
|----------|------------------|----------|------------------------------|
| | | | Kendall regarding discovery issues; attention to opposition to discovery motion; telephone call from Mr. Kelly regarding meet and confer requirement for discovery motion; attention to pro hac vice applications |
| 12/09/10 | K. Choset | 3.70 | Further review of case law regarding discovery motions; collection of cases for E. McNamara; REDACTED ; review of order from Court regarding briefing schedule; correspondence regarding meet and confer; discussion with E. McNamara regarding request for tapes from plaintiff; review of audio recordings; REDACTED ; begin outlining discovery opposition |
| 12/09/10 | R. Brodsky | 0.00 | |
| 12/10/10 | E. McNamara | 0.60 | Attend to research for opposition to motion for discovery; read letter from plaintiff's counsel regarding same |
| 12/10/10 | A. Wickers | 0.90 | Attention to Bauer's portion of joint stipulation/opposition to motion for relief from discovery stay; review letter regarding discovery from plaintiff's counsel and comment on same |
| 12/10/10 | K. Choset | 2.60 | Correspondence with A. Wickers regarding scheduling; review of joint stipulation model; review of letter from plaintiff regarding meet and confer; correspondence with team regarding content of audio recordings; correspondence with E. McNamara regarding counterarguments to letter |
| 12/11/10 | E. McNamara | 1.10 | Review letter regarding discovery from plaintiff's counsel; telephone conference with K. Choset regarding strategy for opposition; review case law |
| 12/11/10 | K. Choset | 8.30 | Telephone conference with E. McNamara regarding discovery opposition; drafting of opposition section of brief based on letter from Beckham |
| 12/12/10 | E. McNamara | 0.50 | Review additional case law on discovery issues |
| 12/12/10 | A. Wickers | 0.40 | Review Eastwood actual malice decision and draft short memorandum regarding application for opposition to discovery motion and reply in support of anti-SLAPP motion |
| 12/13/10 | E. McNamara | 2.20 | Review materials and testimony in preparation for Meet & Confer with plaintiff's counsel; attend Meet & Confer; telephone conference with Irma Nici's counsel regarding same; review caselaw regarding SLAPP motion and request for discovery |
| 12/13/10 | K. Choset | 4.20 | Meet and confer telephone conference regarding discovery motion; continue drafting discovery opposition per comments from phone call; draft list of itemized requests mentioned in phone conference; |

Davis Wright Tremaine LLP

Bauer Publishing USA
Invoice No. 5945429
Page No. 4

| **DATE** | **PROFESSIONAL** | **TIME** | **DESCRIPTION OF SERVICES** |
|---|---|---|---|
| | | | collection of cases for E. McNamara; correspondence regarding possible schedules based on filing of Beckham's half of motion; review of J. Real anti-SLAPP/defamation cases |
| 12/14/10 | E. McNamara | 0.70 | REDACTED; review applicable case law regarding motion on discovery |
| 12/14/10 | K. Choset | 1.00 | Further drafting of opposition |
| 12/15/10 | E. McNamara | 0.40 | REDACTED; telephone conference with Mr. Welch regarding Meet & Confer with plaintiff's counsel and motion regarding discovery; REDACTED |
| 12/15/10 | A. Wickers | 0.70 | Attention to opposition to discovery motion (.5); telephone calls with Mr. Jensen regarding declaration of Ms. Nici (.2) |
| 12/15/10 | K. Choset | 0.50 | Correspondence with A. Wickers regarding format of stipulation; REDACTED |
| 12/15/10 | R. Brodsky | 0.20 | Telephone call with K. Choset regarding status of Mr. Beckham's discovery motion |
| 12/16/10 | E. McNamara | 1.00 | REDACTED; telephone conference with Mr. Welch regarding status and strategy of case; attend to issues surrounding plaintiff's motion for discovery |
| 12/16/10 | A. Wickers | 2.60 | Attend meeting with potential witness (2.4); attention to issues relating to discovery motion (.2) |
| 12/16/10 | K. Choset | 0.20 | Telephone conference with A. Wickers regarding failure of Beckham to serve |
| 12/17/10 | E. McNamara | 1.30 | Telephone conference with A. Wickers regarding interview on additional Beckham affairs, motion for discovery and related issues; REDACTED; review notice regarding filing of motion for discovery |
| 12/17/10 | A. Wickers | 0.80 | Attention to discovery motion, including review of papers from plaintiff's counsel (.8) |
| 12/17/10 | K. Choset | 2.90 | Discussion with E. McNamara regarding A. Wickers meeting with potential witness; review of all papers filed by Beckham; printing same and discussions with E. McNamara regarding same |
| 12/18/10 | E. McNamara | 2.60 | Review motion for discovery; conference with K.Choset regarding strategy for same; draft and transmit e-mail regarding comments on motion; review applicable case law |
| 12/18/10 | K. Choset | 2.10 | Telephone conference with E. McNamara regarding |



Bauer Publishing USA
Invoice No. 5945429
Page No. 5

| **DATE** | **PROFESSIONAL** | **TIME** | **DESCRIPTION OF SERVICES** |
|---|---|---|---|
| | | | Beckham's papers; further review of papers and notes on same; sending notes regarding brief to E. McNamara |
| 12/19/10 | E. McNamara | 4.70 | Further review motion for discovery and supporting evidence; begin to draft opposition; REDACTED |
| 12/19/10 | K. Choset | 0.50 | Review of notes from E. McNamara; REDACTED |
| 12/20/10 | E. McNamara | 2.40 | Review applicable case law; draft opposition to motion; review and revise letter to Phil Kelly transmitting CD of interview |
| 12/20/10 | K. Choset | 2.10 | Correspondence regarding sending tapes to Beckham; review of all notes from E. McNamara and myself; begin drafting outline of revised opposition |
| 12/20/10 | R. Brodsky | 0.80 | Create draft CDs of Beckham tapes; review and respond to emails from K. Choset regarding production of tapes and schedule for discovery dispute |
| 12/21/10 | E. McNamara | 3.90 | Review case law and draft portion of opposition to motion to compel discovery; telephone conference with K. Choset regarding same and gathering additional facts |
| 12/21/10 | K. Choset | 14.40 | Drafting opposition section of stipulation |
| 12/22/10 | E. McNamara | 6.30 | Review and revise opposition motion to discovery; telephone conference with Paul Jensen regarding same |
| 12/22/10 | A. Wickers | 0.30 | Attention to Bauer's portion of joint stipulation and local rules regarding same (.3) |
| 12/22/10 | K. Choset | 7.40 | Attention to procedural issues regarding joint stipulation; further research per comments from E. McNamara; correspondence regarding ex parte motion; revision of joint stipulation based on E. McNamara's revisions |
| 12/22/10 | R. Brodsky | 0.20 | Finalize disk of interview audio to transmit to plaintiff |
| 12/23/10 | E. McNamara | 3.30 | Review and revise opposition to motion for discovery; review applicable case law; conference with K. Choset regarding timing of opposition |
| 12/23/10 | K. Choset | 5.20 | Further revision of brief; begin drafting McNamara declaration |
| 12/24/10 | E. McNamara | 3.60 | Review and further revise opposition to motion for discovery; review applicable law and filing by plaintiff |
| 12/26/10 | A. Wickers | 2.20 | Review, analyze, and annotate draft of Bauer's portion of joint stipulation regarding discovery motion, including brief research (2.2) |
| 12/26/10 | K. Choset | 1.80 | Review of E. McNamara revisions and editing document |
| 12/27/10 | E. McNamara | 7.70 | Review and further revise opposition to motion for discovery; review draft supporting affidavit; review |



Bauer Publishing USA
Invoice No. 5945429
Page No. 6

| **DATE** | **PROFESSIONAL** | **TIME** | **DESCRIPTION OF SERVICES** |
|---|---|---|---|
| | | | applicable law; exchange numerous e-mails with Beckham's counsel; telephone conference with Paul Jensen (Nici's counsel) regarding Nici draft opposition; attend to timing of filing; finalize draft opposition and conference with K. Choset regarding timing of filing and related issues |
| 12/27/10 | A. Wickers | 0.30 | Attention to Bauer's portion of joint stipulation on discovery issues |
| 12/27/10 | K. Choset | 8.30 | Further research per E. McNamara requests; revision of brief; overseeing cite-checking; finalizing all papers and serving on opposing counsel |
| 12/27/10 | S. Childs | 5.00 | Review and cite-check joint stipulation |
| 12/28/10 | E. McNamara | 0.90 | Attend to issues surrounding coordinating both portions of motion and timing for same; respond to e-mails from Beckham's counsel; telephone conference with Mr. Welch regarding motion and strategy for same |
| 12/28/10 | A. Wickers | 1.00 | Attention to local rules regarding joint stipulation for discovery motion; attention to communications from opposing counsel regarding joint stipulation and ex parte application; review and analyze plaintiff's ex parte application and supporting papers and review Mission Power Engineering case regarding standards for ex partes |
| 12/28/10 | K. Choset | 4.20 | Discussions with E. McNamara regarding proposed time to respond to combined stipulation; review of combined document and correspondence with opposing counsel regarding errors; inserting page citations; finalizing combined document and executing same; correspondence regarding ex parte motion; review of ex parte papers; discussion with A. Wickers regarding ex parte papers and whether to respond |
| 12/29/10 | E. McNamara | 2.10 | Review ex parte application and conference on response; review and revise response to ex parte application |
| 12/29/10 | A. Wickers | 0.30 | Attention to response to ex parte application |
| 12/29/10 | K. Choset | 4.80 | Draft opposition to ex parte motion; review revisions from E. McNamara and further revision of same; draft K. Choset declaration; filing papers |
| 12/30/10 | E. McNamara | 0.0 | |
| | Total Hours Worked | 153.00 | |

**DISBURSEMENT DETAIL**

| **DESCRIPTION** | **QUANTITY** | **AMOUNT** |
|---|---|---|

Bauer Publishing USA
Invoice No. 5945429
Page No. 7

| | | |
|---|---|---|
| Photocopy Charges | 626 | 93.90 |
| Filing fee - - NATIONWIDE LEGAL INC - 10/21/10 Santa Monica Superior Court per C. Solano | 1 | 2,255.25 |
| Filing fee - - NATIONWIDE LEGAL INC - 11/8/10 USDC per C. Solano | 1 | 76.00 |
| Filing fee - - CLERK APPELLATE DIVISION  - 12/01/10, Certificate of Good Standing, per R. Brodsky | 1 | 5.00 |
| Filing fee - - APEX ATTORNEY SERVICES INC - 10/22/10 USDC per Y. Godson | 1 | 448.00 |
| Filing fee - - CLERK APPELLATE DIVISION  - 12/01/10, Certificate of Good Standing, per E. McNamara | 1 | 5.00 |
| Ground transportation - - ALL CITY CORPORATE  - 11/16/10, Car service per R. Brodsky | 1 | 47.23 |
| Ground transportation - - VITAL TRANSPORTATION INC  - 11/17/10, Sedan service per R. Brodsky | 1 | 36.59 |
| Legal process server service - - APEX ATTORNEY SERVICES INC - 10/22/10 Rich Kendall per Y. Godson | 1 | 46.00 |
| Legal process server service - - APEX ATTORNEY SERVICES INC - 10/22/10 Bert Deixler per Y. Godson | 1 | 46.00 |
| Legal process server service - - APEX ATTORNEY SERVICES INC - 10/22/10 Paul Jensen per Y. Godson | 1 | 209.50 |
| Outside delivery service - - FED EX ERS - 12/01/10 Delivery to Robert Abrams Building Albany NY per Elizabeth A. Mcnamara | 1 | 9.54 |
| Outside delivery service - - NATIONWIDE LEGAL INC - 10/28/10 USDC per C. Solano | 1 | 26.00 |
| Outside delivery service - - FED EX ERS - 12/02/10 Delivery to 1633 Broadway New York City NY per Elizabeth A. Mcnamara | 1 | 9.54 |
| Outside delivery service - - BLUE STAR COURIER - 10/13/10, Legal Language | 1 | 6.95 |
| Outside delivery service - - APEX ATTORNEY SERVICES INC - 10/22/10 per Y. Godson | 1 | 85.00 |
| Outside search service - - NATIONWIDE LEGAL INC - 10/18/10 LASC per C. Solano | 1 | 168.00 |
| Outside search service - - NATIONWIDE LEGAL INC - 10/22/10 Santa Monica Superior Court per C. Solano | 1 | 209.25 |
| Taxi/Car Service -- Elizabeth McNamara 11/16/2010 245 W. 104th St. | 1 | 11.90 |
| West Publishing (billed at cost) computerized legal research 12/09/10 per K. Choset | 1 | 688.34 |
| West Publishing (billed at cost) computerized legal research 12/11/10 per K. Choset | 1 | 90.22 |
| West Publishing (billed at cost) computerized legal research 12/13/10 per K. Choset | 1 | 1,423.05 |
| West Publishing (billed at cost) computerized legal research 12/21/10 per K. Choset | 1 | 917.03 |
| West Publishing (billed at cost) computerized legal research | 1 | 104.21 |



Bauer Publishing USA
Invoice No. 5945429
Page No. 8

12/23/10 per K. Choset

| | |
|---|---:|
| Total Current Disbursements | $7,017.50 |

---

### TOTAL SERVICES AND DISBURSEMENTS - THIS INVOICE

| | |
|---|---:|
| Total Current Services | 64,426.15 |
| Total Current Disbursements | 7,017.50 |
| | ---------------- |
| Total Current Invoice | $71,443.65 |

---

### SUMMARY BY PROFESSIONAL

| Professional | Hours Worked | Billed Per Hour | Bill Amount |
|---|---:|---:|---:|
| **Partner** | | | |
| McNamara, E. | 46.80 | 555.75 | 26,009.10 |
| Wickers, A. | 13.80 | 484.50 | 6,686.10 |
| | ------------ | | ---------------- |
| Total | 60.60 | | 32,695.20 |
| **Associate** | | | |
| Choset, K. | 82.20 | 361.00 | 29,674.20 |
| | ------------ | | ---------------- |
| Total | 82.20 | | 29,674.20 |
| **Paralegal** | | | |
| Brodsky, R. | 5.20 | 190.00 | 988.00 |
| Childs, S. | 5.00 | 213.75 | 1,068.75 |
| | ------------ | | ---------------- |
| Total | 10.20 | | 2,056.75 |
| Less Courtesy Discount | | | (0.0) |
| | ------------ | | ---------------- |
| Total All Classes | 153.00 | | $64,426.15 |



Bauer Publishing USA
Invoice No. 5945429
Page No. 9

## STATEMENT OF ACCOUNT

Balance from Previous Statement                     $119,018.38

Less Payments Received as of 01/18/11 -                  ($-----)
   BAUER MAGAZINE LIMITED PARTNERSHIP - CK # 49067

Current Invoice                                      $71,443.65
                                            --------------------

Total Balance Due This Matter                        $71,443.65


Elizabeth A. McNamara

# Davis Wright Tremaine LLP

Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045

206.622.3150 tel
206.757.7700 fax

Federal ID #91-0839480

Matter ID    0069628-000028           January 24, 2011
             David Beckham v. Bauer Publishing      Invoice No. 5945429

Bauer Publishing USA
Attn: Gregory A. Welch, Esq.
270 Sylvan Avenue
Englewood Cliffs, NJ 07632

## STATEMENT OF ACCOUNT
### as of Dec 31, 2010

Current Invoice - 5945429        $71,443.65

Total Balance Due This Matter      $71,443.65

REMITTANCE

## PLEASE REMIT WITH PAYMENT

Anchorage    New York    Seattle
Bellevue    Portland    Shanghai
Los Angeles    San Francisco    Washington, D.C.            www.dwt.com

# Davis Wright
# Tremaine LLP

Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045

206.622.3150 tel
206.757.7700 fax

Federal ID #91-0839480

Bauer Publishing USA
Attn: Gregory A. Welch, Esq.
270 Sylvan Avenue
Englewood Cliffs, NJ 07632

February 16, 2011
Invoice No. 5951500

FEBRUARY INVOICE FOR
STATEMENT OF
SERVICES AND DISBURSEMENTS

Matter No.: 0069628-000028
David Beckham v. Bauer Publishing

| **DATE** | **PROFESSIONAL** | **TIME** | **DESCRIPTION OF SERVICES** |
|---|---|---|---|
| 01/02/11 | A. Wickers | 0.30 | Analyze issues related to oral argument on discovery motion |
| 01/03/11 | E. McNamara | 0.90 | Attend to issues surrounding reply to motion to compel discovery and strategy regarding same; telephone conference with A. Wickers regarding oral argument on motion to compel discovery; respond to e-mail regarding new date for argument regarding discovery motion and send notice to Mr. Welch regarding same |
| 01/03/11 | A. Wickers | 0.30 | Attention to status of motion to compel and rule permitting supplemental reply |
| 01/03/11 | K. Choset | 2.30 | Sending discovery motion papers to Mr. Welch; discussion with E. McNamara regarding whether to submit reply papers on discovery motion; correspondence and telephone call with A. Wickers regarding same; attention to correspondence from opposing counsel regarding ex parte motion; discussion with E. McNamara regarding same |
| 01/04/11 | E. McNamara | 1.40 | Review court order on ex parte application; telephone conference with Mr. Welch regarding same, strategy for argument, discovery strategy and availability of witnesses; review reply filing and respond to e-mail from Nici's counsel |
| 01/04/11 | A. Wickers | 0.40 | Review court's order and brief research regarding judge's procedures for oral argument; review plaintiff's |

PAYMENT IS DUE WITHIN 30 DAYS OF THE DATE OF THIS INVOICE
INTEREST WILL BE CHARGED ON INVOICES WHICH ARE 45 DAYS PAST DUE
PAYMENTS RECEIVED AFTER THE DATE OF THIS INVOICE WILL BE REFLECTED ON NEXT MONTH'S BILLING

| Anchorage | New York | Seattle |
| Bellevue | Portland | Shanghai |
| Los Angeles | San Francisco | Washington, D.C. |

www.dwt.com



Bauer Publishing USA
Invoice No. 5951500
Page No. 2

| **DATE** | **PROFESSIONAL** | **TIME** | **DESCRIPTION OF SERVICES** |
|---|---|---|---|
| | | | supplemental memorandum in support of motion to compel |
| 01/04/11 | K. Choset | 0.80 | Review of reply brief filed by Beckham; correspondence with team regarding same |
| 01/05/11 | E. McNamara | 0.90 | Review reply filed by Beckham; e-mail to Mr. Welch regarding same; begin to prepare for oral argument |
| 01/05/11 | A. Wickers | 0.20 | Attention to Beckham's arguments regarding falsity |
| 01/05/11 | K. Choset | 1.40 | Correspondence regarding timing of Beckham's reply brief and potential objection thereto; discussion with E. McNamara regarding arguments for discovery conference; research regarding burden on falsity |
| 01/05/11 | R. Brodsky | 0.60 | Review Google alerts; retrieve case law |
| 01/06/11 | R. Brodsky | 0.20 | Review updated briefing schedules |
| 01/07/11 | E. McNamara | 1.30 | Organize materials for oral argument; attend to legal analysis of particular point, including use of Goldwater and necessity to establish falsity |
| 01/07/11 | K. Choset | 3.70 | Research on Goldwater and burden of falsity for use at oral arguments; draft memos regarding same; preparation of materials for E. McNamara for January 10 hearing |
| 01/08/11 | E. McNamara | 1.80 | Review motion to compel discovery and begin to prepare for oral argument |
| 01/08/11 | K. Choset | 0.20 | Continued collection of cases for E. McNamara for hearing |
| 01/09/11 | E. McNamara | 7.30 | Read entire record on motion to compel; review applicable case law; draft and prepare oral argument; travel to Los Angeles for argument |
| 01/09/11 | K. Choset | 0.10 | Correspondence regarding Beckham pregnancy |
| 01/10/11 | E. McNamara | 4.40 | Prepare for oral argument; attend and argue motion to compel discovery; telephone conference with Mr. Welch regarding court's decision and strategy for next steps; conference with Mr. Jensen regarding Nici affidavit and related issues; attend to issue for reply on SLAPP motion; travel to New York |
| 01/10/11 | A. Wickers | 2.10 | Attend hearing on discovery motion (1.5); attention to proposed order and strategy (.4); edit order and review local rules regarding same (.2) |
| 01/10/11 | K. Choset | 1.40 | Correspondence in preparation for conference; correspondence regarding outcome of conference; draft proposed order denying discovery, as per Court's order; revision of draft per A. Wickers comments and sending same to E. McNamara; outline topics for reply brief on anti-SLAPP motion and correspondence with A. Wickers regarding same |
| 01/11/11 | E. McNamara | 0.60 | Telephone conference with Mr. Welch regarding status and strategy an anti-SLAPP; review and revise proposed order for Judge Real |



Bauer Publishing USA
Invoice No. 5951500
Page No. 3

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|--------------|------|-------------------------|
| 01/11/11 | A. Wickers | 0.30 | Attention to proposed order, including review of General Order 08-02 and preparation of notice of lodging |
| 01/11/11 | K. Choset | 2.80 | Review of comments from A. Wickers regarding research subjects for reply brief; review of sample briefs sent by A. Wickers; finalizing proposed order and review of rules regarding same; review of local rules regarding reply brief |
| 01/13/11 | E. McNamara | 0.50 | Attend to strategy for reply memorandum of law on motion to strike |
| 01/13/11 | A. Wickers | 0.30 | Respond to inquiries from Ms. Herger and Mr. Heller regarding order on discovery motion; attention to anticipated evidentiary objections |
| 01/13/11 | K. Choset | 1.80 | Review of press reports regarding discovery order; further research for reply brief; discussions with E. McNamara regarding timing of reply brief and contents thereof; telephone conference with A. Wickers regarding evidentiary objections and replies thereto |
| 01/14/11 | E. McNamara | 0.60 | Gather case law for reply |
| 01/14/11 | A. Wickers | 0.90 | Review and analyze plaintiff's opposition papers |
| 01/14/11 | K. Choset | 1.20 | Review of sample evidentiary objections from A. Wickers; review of SLAPP opposition papers filed by Mr. Beckham |
| 01/15/11 | E. McNamara | 2.90 | Review opposition to SLAPP motion, accompanying affidavits and exhibits; e-mail to Mr. Welch regarding same; conference with K. Choset regarding strategy for reply brief; transmit comments regarding same; research issues raised in opposition |
| 01/15/11 | K. Choset | 1.70 | Notes to E. McNamara and A. Wickers regarding opposition papers and plans for reply; review of comments from E. McNamara; correspondence with Mr. Welch regarding photographic evidence of Beckham in NY |
| 01/16/11 | E. McNamara | 1.20 | Review applicable case law regarding reply |
| 01/16/11 | A. Wickers | 0.60 | Outline issues for reply |
| 01/16/11 | K. Choset | 3.50 | Correspondence with Mr. Welch regarding photographs; review of Wikipedia history; correspondence with E. McNamara regarding scheduling and topics for brief; detailed review of all papers and notes for reply |
| 01/17/11 | E. McNamara | 0.80 | Telephone conference with Mr. Welch regarding analysis of opposition and strategy for response; further telephone conference with Mr. Welch regarding Deb Baer response to Twitter evidence; telephone conference with K. Chose regarding strategy for reply |
| 01/17/11 | K. Choset | 14.40 | Review notes from A. Wickers regarding opposition papers; draft reply brief |

Davis Wright
Tremaine LLP

Bauer Publishing USA
Invoice No. 5951500
Page No. 4

| DATE | PROFESSIONAL | TIME | DESCRIPTION OF SERVICES |
|------|-------------|------|------------------------|
| 01/18/11 | E. McNamara | 1.40 | Review draft reply memorandum of law; telephone conference with K. Choset regarding same; review applicable case law |
| 01/18/11 | K. Choset | 1.30 | Further correspondence with Mr. Welch regarding photos of Beckham in NY; review of transcript from hearing; discussions with E. McNamara regarding portions of brief |
| 01/19/11 | E. McNamara | 3.80 | Review and revise draft reply |
| 01/19/11 | K. Choset | 6.40 | Further research per requests from E. McNamara; revision of brief based on E. McNamara revisions |
| 01/19/11 | R. Brodsky | 2.20 | Research regarding news articles in preparation for reply brief |
| 01/20/11 | E. McNamara | 5.90 | Review and revise reply memorandum of law; attend to applicable law; conference with K. Choset regarding same and changes |
| 01/20/11 | K. Choset | 4.30 | Further revision of brief |
| 01/20/11 | R. Brodsky | 5.30 | Cite check reply brief |
| 01/21/11 | E. McNamara | 2.10 | Review, revise and finalize reply memorandum of law; incorporate A. Wickers' comments; review Michaels decision and revise commentary regarding same; telephone conference with Mr. Welch regarding comments |
| 01/21/11 | A. Wickers | 2.30 | Edit and annotate draft of reply brief, including research (1.8); attention to reply brief and filing (.5) |
| 01/21/11 | K. Choset | 4.90 | Final revisions of brief; overseeing cite-checking, table of authorities and formatting of brief; filing brief |
| 01/21/11 | R. Brodsky | 5.00 | Finalize cite check; create table of authorities |
| 01/26/11 | E. McNamara | 0.50 | Telephone conference with Mr. Neben regarding status of case and transmit documents regarding same |
| | Total Hours Worked | 111.50 | |

**DISBURSEMENT DETAIL**

| DESCRIPTION | QUANTITY | AMOUNT |
|-------------|----------|--------|
| Photocopy Charges | 724 | 108.60 |
| Working meal - - SEAMLESSWEB PROFESSIONAL SOLUTIONS LLC  - 11/16/10, per R. Brodsky | 1 | 19.83 |
| Working meal - - SEAMLESSWEB PROFESSIONAL SOLUTIONS LLC  - 11/16/10, per A. Murphy | 1 | 19.29 |
| Working meal - - SEAMLESSWEB PROFESSIONAL SOLUTIONS LLC  - 12/16/10, per K. Choset | 1 | 23.02 |
| Working meal - - SEAMLESSWEB PROFESSIONAL SOLUTIONS LLC  - 12/21/10, per K. Choset | 1 | 22.77 |
| Outside delivery service - - FED EX ERS - 12/22/10 Delivery to 10100 Santa Monica Blvd Ste Los Angeles CA per Elizabeth | 1 | 16.16 |

**Davis Wright Tremaine LLP**

Bauer Publishing USA
Invoice No. 5951500
Page No. 5

A. Mcnamara

| | | |
|---|---|---|
| Outside delivery service - - FED EX ERS - 12/22/10 Delivery to 650 Town Center Drive Costa Mesa CA per Elizabeth A. Mcnamara | 1 | 16.16 |
| Outside delivery service - - NATIONWIDE LEGAL INC - 11/19/10 USDC per C. Solano | 1 | 31.00 |
| Outside delivery service - - NATIONWIDE LEGAL INC - 12/10/10 USDC per C. Solano | 1 | 588.00 |
| Outside delivery service - - BLUE STAR COURIER - 12/01/10, to Keating & Walker | 1 | 6.95 |
| Parking / Tolls / Ferry -- Alonzo Wickers 01/10/2011 | 1 | 6.00 |
| West Publishing (billed at cost) computerized legal research 12/26/10 per K. Choset | 1 | 884.88 |
| West Publishing (billed at cost) computerized legal research 12/27/10 per S. Childs | 1 | 1,203.01 |
| West Publishing (billed at cost) computerized legal research 12/27/10 per K. Choset | 1 | 303.11 |
| West Publishing (billed at cost) computerized legal research 12/29/10 per K. Choset | 1 | 878.97 |
| West Publishing (billed at cost) computerized legal research 01/05/11 per R. Brodsky | 1 | 141.41 |
| West Publishing (billed at cost) computerized legal research 01/07/11 per K. Choset | 1 | 910.14 |
| West Publishing (billed at cost) computerized legal research 01/08/11 per K. Choset | 1 | 99.97 |
| West Publishing (billed at cost) computerized legal research 01/17/11 per K. Choset | 1 | 806.99 |
| West Publishing (billed at cost) computerized legal research 01/20/11 per R. Brodsky | 1 | 1,051.05 |
| West Publishing (billed at cost) computerized legal research 01/20/11 per R. Brodsky | 1 | 32.43 |
| West Publishing (billed at cost) computerized legal research 01/20/11 per K. Choset | 1 | 318.01 |
| West Publishing (billed at cost) computerized legal research 01/21/11 per R. Brodsky | 1 | 235.48 |
| West Publishing (billed at cost) computerized legal research 01/21/11 per A. Wickers | 1 | 262.04 |
| West Publishing (billed at cost) computerized legal research 01/21/11 per K. Choset | 1 | 773.85 |
| Total Current Disbursements | | $8,759.12 |



Bauer Publishing USA
Invoice No. 5951500
Page No. 6

**TOTAL SERVICES AND DISBURSEMENTS - THIS INVOICE**

Total Current Services                48,249.07

Total Current Disbursements           8,759.12
                                      ----------------
Total Current Invoice                 $57,008.19

---

**SUMMARY BY PROFESSIONAL**

| Professional | Hours Worked | Billed Per Hour | Bill Amount |
|---|---|---|---|
| **Partner** | | | |
| McNamara, E. | 38.30 | 555.75 | 21,285.22 |
| Wickers, A. | 7.70 | 484.50 | 3,730.65 |
| | ------------ | | -------------- |
| Total | 46.00 | | 25,015.87 |
| **Associate** | | | |
| Choset, K. | 52.20 | 394.25 | 20,579.85 |
| | ------------ | | -------------- |
| Total | 52.20 | | 20,579.85 |
| **Paralegal** | | | |
| Brodsky, R. | 13.30 | 199.50 | 2,653.35 |
| | ------------ | | -------------- |
| Total | 13.30 | | 2,653.35 |
| Less Courtesy Discount | | | (0.0) |
| | ------------ | | -------------- |
| Total All Classes | 111.50 | | $48,249.07 |



Bauer Publishing USA
Invoice No. 5951500
Page No. 7

**STATEMENT OF ACCOUNT**

Balance from Previous Statement                    $71,443.65

Current Invoice                                    $57,008.19
                                         ---------------------
Total Balance Due This Matter                     $128,451.84


Elizabeth A. McNamara

**Davis Wright Tremaine LLP**

Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045

206.622.3150 tel
206.757.7700 fax

Federal ID #91-0839480

Matter ID     0069628-000028                 February 16, 2011
               David Beckham v. Bauer Publishing       Invoice No. 5951500

Bauer Publishing USA
Attn: Gregory A. Welch, Esq.
270 Sylvan Avenue
Englewood Cliffs, NJ 07632

STATEMENT OF ACCOUNT
as of Jan 31, 2011

Current Invoice - 5951500           $57,008.19

Total Balance Due This Matter        $128,451.84

PLEASE REMIT WITH PAYMENT



Anchorage     New York     Seattle
Bellevue       Portland      Shanghai
Los Angeles    San Francisco   Washington, D.C.                www.dwt.com

| Date | Professional | Hours | Description |
|------|------------|-------|-------------|
| 2/2/2011 | E. McNamara | 0.0 | REDACTED |
| 2/4/2011 | E. McNamara | 0.2 | Respond to e-mails regarding conference call and status of motion |
| 2/7/2011 | E. McNamara | 0.7 | REDACTED ; telephone conference with Mr. Welch regarding oral argument on motion and related issues |
| 2/8/2011 | E. McNamara | 0.3 | Review objections to discovery; e-mail to A. Wickers regarding same and strategy |
| 2/8/2011 | A. Wickers | 0.7 | Review plaintiff's evidentiary objections (.3); review various local and courtroom rules regarding same and analyze response (.4) |
| 2/8/2011 | K. Choset | 0.5 | Review of evidentiary objections filed by Beckham and discussion thereabout |
| 2/9/2011 | K. Choset | 0.4 | Further correspondence regarding evidentiary objections and strategizing thereabout |
| 2/10/2011 | E. McNamara | 0.7 | Review case law in preparation for oral argument |
| 2/11/2011 | E. McNamara | 0.9 | Gather materials for argument; begin to review case law and issues for argument |
| 2/11/2011 | K. Choset | 1.8 | REDACTED ; preparation of documents for E. McNamara for oral argument; discussion with E. McNamara regarding content of oral argument |
| 2/11/2011 | A. Wickers | 0.2 | Attention to issues for oral argument (.2) |
| 2/12/2011 | K. Choset | 1.4 | Case research for E. McNamara for oral argument; correspondence with E. McNamara regarding various questions for oral argument |
| 2/12/2011 | E. McNamara | 6.3 | Review all pleadings; review case law in preparation for argument |
| 2/13/2011 | E. McNamara | 9.2 | Review entire record; review applicable case law; prepare for argument on motion; travel to Los Angeles |
| 2/13/2011 | A. Wickers | 0.4 | Review materials in preparation for hearing on anti-SLAPP motion (.4) |

| Date | Professional | Hours | Description |
|------|-------------|-------|-------------|
| 2/14/2011 | A. Wickers | 2.4 | Attend hearing on special motion to strike (2.0); attention to proposed order and issues relating to press inquiries (.4) |
| 2/14/2011 | K. Choset | 0.5 | Telephone conference with E. McNamara regarding oral argument; attention to press inquiries |
| 2/14/2011 | E. McNamara | 3.8 | Prepare for, attend and argue anti-SLAPP motion; telephone conference with clients regarding same;        REDACTED |
| 2/15/2011 | E. McNamara | 2.4 | Return to New York; attend to issues surrounding order to submit to Judge Real |
| 2/15/2011 | K. Choset | 0.2 | Correspondence regarding drafting order granting anti-SLAPP motion and fee motion |
| 2/15/2011 | A. Wickers | 0.3 | Attention to fee motion and proposed order granting anti-SLAPP motion (.3) |
| 2/16/2011 | A. Wickers | 0.3 | Attention to fee motion (.3) |
| 2/16/2011 | K. Choset | 0.5 | Begin preparation of fee motion |
| 2/16/2011 | E. McNamara | 0.0 | REDACTED |
| 2/17/2011 | K. Choset | 0.0 | REDACTED |
| 2/17/2011 | A. Wickers | 0.1 | Attention to deadline for filing of notice of appeal, including review of FRAP 4 (.1) |
| 2/17/2011 | A. Wickers | 0.4 | Attention to timing of fee motion (.2); review and circulate transcript of hearing on anti-SLAPP motion (.2) |
| 2/17/2011 | R. Brodsky | 0.2 | Review Google Alert and capture documents |
| 2/18/2011 | R. Brodsky | 0.6 | REDACTED<br>                ; search Westlaw for decision; retrieve minute order from PACER |
| 2/18/2011 | K. Choset | 0.6 | Correspondence regarding timing of fee request; review of transcript of oral argument |
| 2/18/2011 | E. McNamara | 0.3 | Telephone conference with A. Wickers regarding timing and strategy for attorney fees motion; review materials regarding same |
| 2/22/2011 | E. McNamara | 0.4 | Attend to draft order and issues surrounding submission for attorney fees |

| Date | Professional | Hours | Description |
|------|-------------|-------|-------------|
| 2/22/2011 | K. Choset | 4.3 | Review of all bills to client and redaction for privilege; draft proposed order granting anti-SLAPP motion; draft fee motion and correspondence with A. Wickers and E. McNamara regarding same |
| 2/22/2011 | A. Wickers | 0.7 | Review draft of proposed order (.2); attention to fee motion and exhibits (.5) |
| 2/23/2011 | K. Choset | 3.2 | Continue review and collection of financial/hours information for fee motion; begin drafting declarations for motion; continue drafting brief; overseeing R. Brodsky calculations and redactions |
| 2/23/2011 | R. Brodsky | 2.6 | Review invoices and calculate fees for fee application |
| 2/24/2011 | K. Choset | 4.1 | Complete draft of declarations; continue organization and calculation of fees and hours; continue drafting brief |
| 2/24/2011 | R. Brodsky | 0.0 | REDACTED |
| 2/25/2011 | R. Brodsky | 1.4 | Calculate amounts for fee application |
| 2/25/2011 | E. McNamara | 0.3 | Review declarations; conference with K. Choset regarding same and draft motion |
| Total Hours Worked | | 53.3 | |

|  | | Hours Worked | Billed Per Hour | Bill Amount |
|---|---|---|---|---|
| Partner | | | | |
| | McNamara, E. | 25.5 | 555.75 | $14,171.63 |
| | Wickers, A. | 5.5 | 484.50 | $2,664.75 |
| | Total | | | |
| Associate | | | | |
| | Choset, K. | 17.5 | 394.25 | $6,899.38 |
| | Total | | | |
| Paralegal | | | | |
| | Brodsky, R. | 4.8 | 199.50 | $957.60 |
| | Total | | | |
| | Total All Classes | 53.3 | | $24,693.35 |

Disbursement Detail

| Description | Amount |
| --- | --- |
| Law library - - PACER SERVICE CENTER Pacer (Public Access to Court Records) 10/10 - 12/10 (NY) | 22.72 |
| Photocopy charge per Kevan Choset | 43.50 |
| Photocopy charge per Kevan Choset | 57.75 |
| Outside delivery service - - BLUE STAR COURIER - 01/06/11, to Legal Language to DWT | 6.95 |
| Outside delivery service - - US LEGAL MANAGEMENT SERVICES INC - 1/1/11 USDC per C. Solano | 64.75 |
| Outside delivery service - - US LEGAL MANAGEMENT SERVICES INC - 1/12/11 USDC per C. Solano | 21.75 |
| Photocopy charge per Rachel Brodsky | 1.20 |
| Working meal - - SEAMLESSWEB PROFESSIONAL SOLUTIONS LLC  - 01/20/11, per K. Choset | 19.72 |
| Working meal - - SEAMLESSWEB PROFESSIONAL SOLUTIONS LLC  - 01/17/11, per K. Choset | 15.37 |
| Ground transportation - - VITAL TRANSPORTATION INC  - 02/13/11, Sedan service per E. McNamara | 70.41 |
| Ground transportation - - VITAL TRANSPORTATION INC  - 02/15/11, Sedan service per E. McNamara | 108.66 |
| Airfare - - 1/10/11 LA-NY per E. McNamara | 878.63 |
| Airfare - - 1/10/11 LA-NY-LA-NY per E. McNamara | 160.00 |
| West Publishing (billed at cost) computerized legal research - 02/18/11, Online legal research, per R. Brodsky | 31.00 |
| Lexis-Nexis (billed at cost) computerized legal research - 02/18/11, Online legal research, per R. Brodsky | 2.04 |
| Lexis-Nexis (billed at cost) computerized legal research - 02/18/11, Online legal research, per R. Brodsky | 40.83 |
| Lexis-Nexis (billed at cost) computerized legal research - 02/18/11, Online legal research, per R. Brodsky | 10.38 |
| West Publishing (billed at cost) computerized legal research - 01/12/11, Online legal research, per K. Choset | 1224.03 |
| Total | $2,779.69 |

EXHIBIT C

DAVIS WRIGHT TREMAINE LLP
ALONZO WICKERS IV (State Bar No. 169454)
 alonzowickers@dwt.com
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800/Fax:  (213) 633-6899

DAVIS WRIGHT TREMAINE LLP
ELIZABETH A. McNAMARA (*Of Counsel*)
 lizmcnamara@dwt.com
KEVAN CHOSET (*Of Counsel*)
 kevanchoset@dwt.com
1633 Broadway, 27th Floor
New York, New York 10019
Telephone:  (212) 489-8230/Fax:  (212) 489-8340

Attorneys for Defendants
BAUER PUBLISHING COMPANY, L.P., BAUER
MAGAZINE L.P., BAUER MEDIA GROUP, INC.,
BAUER, INC., HEINRICH BAUER NORTH AMERICA,
INC. and MICHELLE LEE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DAVID V. BECKHAM, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> BAUER PUBLISHING COMPANY, L.P., a Delaware limited partnership; BAUER MAGAZINE L.P., a Delaware limited partnership; BAUER MEDIA GROUP, INC., a Delaware corporation; BAUER, INC., a Delaware corporation; BAUER NORTH AMERICA, INC., a Delaware corporation; MICHELLE LEE, an individual; IRMA NICI, an individual; and DOES 1 through 50, inclusive, <br><br> Defendants. <br> _____ <br> IRMA NICI, an individual, <br><br> Cross-Complainant, <br><br> v. <br> DAVID V. BECKHAM, an individual, <br><br> Cross-Defendant. <br> _____ | Case No. **CV10-7980-R (SSx)** <br><br> **ORDER DENYING PLAINTIFF DAVID V. BECKHAM'S MOTION TO CONDUCT DISCOVERY** <br><br> Hon. Manuel L. Real <br> Courtroom:  8 |

1

Plaintiff David V. Beckham's Motion to Conduct Discovery Prior to Responding to Bauer Defendants' Anti-SLAPP Motion came on for hearing on shortened notice before the Honorable Manuel Real, United States District Court Judge, on January 10, 2011, at 10:00 a.m.  Plaintiff was represented by Richard Kendall, Philip Kelly and Joshua Karp of Kendall Brill & Klieger LLP.  Defendants Bauer Publishing Company, L.P., Bauer Magazine L.P., Bauer Media Group, Inc., Bauer, Inc., Heinrich Bauer North America, Inc. and Michelle Lee (collectively, the "Bauer Defendants") were represented by Alonzo Wickers IV and Elizabeth McNamara of Davis Wright Tremaine LLP.  Defendant Irma Nici was represented by Paul Rolf Jensen of Jensen and Associates APC.

To obtain discovery under Federal Rule of Civil Procedure 56(d) and/or California Code of Civil Procedure § 425.16(g), the party seeking discovery must show that "(1) it has set forth in affidavit form the specific facts that it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment."  *See*, *e.g.*, *Family Home & Finance Center, Inc. v. Federal Home Loan Mortgage Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).  Beckham failed to meet this standard.

This Court, therefore, having read and considered the supporting points and authorities and evidence, and good cause appearing therefor, orders as follows:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT Beckham's Motion to Conduct Discovery Prior to Responding to Bauer Defendants' Anti-SLAPP Motion is DENIED.

///

///

///

2

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT all pending hearing dates and deadlines in this action shall remain as scheduled.


IT IS SO ORDERED.


DATED: Jan. 18, 2011

_____
HONORABLE MANUEL L. REAL
Judge, United States District Court

3

# EXHIBIT D

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 05/30/08 | DEPT. 57

HONORABLE RALPH W. DAU       JUDGE | E. LOPEZ    DEPUTY CLERK

HONORABLE                JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR
#10

R. INNIS, C.A.    Deputy Sheriff | NONE    Reporter

BC369626

ACADEMIA SEMILLAS DEL PUEBLO ET          NO APPEARANCE
VS
DOUG MCINTYRE ET AL

Plaintiff Counsel

Defendant Counsel

NATURE OF PROCEEDINGS:

RULING ON SUBMITTED MATTER

The court having taken defendant's motion for attorney
fees under submission on April 17, 2008 comes now and
rules as indicated below and as more fully reflected
in the Order on attorneys' fee, which is signed and
filed this date and incorporated herein by reference
to the court file.

IT IS ORDERED that defendants are entitled to recover
from plaintiff attorneys' fees in the amount of
$193,822.50.

A conformed copy of the order is mailed to counsel as
indicated below.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
05/30/2008 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Page   1 of  3   DEPT. 57

MINUTES ENTERED
05/30/08
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 05/30/08 | | DEPT. 57 |
| HONORABLE RALPH W. DAU | JUDGE E. LOPEZ | DEPUTY CLERK |
| HONORABLE #10 | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| R. INNIS, C.A. | Deputy Sheriff NONE | Reporter |

| | | |
|---|---|---|
| BC369626 | Plaintiff Counsel | NO APPEARANCE |
| ACADEMIA SEMILLAS DEL PUEBLO ET VS DOUG MCINTYRE ET AL | Defendant Counsel | |

**NATURE OF PROCEEDINGS:**

Date:   May 30, 2008

John A. Clarke, Executive Officer/Clerk

By: _E. Lopez_

DANIEL J. BRAMZON
LAW OFFICE OF DANIEL J. BRAMZON
2500 WILSHIRE BLVD., STE. 1111
LOS ANGELES, CA 90057


JAMES J. MONEER
LAW OFFICES OF JAMES J. MONEER
1901 1st AVENUE, 1st FLOOR
SAN DIEGO, CA 92101


SETH BERLIN
LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.
1050 SEVENTEENTH STREE, N.W., STE. 800
WASHINGTON, D.C. 20036


Page   2 of  3   DEPT. 57

| MINUTES ENTERED |
|---|
| 05/30/08 |
| COUNTY CLERK |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 05/30/08 | | DEPT. 57 |
| HONORABLE RALPH W. DAU | JUDGE  E. LOPEZ | DEPUTY CLERK |
| HONORABLE #10 | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| R. INNIS, C.A. | Deputy Sheriff  NONE | Reporter |

| | | |
|---|---|---|
| BC369626 | Plaintiff Counsel | |
| ACADEMIA SEMILLAS DEL PUEBLO ET VS DOUG MCINTYRE ET AL | Defendant Counsel | NO APPEARANCE |

**NATURE OF PROCEEDINGS:**

ASHLEY I. KISSINGER
LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.
1888 SHERMAN STREET, STE. 370
DENVER, CO 80203

Page   3 of   3    DEPT. 57

MINUTES ENTERED
05/30/08
COUNTY CLERK

ORIGINAL FILED

Superior Court of California, County of Los Angeles
Case No. BC369626, Academia Semillas del Pueblo v. McIntyre
Department 57
Order on attorneys' fees

MAY 3 0 2008

LOS ANGELES
SUPERIOR COURT

Defendants Douglas McIntyre, ABC Inc., American Broadcasting Companies Inc., ABC Radio Network Inc., and LA Radio LLC have moved for attorneys' fees as the prevailing parties on an anti-SLAPP motion. Defendants argue that the fees being requested are reasonable given the complex nature of the case and their complete victory on the motion.

In opposition, plaintiffs argue that the amount of fees requested is unreasonable. Plaintiffs claim that defendants unnecessarily had five attorneys working on the case, that there were only three contested issues, which were purely legal in nature, that the associates' billing rates and the amount of time that they spent on the case are excessive, that fee awards in similar cases have been much lower, that plaintiff's attorneys billed much less than the fees being sought, to prepare the opposition to the motion, and that the billing records are vague and show that much of the work done by defendants' counsel was duplicative.

In reply, defendants argue that the fees being requested are reasonable given the numerous and complex issues raised by the complaint and because of the aggressive way in which plaintiffs litigated the case. Defendants claim that only three lawyers did the vast majority of the work on the case and that the associates' billing rates are reasonable. Defendants also argue that the amount paid by plaintiffs to litigate the case and plaintiffs' financial condition are irrelevant in determining a proper fee award.

Evidentiary Issues
   Plaintiff's objections
   *Kelli Sager declaration*. Objections 1-2, 4-5, and 7-9 are overruled. Objection 3 is sustained on the ground of improper opinion. Objection 6 is sustained on the ground of lack of foundation as to the preeminence of declarant's organization. Objection 10 is sustained on the ground of relevance.

   *Ashley Kissinger declaration*. Objections 1, 4-7, 9, and 17-20 are overruled. Objections 12-16 are overruled except as to the reasonableness of the fees which is sustained on the ground of improper lay witness testimony. Objections 2-3, 8, and 10-11 are sustained on the ground of lack of foundation.

   Defendants' objections
   *Minnie Ferguson declaration*. Objections 1-8 are sustained on the ground of relevance.

*Daniel Bramzon declaration*. Objections 2-3 are overruled. Objection 1 is sustained on the ground of relevance. Objection 4 is sustained as argument.

*James Moneer declaration*. Defendants' general objection is overruled. Objections 1-7, 13-14, 16-18, 26, 30, 32-33, 36, 46, 47, and 49 are overruled. Objections 8, 10-11, 20, 45, and 48 are sustained on the ground of relevance. Objections 12 and 15 are sustained on the ground of lack of personal knowledge. Objections 9, 19, 22-25, 29, 31, 37, and 41-44 are sustained as argument. Objections 21, 27-28, 34, and 40 are sustained on the ground of lack of foundation. Objections 35, 38, and 39 are sustained on the ground of misrepresenting the record.

<u>Request for Judicial Notice</u>
Plaintiffs request judicial notice of two fee award rulings and of two federal cases. Pursuant to Evidence Code section 452(a) and 452(d), the court takes judicial notice as requested.

<u>Attorneys' Fees</u>
A prevailing defendant on a special motion to strike pursuant to Code of Civil Procedure section 425.16 is entitled to recover its reasonable attorneys' fees and costs incurred on the motion to strike. Such an award is mandatory. "Courts generally apply a lodestar approach (i.e., number of hours reasonably expended multiplied by the reasonable hourly rate prevailing in the community for similar work) in setting a fee award under CCP § 425.16. [Citation.] [¶] The lodestar amount may be adjusted by such factors as the moving party's attorney's experience and abilities, and the novelty and difficulty of the issues involved in the motion. [Citation.]" (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2007) § 7.263.1.)

Plaintiffs argue that the requested fees are unreasonable because the number of attorneys that defendants used on the case is grossly excessive. The time records show, however, that only three attorneys, Berlin, Kissinger, and Platt, billed the vast majority of the hours. Amanda Leith only billed for several specific tasks such as researching issues relating to the dismissal of three causes of action, preparing evidentiary objections, and assisting with the motion for fees.

Plaintiffs argue that the billing rates for Mr. Platt and Ms. Leith are excessive, given their level of experience in the relevant area of law. Defendants present evidence, however, that the rates of $280 and $295 per hour are reasonable considering the typical rate charged by media lawyers in the area with similar experience. (Decl. Kelli Sager ¶ 5.) Further, the court's own analysis is that the hourly rates charged were reasonable. (See *Graciano v. Robinson Ford Sales, Inc.* (2006) 144 Cal.App.4th 140, 154-156.)

Plaintiffs argue that the overall number of hours billed by defendants' counsel
were excessive. The time records of defendants' counsel show that, between September
6 and September 21, 2007, counsel spent approximately 50 hours reviewing the amended
complaint, preparing an outline of the anti-SLAPP motion and the research projects that
would be required, investigating the background facts of the case, discussing the case
with their client, and performing initial legal research. (Motion, Ex. A.) Between Sep-
tember 23 and October 14, counsel spent approximately 235 hours talking to witnesses,
investigating the background of the case, conducting legal research on various issued
raised by the complaint, and drafting the motion and Douglas McIntyre's declaration.
(*Ibid.*) From October 15 to November 15, counsel spent approximately 240 hours con-
ferring with plaintiff, reviewing the opposition, researching issues for the reply and
preparing the reply brief, reviewing plaintiff's objections and preparing objections to
plaintiff's evidence, and preparing for the hearing of the motion. (*Ibid.*) From Novem-
ber 15 to January 28, 2008, counsel spent approximately 21 hours reviewing the ruling
on the anti-SLAPP motion and preparing the memorandum of costs. (*Ibid.*)

While counsel for defendants did spend a significant amount of time litigating the
case, the court finds that the time spent was reasonable and necessary given the number
and complexity of the issues presented and plaintiffs' aggressive opposition. The com-
plaint contains five causes of action against five defendants arising from a series of
statements made by defendant McIntyre over the course of the spring and summer of
2006. (FAC ¶ 15.) Defendants, in preparing their anti-SLAPP motion, had to research
the factual background of the case which included statements made over the course of
several months in 2006. Defendants also had to research and address a significant
number of complex issues raised by the complaint including protected opinion and
rhetorical hyperbole, privileged report of governmental information, plaintiffs' standing,
incitement, and the appropriateness of naming certain defendants as well as other claims
such as tortious interference with prospective business relations and negligence. Defen-
dants' motion was thoroughly researched and contained an extensive analysis of the
issues presented.

In opposition to the anti-SLAPP motion, plaintiffs filed a thorough opposition
analyzing the relevant issues. They also filed ten declarations with hundreds of pages of
exhibits and 38 evidentiary objections to defendants' evidence. Defendants then filed a
reply, also containing a detailed analysis of the issues, with supplemental declarations
and exhibits and dozens of their own evidentiary objections.

A review of the time logs submitted by counsel for defendants does not disclose,
as argued by plaintiffs, any double billing or an attempt to recover fees incurred for
settlement negotiations or other non-compensable activities. Moreover, the fee state-
ments presented defendants' attorneys were reviewed by a sophisticated client and paid
in full without any request for reduction. (Orr Decl. ¶ 6.) Although the court has made

its own review, this is an indicia of reasonableness. The court finds that the fees requested (including the hourly charges and the hours billed) are reasonable given the nature and difficulty of the litigation, the skill of defendants' counsel, the importance of the litigation, and the complete success of the anti-SLAPP motion. (See *Church of Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628, 659.)

Disposition

 IT IS ORDERED that defendants are entitled to recover from plaintiff attorneys' fees in the amount of $193,822.50.

 Dated: May 30, 2008

## RALPH W. DAU

Ralph W. Dau, Judge

-4-

# EXHIBIT E



SEND

FILED
CLERK, U.S. DISTRICT COURT

MAY 25 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

NOTE CHANGES MADE BY THE COURT.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SOKA UNIVERSITY OF AMERICA, a California nonprofit public benefit corporation,<br><br>     Plaintiff,<br><br>v.<br><br>SHOGAKUKAN, INC., a Japanese corporation; KAZUMOTO OHNO, an individual,<br><br>     Defendants. | Case No. SACV 05-00953 JVS (ANx)<br><br>[PROPOSED] AMENDED JUDGMENT |

DOCKETED ON CM

MAY 29 2007

BY _____ 024

1    On October 23, 2006, the Special Motion to Strike and for Attorneys'
2    Fees and Costs Pursuant to CCP § 425.16 ("Special Motion to Strike") filed by
3    defendants Shogakukan Inc. ("Shogakukan") and Kazumoto Ohno (collectively
4    "Defendants") came on for hearing before the Court, the Honorable James V. Selna,
5    District Judge, Presiding.  The issues having been duly heard, the Court entered an
6    Order on October 30, 2006 in which it granted the Special Motion to Strike and
7    ordered Defendants to submit a request for attorneys' fees and costs.

8    Defendants thereafter submitted evidence of their fees and costs, and
9    plaintiff Soka University of America ("SUA") submitted objections thereto.  On
10   May 1, 2007, the Court entered an order granting in part Defendants' request for
11   attorneys' fees and costs, and awarded Shogakukan $498,296.10 in fees and costs.

12   Accordingly, IT IS ORDERED AND ADJUDGED:

13   That SUA takes nothing, the action is dismissed on the merits, with
14   prejudice and in its entirety, and Shogakukan is awarded its fees and costs in the
15   amount of $498,296.10, to be paid by SUA within 10 days. JVS

16

17   DATED:  5.24.07

18

19   By _____
20       HON. JAMES V. SELNA
         U.S. DISTRICT JUDGE

21

22   Respectfully submitted by:

23   QUINN EMANUEL URQUHART OLIVER
     & HEDGES, LLP
24

25   By _____
26       Timothy L. Alger
27       Attorneys for Defendants
28       Shogakukan Inc. and Kazumoto Ohno

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On May 22, 2007, I served true copies of the following document described as

### [PROPOSED] AMENDED JUDGMENT

on the parties in this action as follows:

| | |
|---|---|
| Stroock & Stroock & Lavan LLP<br>Barry B. Langberg, Esq.<br>Deborah Drooz, Esq.<br>Michael J. Niborski, Esq.<br>2029 Century Park East, Suite 1800<br>Los Angeles, California 90067-3086<br>310.556.5800; F 310.556.5959 | Attorneys for Plaintiff<br>SOKA UNIVERSITY OF AMERICA |

[ √ ]  [MAIL] As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business, addressed as set forth below.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on May 22, 2007, at Los Angeles, California.

Albert Villamil

# EXHIBIT F

**ORIGINAL FILED**

MAY 1 0 2004

LOS ANGELES
SUPERIOR COURT

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

WEST DISTRICT

| | |
|---|---|
| BARBRA STREISAND, | CASE NO. SC 077 257 |
| Plaintiff, | |
| vs. | |
| KENNETH ADELMAN, et al, | RULING ON SUBMITTED MATTERS; MOTION TO TAX COSTS AND MOTIONS FOR ATTORNEYS' FEES |
| Defendants. | |

The matters of plaintiff's Motion to Tax Costs and of defendants' Motions for Attorneys' Fees having been argued and submitted, the Court now rules as follows:

**MOTION TO TAX COSTS**

This motion is granted in part and denied in part.

Costs are taxed as follows:

/ / /

EXHIBIT C

-23-

1      1. Item 11 is taxed by $211.09 for the exhibit board [showing a portion of a front

2  page of the Los Angeles Times] that was not admitted; thus $1,027.35 is allowed. The

3  Court notes that photocopying was done at the rate of 10 cents per page and this cost

4  was incurred for copying exhibits as allowed by statute. See CCP 1033.5(b)(3).

5      2. Item 13 is taxed by $837.20. As counsel for defendant stated at the hearing,

6  it is a matter of professional courtesy to messenger copies of filings to opposing

7  counsel. The Court Rules suggest and encourage courtesy in general (see, e.g., Rule

8  7.12, Los Angeles Superior Court Rules) and there is much to commend defense

9  counsel for their exemplary courtesy in this case. Nor does the Court wish to

10  discourage such practices in the future. Nevertheless, the messenger fees in this case

11  exceed a reasonable amount, particularly when there were less costly options available,

12  and what is desirable is not always compensable; Conducting oneself in accordance

13  with a high professional standard is done for its intrinsic value.

14      Defendants seek reimbursement for 16 messenger trips to the courthouse or to

15  the office of counsel for the plaintiffs. The burden is on defendants to establish the

16  reasonable nature of a service or charge and the reasonableness of the amount

17  charged. While defendants established that the use of messengers to make such

18  deliveries in this case was reasonable, the frequency of trips and the amounts charged

19  for the various trips are not, as next indicated.

20      Exhibit B to the declaration of principal counsel for defendants Adelman and

21  Pictopia.com, submitted with the Motion for Award of Fees (filed March 4, 2004), sets

22  out the detail for line 13 of defendants' Memorandum of Costs. There are 4 entries for

23  deliveries to the Courthouse on July 14, 2003, totaling $303.10. This amount is taxed in

24  the sum of $253.10 [allowing $50.00 because one of the deliveries had to include

25  several large exhibits which could not otherwise be transported] - a single delivery that

26  date is reasonable; the other deliveries are not reasonable in the context of a motion to

27  tax. There are 3 entries for deliveries to the courthouse on July 15, 2004, totaling

28  $260.50. For the same reasons, this amount is taxed in the sum of $235.50 [allowing

1 $25.00 for a single trip that day]. Deliveries on other days to the courthouse are taxed

2 by the amount each exceeds $25.00. Deliveries to the firm of counsel for plaintiff are

3 taxed by the amount each exceeds $30. The differential is allowed as the distance from

4 defense counsel's office to the office of plaintiff's counsel is greater that the distance

5 from the former location to the courthouse.

6      Plaintiff did not raise any other issues with respect to line 13, as was her burden

7 to do. The total amount taxed on line 13 is $837.20.

8      All other costs are allowed.

9

10                ATTORNEYS' FEES REQUESTED BY

11         DEFENDANTS ADELMAN AND PICTOPIA.COM

12

13      Moving parties submitted extensive and detailed documentation to explain the

14 numbers of hours devoted to each aspect of this matter and to inform the Court of the

15 levels of expertise of the various persons employed by defendants' firm who devoted

16 time to the case. Moving parties also filed declarations addressed to the rates charged

17 in this legal community by persons of skill and experience levels similar to those of the

18 its lawyers and other staff who devoted time to this case.[1] This Court is fully familiar

19 with the quality of the legal services rendered in this matter and with the amount of time

20 devoted to the hearing of this case, and inferentially to the time reasonably required to

21 prepare the memoranda and exhibits filed and to prepare for and participate in the

22 hearings in this case. The Court is also familiar with the rates charged in this legal

23 community for legal services, derived from 33 years of legal and judicial experience.

24 Further, the Court is mindful of the difficulty in estimating the reasonable amount for

25 which counsel should be compensated and with appellate decisions on the subject,

26

27 _____

28 [1] Moving parties did not request a multiplier, thus waiving use of any multiplier other than 1.

SC077257-Fees-MO.wpd

1  including but not limited to the caution suggested by one appellate court in determining

2  the propriety of fees based in part on the length of the documents filed:

3      "The length of a document is no gauge of the time needed to prepare it. The

4  pithy pleadings that are most effective usually require more time to prepare than the

5  endlessly discursive and digressive documents judges often receive. Moreover, given

6  the complexities of this case, the precise language of the concise complaint warranted

7  the exceptional attention counsel devoted to its preparation. Judicial use of the length

8  of a pleading or brief as a measure of the time necessary to prepare it would reward

9  verbosity and penalize thoughtful and precise draftsmanship. Given the ponderous

10  plethora of prolix pleadings that inundate our courts, no trial judge in his or her right

11  mind would adopt such an approach." *Children's Hosp. and Medical Center v. Bonta*

12  (2002) 97 Cal.App.4th 740, 783 -784.

13      The evidence of prevailing or reasonable hourly rates submitted by the parties is

14  supplemented by the Court's experience in such matters as indicated. The Court has

15  placed lesser weight on the declaration of plaintiff's CPA-expert because the rates he

16  suggests as reasonable are based on all firms of 76 or more lawyers. The court is

17  aware that that category is too broad to provide data entitled to great weight in

18  connection with the determination of the proper rates with respect to firms

19  approximating the size of the firm representing moving parties Adelman and

20  Pictopia.com. This is not to say that the determination is properly made only if one

21  limits the comparison of rates to that which is the reasonable prevailing rate for firms of

22  identical size. Rather, one of the premises of this determination is that firms of over 200

23  lawyers, as is the firm representing the defendants, are in a different rate category than

24  firms with fewer lawyers.

25      Further, no adverse inference should be drawn from the determinations made;

26  these determinations are not negative comment on the skill or devotion to this case by

27  any defense counsel.

28

With all of the forgoing in mind, the court determines that the reasonable hourly rates for the lawyers and others billing time on behalf of defendants' counsel for whom compensation is requested in this motion are as set out in the table which follows. The Court also sets out its determination of the appropriate number of hours to be allocated to each person or category below. This subject will be discussed below these tables.

I. Moving Papers

#### Legal research and analysis

| NAME | HOURLY RATE | HOURS EXPENDED | LODESTAR AMOUNT |
|---|---|---|---|
| Newman | $275 | 21.75 | 5,981.25 |
| Cooper | $225 | 5.5 | 1,237.50 |
| Summer Assocs. | $75 | 60.00 | 4,500.00 |
| Rsrch. Librarians | $135 | 6.25 | 843.75 |
| | Totals | 93.5 | $12,562.50 |

#### Factual Research

| NAME | HOURLY RATE | HOURS EXPENDED | LODESTAR AMOUNT |
|---|---|---|---|
| Summer Assoc. | $75 | 4.25 | 318.75 |
| Sr. Legal Assistant | $190 | 13.25 | 2,517.50 |
| Litigation Clerk | $50 | 1.5 | 75.00 |
| Rsrch. Librarians | $135 | 5.75 | 776.25 |
| | Totals | 24.75 | $3,687.50 |

#### Client communication, legal analysis, motion management

| NAME | HOURLY RATE | HOURS EXPENDED | LODESTAR AMOUNT |
|---|---|---|---|
| Seigle | $425 | 6 | 2,550 |
| Kendall | $575 | 17.5 | 10,062.50 |
| | Totals | 23.5 | $12,612.50 |

Drafting motion, declarations and accompanying papers

| NAME | HOURLY RATE | HOURS EXPENDED | LODESTAR AMOUNT |
|---|---|---|---|
| Newman | 275 | 56 | 15,400 |
| Seigle | 425 | 33 | 14,025 |
| Kendall | 575 | 11 | 6,325 |
| | Totals | 100 | $36,750 |

II.  Reply papers

Research, analysis, client communications, motion management

| NAME | HOURLY RATE | HOURS EXPENDED | LODESTAR AMOUNT |
|---|---|---|---|
| Rsrch. Librarians | 135 | 2.75 | 371.25 |
| Sr. Legal Assistant | 190 | .5 | 95 |
| Newman | 275 | 9.5 | 2,612.50 |
| Seigle | 425 | 6 | 2,550 |
| Kendall | 575 | 3.5 | 2,012.50 |
| | Totals | 22.25 | $7,641.25 |

Drafting reply, declarations and accompanying papers

| NAME | HOURLY RATE | HOURS EXPENDED | LODESTAR AMOUNT |
|---|---|---|---|
| Seigle | 425 | 25 | 10,625 |
| Kendall | 575 | 2.25 | 1,293.75 |
| | Totals | 27.25 | $11,918.75 |

/ / /

/ / /

/ / /

III.  Hearing Preparation

Preparing objections and responses, preparing for argument, addressing issues arising during hearings, supplemental brief

| NAME | HOURLY RATE | HOURS EXPENDED | LODESTAR AMOUNT |
|------|-------------|----------------|-----------------|
| Rsrch. Librarians | 135 | 4.25 | 573.75 |
| Sr. Legal Assistant | 190 | 6 | 1,140 |
| Newman | 275 | 15 | 4,125 |
| Seigle | 425 | 35 | 14,875 |
| Kendall | 575 | 21.1 | 12,132.50 |
| | Totals | 81.35 | $32,846.25 |

IV.  Attending Hearing

| NAME | HOURLY RATE | HOURS EXPENDED | LODESTAR AMOUNT |
|------|-------------|----------------|-----------------|
| Sr. Legal Assistant | 190 | 0 | 0 |
| Newman | 275 | 22.5 | 0 |
| Seigle | 425 | 22.5 | 9,562.50 |
| Kendall | 575 | 22.5 | 12,937.50 |
| | Totals | 45 | $22,500 |

The adjustments in hours are as follows:

1.  The number of hours which summer associates devoted to legal research is reduced.  The 60 hours allowed represents a reasonable number of hours for the work described.

2. The total number of hours devoted to drafting the motion, etc. is reduced to 100; it is allocated in the same proportion as the hours sought. One hundred hours is two full 50 hour weeks; that is a reasonable amount of time for the drafting of the motion and declarations accompanying the motion.

1      3. Time allocated to preparation for the hearings has been reduced for certain

2 timekeepers to amounts which the Court determines to be reasonable based on the

3 complexity of the issues, the number of persons performing research, the relative levels

4 of skill and knowledge of the timekeepers and the amount of time reasonably necessary

5 for that preparation.

6      4. Time for attendance at the hearings of this matter by Mr. Newman and a

7 senior legal assistant is reduced to zero. While counsel clearly found it convenient to

8 have persons available to respond to questions immediately during the breaks, there is

9 nothing that prevented counsel from instructing those persons to be available at the firm

10 by telephone for the same consultation during the break to which counsel referred at

11 argument on this motion. That would have allowed them to work on other matters, but

12 be on call for any telephonic contact with respect to this matter. Moreover, defendants

13 were represented at the hearing by their two most experienced litigators working on this

14 case. Had there been an emergency requiring immediate consultation with one of the

15 persons whose billing is now reduced (e.g., a question the answer to which neither of

16 the counsel present at a hearing knew), the other could have stepped outside of the

17 courtroom and made the telephone call to the person available at the firm but otherwise

18 occupied on other matters.

19      The Court awards a total of $139,518.75 for this motion for attorneys' fees.

20      Counsel also seek fees for securing the recovery of the fees discussed. This

21 request is proper. The amount requested, $15,000, is reasonable under the

22 circumstances. The motion itself was extensive and included considerable detail. A

23 motion of this nature takes [and, in this case, took] considerable time to prepare, write

24 and file. Argument on the motion took more than two hours, and due to technical

25 problems, took up almost an entire morning. The amount sought is reasonable and

26 shall be paid with the sum set out earlier in this paragraph.

27      Plaintiff shall pay the total of $154,518.75 for attorneys' fees and for the motion

28

1 | to collect those fees, and $1,048.29 for costs, to counsel for defendants by noon on

2 | May 28, 2004,

3

4 | **ATTORNEYS' FEES REQUESTED BY DEFENDANT LAYER42.NET**

5 | The Court has reviewed the motion, opposition and reply following the argument

6 | on April 30. The Court concludes that the rates at which services are billed by moving

7 | party's counsel are reasonable; indeed, plaintiff's principal objection is that time has not

8 | been allocated properly, viz., time has been charged to the SLAPP motion that should

9 | have been charged to other functions, e.g., the demurrer. After review of the billing

10 | attached to the moving papers, the Court concludes that some adjustment is necessary

11 | to meet the 'reasonable number of hours' test of the cases.

12 | Time for the following dates has been reduced to zero due to lack of relevance

13 | of that time to the SLAPP motion: 5/28, 5/29, 5/30 [slip 71237], 6/26 [this is described as

14 | relating to a property dispute with a neighbor], 9/24, 9/29, and 10/3.

15 | Time for the following dates has been decreased, generally by half to represent

16 | a reasonable allocation to the SLAPP motion; the balance is properly allocated to other

17 | work performed for the client: 5/30 [slip 71277], 6/2, 6/3, 6/4, 6/5, 6/6, 6/9, and 6/19.

18 | The reduction in the $21,294.00 claimed is $2,353.50; the Court determines that

19 | the amount of $18,940.50 is reasonable and constitutes the amount which plaintiff shall

20 | pay to counsel for this defendant by noon on May 28, 2004.

21 | Layer42.net has also sought recovery of $2,600 for fees incurred in making and

22 | prosecuting this motion. The court finds that amount to be reasonable and it shall be

23 | paid to counsel for this moving party by the same date as the principal sum set out

24 | above is paid.

25

26 | DATED: MAY 10, 2004

27 | ALLAN J. GOODMAN
    | JUDGE OF THE SUPERIOR COURT

28

SC077257-Fees-MO.wpd

9

-31-