# EXHIBIT A

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID V. BECKHAM, | CASE NO. CV 10-7980-R |
| Plaintiff, | ORDER GRANTING DEFENDANTS' SPECIAL MOTION TO STRIKE |
| vs. | |
| BAUER PUBLISHING COMPANY, L.P., et al., | |
| Defendants. | |

Defendants Bauer Publishing Company, L.P., Bauer Magazine L.P., Bauer Media Group, Inc., Bauer, Inc., Heinrich Bauer North America, Inc., and Michelle Lee's (collectively, the "Defendants") Special Motion to Strike came on for hearing on February 14, 2011.

An anti-SLAPP motion is evaluated in two steps. First, the defendant's activity that the plaintiff is challenging must have been conducted in furtherance of the defendant's exercise of free speech, as defined in California Code of Civil Procedure section 425.16(e). If the defendant makes this threshold showing, then the court must determine if the plaintiff has demonstrated a probability of prevailing on the merits. *Hilton v. Hallmark Cards*, 599 F.3d 894 (9th Cir. 2010).

First, Defendants' article constitutes conduct in furtherance of the exercise of free speech

Exhibit A

in connection with a public issue or an issue of public interest, as defined by section 425.16(e)(4). The court in *Rivero v. American Federation of State, County, & Municipal Employees*, 105 Cal.App.4th 913 (2003), articulated three categories that constitute public issues. Two apply here. The statements in the article concern a person in the public eye, and it concerns a topic of widespread, public interest. Plaintiff is a world renowned soccer star who is no stranger to the media and he puts himself in the public spotlight. Allegations of his alleged affairs would be a topic of interest to a wide variety of people. As such, given that the courts in California interpret this requirement broadly, this Court concludes that Defendants have made a threshold showing that the activity was conducted in furtherance of their exercise of free speech.

Second, without determining whether or not the statements of the alleged affair were in fact false, this Court concludes that Plaintiff has not demonstrated a probability of prevailing on the merits. Because Plaintiff is in no doubt a public figure, he must plead and prove, by clear and convincing evidence, that Defendants subjectively acted with actual malice — that is, that the allegedly defamatory statements were made with knowledge of their falsity, or with reckless disregard of their truth. *Ampex Corp. v. Cargle*, 128 Cal.App.4th 1569, 1577 (2005). To meet this standard, the evidence must be such "as to command the unhesitating assent of every reasonable mind." *Id.* at 1579.

Although Plaintiff alleges the existence of potential "red flags" that Defendants should have picked up on and further investigated, failure to investigate does not in itself establish malice. *Beilenson v. Superior Court*, 44 Cal.App.4th 944, 952 (1996). Rather, as Defendants assert, Bauer interviewed the woman who claims to have had the encounter with Plaintiff; met with first-hand witnesses who confirmed that they set up the encounter and participated in the encounter; verified dates, locations, and events which placed Plaintiff at certain locations when the encounters allegedly occurred; researched similar stories of Plaintiff's alleged affairs in the past, and gave Plaintiff the opportunity to respond to such statements. Moreover, none of the information that Plaintiff argues demonstrates whether Defendants had any doubt as to the truthfulness of the information. Plaintiff merely points to the fact that Defendants should have found more corroborating evidence. Plaintiff points to no information that would have tipped off Defendants

that the information was false or anything that would have made Defendants question the research. For these reasons, there is also no support that Defendants purposefully avoided the truth.

Further, Plaintiff states that Defendants may have had ill-intent or contempt towards Plaintiff. These assertions do not reflect any reasonable grounds to demonstrate that Defendants believed the statements were false, but rather just reflect Defendants' alleged attitude towards Plaintiff, thus not meeting the actual malice requirement. *Harte-Hanks Commc'n, Inc. v. Connaughton*, 491 U.S. 657, 666 (1989).

It is not enough for Plaintiff to show that Defendants' statements were inaccurate or unreasonable. Rather, Plaintiff was required to demonstrate by clear and convincing evidence Defendants' willful falsity or reckless disregard for the truth. As such, the Motion is granted in its entirety, including the claim for intentional infliction of emotional distress, as this claim is duplicative of the libel claim and based upon the same protected speech.

IT IS HEREBY ORDERED AND ADJUDGED that Defendants' Special Motion to Strike is GRANTED.

Dated: March 17, 2011.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

Exhibit A